IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Kal Freight Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>(Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE INSURANCE COVERAGE ENTERED INTO PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO, (B) HONOR AND RENEW THE PREMIUM FINANCING AGREEMENTS ENTERED INTO PREPETITION AND SATISFY OBLIGATIONS RELATED THERETO, AND (C) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE POLICIES; (II) APPROVING CONTINUATION OF THE SURETY BOND PROGRAM; AND (III) GRANTING RELATED RELIEF**

(Related Docket No. 13)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Interim Order"), (a) authorizing the Debtors to (i) continue insurance coverage and surety bonding entered into prepetition and satisfy prepetition obligations related thereto in the ordinary course of business, (ii) enter into new premium financing agreements in the ordinary course of business, and (iii) renew, amend, supplement, extend, or purchase insurance coverage and surety bonds in the ordinary course of business on a postpetition basis; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 Cases is 10156 Live Oak Ave., Fontana, CA 92335.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to it in the Motion.

order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis, to the extent set forth herein.

2. The Debtors are authorized, but not directed, to maintain, continue, amend, renew and/or extend the Insurance Policies and Surety Bonds, and to purchase new Insurance Policies and Surety Bonds in the ordinary course of business and in accordance with the same practices or procedures as were in effect prior to the commencement of the Debtors' chapter 11 cases, including, but not limited to, the Insurance Policies and Surety Bonds identified on Exhibit 3 to the Motion, and to pay any prepetition or postpetition obligations related to the Insurance Policies, Surety Bonds, or Premium Financing Agreements and any amounts owed to the Insurance Carriers and Premium Financing Providers as set forth in the Motion; *provided that* payment of the Brokerage Fees is subject to entry of the Final Order.

3. The Debtors are authorized to enter into, renew, amend, supplement, rollover, or extend new premium financing agreements in connection with their Insurance Policies in the ordinary course of business. The Debtors are not authorized by this Interim Order to take any action with respect to a Surety Bond that would have the effect of transforming a prepetition undersecured or unsecured Surety Bond to a postpetition or secured obligation. Such relief may be sought by separate motion.

4. The Debtors shall maintain a matrix/schedule of prepetition premium payments made pursuant to this Interim Order, including the following information: (a) the names of the payees; (b) the nature of the payment; (c) the amount of the payment; (d) the category or type of payment; (e) the Debtor or Debtors that made the payment; (f) the payment date; and (g) the purpose of such payment. The Debtors shall provide a copy of such matrix to the U.S. Trustee, counsel to Triumph Commercial Finance LLC, counsel to TBK Bank, SSB, and counsel to any statutory committee appointed in these Chapter 11 Cases, every thirty (30) calendar days beginning upon entry of this Interim Order.

5. The Debtors will notify the U.S. Trustee, and counsel to any statutory committee appointed in these cases, if the Debtors materially renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance coverage or Surety Bonds, change insurance carriers, enter into any new premium financing agreements, or obtain additional insurance coverage.

6. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Interim Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds;

(c) a promise or requirement to pay any particular claim or finding that any particular claim is an administrative expense claim or other priority claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) except as expressly set forth herein or in the Motion, a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.  Any payment made pursuant to this Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

7. Notwithstanding anything to the contrary set forth herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the Debtors' postpetition financing agreements (the "DIP Documents") and any orders approving the DIP Documents and governing the Debtors' use of cash collateral (including with respect to any budgets governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating thereto) and (b) to the extent there is any inconsistency between the terms of such orders approving the DIP Documents or the Debtors' use of cash collateral and any action taken or proposed to be taken hereunder, the terms of such orders approving the DIP Documents and use of cash collateral shall control.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

9. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13. A final hearing to consider the relief requested in the Motion shall be held on December 20, 2024 at 9:00 a.m. (prevailing CT and any objections or responses to the Motion shall be filed on or prior to December 17, 2024 at 12:00 p.m. (prevailing CT).

14. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Interim Order in accordance with the Motion.

15.    This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Signed: December 06, 2024

_____
Christopher Lopez
United States Bankruptcy Judge