IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Kal Freight, Inc., et al.,<br><br><br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>(Jointly Administered) |

**MOVANT NICHOLAS CONNER'S MOTION FOR RELIEF
FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)**

This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least seven (7) days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.

Represented parties should act through their attorney.

There will be a hearing on this matter on **January 21, 2025, at 10:00AM** in courtroom for the 362nd, 515 Rusk Street, Houston, TX 77002 as required under Rule 4001-1(a)(3) of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

**TO THE HONORABLE JUDGE OF THE UNITED STATES BANKRUPTCY COURT,** COMES NOW, Movant, Nicholas Conner, Plaintiff in Cause No. 348-346394-23,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335

Page **1** of **7**

Nicholas Conner v. Kal Freight, Inc., et al., pending in the 348th Judicial District Court of Tarrant County, Texas (the "Litigation"), where Movant seeks relief for claims related to a motor vehicle accident, by and through its undersigned counsel, and respectfully moves this Court for an Order granting relief from the automatic stay imposed by 11 U.S.C. § 362(a) of Title 11 of the United States Code (the "Bankruptcy Code"). In support thereof, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

3. The bases for the relief requested herein are sections 362(d) of the Bankruptcy Code, and Rule 4001-1(a) of the Local Rules.

## BACKGROUND

4. On or about December 5, 2024, the Debtor, Kal Freight, Inc. ("Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

5. Pursuant to 11 U.S.C. § 362(a), an automatic stay went into effect upon the filing of the bankruptcy petition, prohibiting the commencement or continuation of certain actions against the Debtor or the Debtor's property.

6. Movant, Nicholas Conner, is a Plaintiff in a suit against Debtor for claims that arose from a motor vehicle accident, and such claims are covered by the Debtor's insurance policies issued by Chubb for Alliant Insurance Services, Inc., Policy # ISA H08868190 (*See Policy* attached as Exhibit A).

## SUMMARY OF RELIEF REQUESTED

7.     Movant seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) to allow Plaintiff to proceed with the Litigation in Tarrant County District Court (Cause No. 348-34639) for the sole purpose of recovering available insurance proceeds and limits Movant's recovery to the extent of available insurance proceeds.

## LEGAL AUTHORITIES

8.     Section 362(d)(1) provides that on the request of a party and after notice and a hearing, the court shall grant relief from the stay for "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

9.     "Cause" for relief from a bankruptcy litigation stay is not defined in the Bankruptcy Code and is handled on a case by case basis. *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). The party opposing stay relief has the ultimate burden of disproving the existence of "cause," but the movant has the initial burden to show that "cause" exists. *See* 11 U.S.C. § 362 (g) (2), *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999); *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990).

10.    When determining if "cause" exists for relief from a bankruptcy stay, courts look at a number of factors:

    a) Whether relief would result in partial or complete resolution of the issues;

    b) The lack of any connection with or interference with the bankruptcy case;

    c) Whether other proceeding involved the Debtor as a fiduciary;

    d) Whether the Debtor has applicable insurance coverage and said insurer has assumed full responsibility for defending it;

    e) Whether the action primarily involves third parties;

    f) Whether litigation in another forum would prejudice the interests of other creditors;

    g) Whether the Movant's success in the other proceeding would result in a judicial lien available by the Debtor;

    h) The interests of judicial economy and the expeditious and economical resolution of the litigation;

    i) Whether the parties are ready for trial in the other proceeding;

    j) The impact of the stay on the parties and the balance of harm. *In re Sonnax Industries, Inc.*, 907 F.2d at 1286; *accord In re Mazzeo*, 167 F.3d at 142-43; *In re New York Medical Group, P.C.* 265 B.R. 408, 413 (Bankr. S.D.N.Y.. 2001).

11. The decision to lift the stay is committed to the court's discretion. *In re Sonnax Industries, Inc.*, 907 F.2d at 1286. Not all of the factors are relevant in every case, *In re Mazzeo*, 167 F.3d at 143; *see In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994), and the court need not assign equal weight to each factor. *In re Keene Corp.*, 171 B.R. 180, 183 (S.D.N.Y. 1994); *In re Touloumis*, 170 B.R. at 828.

12. The core policy behind a bankruptcy stay was to prevent prejudicial dissipation of the debtor's assets. When a judgment is or would be entirely covered by insurance from an insurance carrier, there is no possibility of prejudicial dissipation of debtor assets. *See In re Bock Laundry Mach. Co.* 37 B.R. 557, 566 (Bankr. N.D. Ohio 1984).

**APPLICATION AND BASIS FOR RELIEF**

13. Here, Movant makes a prima facia showing that "cause" exists for relief from a bankruptcy stay based on the *Sonnax* factors by demonstrating that:

   a) Granting relief from the stay would result in a complete resolution of the issues in the Litigation by allowing Plaintiff to adjudicate liability and damages in the appropriate forum and to recover any judgment from applicable insurance proceeds without impacting the bankruptcy estate;

   b) The Litigation does not interfere with the bankruptcy case as it primarily involves third-party insurance proceeds, with no adverse impact on estate administration;

   c) The Litigation does not involve Debtor as a fiduciary. The relationship between the Debtor (the alleged at-fault party) and the Movant (the Plaintiff/injured party) is adversarial;

   d) Debtor has a million dollar's worth of available and applicable insurance coverage from Chubb and said insurer has assumed full responsibility for defending it (*See Policy* attached as Exhibit A);

   e) This Litigation involves two other Defendants in addition to Debtor, which are the driver of Debtor's truck as well as another trucking company.

   f) This Litigation would not prejudice other creditors as the Movant's claims are limited to insurance proceeds, which do not diminish the estate's assets available to other creditors.

   g) The Movant's success in the other proceeding would not result in a judicial lien on the Debtor's estate, as recovery is confined to insurance proceeds.

   h) Relief from the stay is in the interest of judicial economy and efficiency, as the Litigation is the appropriate forum to adjudicate liability and damages.

i) All parties are preparing for trial in the Litigation, and delaying proceedings will unnecessarily harm Plaintiff's and other Defendants' ability to resolve the matter promptly.

j) The balance of harm favors lifting the stay, as Plaintiff faces significant prejudice from delayed resolution, while the Debtor's estate remains unaffected by the continuation of the Litigation.

## NOTICE

14. Movant provides notice of this motion to the following: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the parties holding secured claims against the Debtors; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for states in which the Debtors conduct business; (h) governmental agencies having a regulatory or statutory interest in these cases; (i) the Authorities; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). No other or further notice is needed in light of the nature of the relief requested.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

1. Granting relief from the automatic stay under 11 U.S.C. § 362(d)(1) to permit Movant to proceed with the Litigation in Tarrant County District Court (Cause No. 348-346394-23);

2. Limiting Movant's recovery to the extent of available insurance proceeds;

3. Waiving the 14-day stay of enforcement under Federal Rule of Bankruptcy Procedure 4001(a)(3); and

4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**THE VENTRESS FIRM, P.C.**

By: */s/ Lisa Ventress*
Lisa Ventress
State Bar No. 24076751
Federal Bar No 3471199
1322 Space Park Dr., C222
Houston, Texas 77058
(832) 240-4365/Phone
(832) 565-1752/Fax
*lisa@theventressfirm.com*
***Attorney for Movant Nicholas Conner***

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024 a true and correct copy of the foregoing Motion for Relief from Automatic Stay was caused to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Lisa Ventress*
Lisa Ventress