**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Kal Freight Inc., *et al.*, | Case No. 24-90614 (CML) |
| Debtors.[1] | (Jointly Administered) |

**MOTION OF WALLWORK FINANCIAL CORPORATION FOR ENTRY OF A STIPULATED ORDER (A) PROVIDING ADEQUATE PROTECTION TO WALLWORK FINANCIAL CORPORATION AND GRANTING RELATED RELIEF OR, IN THE ALTERNATIVE, (B) GRANTING RELIEF FROM THE AUTOMATIC STAY**

**This motion seeks an order that may adversely affect you, including by granting relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you.  If you cannot settle, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.  Represented parties should act through their attorney.**

**There will be a hearing on this matter on March 11, 2025 at 10:00 a.m. before the Honorable Christopher M. Lopez, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Avenue, Courtroom 401, 4th floor, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on the Judge's home page. The meeting code is "Judge Lopez." Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. Click the "Electronic Appearance" link on Judge Lopez's home page, complete the required fields and click "Submit" to complete.**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these chapter 11 cases is 10156 Live Oak Avenue, Fontana, CA 92335.

Secured creditor Wallwork Financial Corporation ("Wallwork") hereby files this motion (this "Motion") for entry of a stipulated order by agreement with Kal Freight Inc. and its affiliated debtors and debtors-in-possession (the "Debtors"), substantially in the form attached hereto as **Exhibit "A"** (the "Stipulated Order") pursuant to Bankruptcy Rule 4001(d) and sections 105(a), 361, 362(d)(1), and 363(e) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"):

    (i)    authorizing the Debtors to remit cash collateral of Wallwork, and for Wallwork to apply Wallwork's cash collateral to permanently reduce the Wallwork Obligations (defined below), as set forth herein;

    (ii)    authorizing the Debtors to provide Adequate Protection Payments to Wallwork for the diminution in value of Wallwork's interests in the Retained Wallwork Collateral and Performing Leased Collateral (as defined below), resulting from (a) the imposition of the automatic stay, (b) the Debtors' use, sale, or lease of certain of the Wallwork Collateral, or (c) any reason provided for in or pursuant to the Bankruptcy Code;

    (iii)    vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Order;

    (iv)    waiving any applicable stay (including under Bankruptcy Rule 6004) and providing for immediate effectiveness of the Order;

    (v)    granting such other and further relief as the Court deems just and equitable; or

In the alternative, Wallwork requests entry of an order granting relief from the automatic stay if the Stipulated Order is not approved by the Court.  In support of this Motion, Wallwork states as follows:

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the Southern District of Texas (this "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.     The Wallwork Debt.**

3.     Prior to the commencement of the above captioned chapter 11 cases, the applicable the Debtors executed: (i) that certain Combination Note and Security Agreement No. 004 ("Contract No. 004"), whereby the applicable the Debtors granted to Wallwork a first priority lien on and security interest in, *inter alia*, seven (7) 2021 Freightliner Cascadia Semi-Tractors (VIN #s 3AKJHHDR6MSMA5538, 3AKJHHDR5MSMA5546, 3AKJHHDR8MSMA5556, 3AKJHHDR1MSMA5558, 3AKJHHDR3MSMA5559, 3AKJHHDRXMSMA5560, and 3AKJHHDR9MSMA5551) (the "Contract No. 004 Equipment"), and (ii) that certain Combination Note and Security Agreement No. 005 ("Contract No. 005", together with Contract No. 004, the "Loan Documents"), whereby the applicable the Debtors granted to Wallwork a first priority lien on and security interest in, *inter alia*, four (4) 2023 Peterbilt 579 Semi-Tractors (VIN #s 1XPBD49X4PD837307, 1XPBD49X0PD837305, 1XPBD49X9PD837304, and 1XPBD49X2PD837306) and four (4) 2024 Peterbilt 579 Semi-Tractors (VIN #s 1XPBD49X4RD610153, 1XPBD49X0RD610151, 1XPBD49X9RD610150, and 1XPBD49X2RD610152 (the "Contract No. 005 Equipment", together with the Contract No. 004 Equipment, the "Wallwork Collateral").

4.     Wallwork properly and timely perfected its security interests by recording its liens on those certain certificates of title issued by the State of California evidencing Wallwork's status as the first and only lienholder with respect to the Wallwork Collateral.

5.     On or about November 13, 2018, Wallwork and the applicable the Debtors entered into that certain cross-collateralization agreement, pursuant to which the applicable the Debtors agreed that all obligations of applicable the Debtors to Wallwork shall be secured by a security

interest in and to "all equipment and vehicles financed or leased by Wallwork for or on behalf of" the applicable the Debtors.

6.       On or about August 13, 2024, the applicable the Debtors defaulted on their obligations under the terms of the Wallwork Loan Documents[2] by failing to, among other things, make the required payments to Wallwork when those payments came due.

**B.       The Bankruptcy Cases.**

7.       On December 5, 2024 (the "Petition Date"), the Debtors each filed petitions for relief with this Court under Chapter 11 of the Bankruptcy Code.

8.       On December 18, 2024, the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed.

9.       On January 21, 2025, Wallwork timely filed its proof of claim ("Claim No. 18"). A copy of Claim No. 18, which includes Wallwork's Loan Documents, is annexed hereto as **Exhibit "B"**.

10.      The amount due to Wallwork as of the Petition Date is no less than $1,127,975.52, plus all accrued and accruing taxes, fees, costs and all other amounts due and owing under the Wallwork Loan Documents, including, but not limited to accruing attorneys' fees and costs (the "Wallwork Obligations").

## SUMMARY OF TERMS OF STIPULATED ORDER

11.      The following constitutes only a summary of the key terms of the Stipulated Order. Parties are strongly encouraged to review the Stipulated Order in its entirety.

- Pursuant to the Stipulated Order, the Debtors propose to retain thirteen (13) trucks/tractors (the "Retained Wallwork Collateral") for use in their post-petition business operations in exchange for adequate protection payments of $46,125.46

---

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Stipulated Order.

per month to Wallwork (the "<u>Adequate Protection Payments</u>").  A list of the Retained Wallwork Collateral is attached to the Stipulated Order as <u>Exhibit A</u>.

- The Debtors also lease approximately two (2) trucks/tractors that constitute Wallwork Collateral to third parties and owner/operators in exchange for aggregate monthly contractual lease payments anticipated to be a maximum of $4,181.02. The leases of Retained Wallwork Collateral which are not in default (the "<u>Performing Leased Collateral</u>") shall be retained by the Debtors, and the Debtors agree to segregate and to remit, on a weekly basis, 100% of the lease proceeds, along with an accounting of lease payments. A list of the Performing Leased Collateral is attached to the Stipulated Order as <u>Exhibit A</u>.

- The Debtors will cooperate with Wallwork to turn over leases and leased Retained Wallwork Collateral which are in default on the Petition Date to Wallwork for termination, repossession, and foreclosure of its liens (with the automatic stay modified pursuant to the Stipulated Order to allow such repossession and foreclosure).

- Upon the occurrence of certain "Termination Events" as described in the Stipulated Order, and subject to a notice and cure period, Wallwork may file an emergency motion to lift the stay as to the Retained Wallwork Collateral.

12.     Since the Petition Date, the Debtors and Wallwork have engaged in good-faith, arm's-length negotiations regarding the provision of Adequate Protection Payments in exchange for the Debtors' continued use of the Wallwork Collateral.  As a result of the foregoing, Wallwork and the Debtors agreed to the terms of the Stipulated Order.  Notably, the Stipulated Order reflects the Debtors' reasonable business judgment and does not purport to adjudicate the rights of other parties.

## **<u>RELIEF REQUESTED</u>**

13.     By this Motion, and by agreement with the Debtors, Wallwork respectfully requests entry of an order, substantially in the form of the annexed Stipulated Order:

(i)     authorizing the Debtors to remit cash collateral to Wallwork, and for Wallwork to apply Wallwork's cash collateral to permanently reduce the Wallwork Obligations;

(ii)    authorizing the Debtors to provide the Adequate Protection Payments to Wallwork for the diminution in value of Wallwork's interests in the Wallwork Retained Collateral and Performing Leased Collateral;

(iii)    vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Order;

(iv)    waiving any applicable stay (including under Bankruptcy Rule 6004) and providing for immediate effectiveness of the Order; and

(v)    granting such other and further relief as this Court deems just and equitable.

Alternatively, and for the reasons set forth below, Wallwork requests entry of an order granting relief from the automatic stay.

## BASIS FOR RELIEF

**A.    Wallwork Is Entitled to Adequate Protection Payments for the Debtors' Use and Retention of the Wallwork Collateral.**

14.    "The Bankruptcy Code provides secured creditors various rights, including the right to adequate protection, and these rights replace the protection afforded by possession." *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 207 (1983). Section 363(e) therefore expressly requires that, upon request of an entity with an interest in property to be used, sold, or leased, the Court prohibit or condition the use of such property as necessary to provide adequate protection of such interest. *See* 11 U.S.C. § 363(e). "[T]he requirement of adequate protection in section 363(e) is mandatory. If adequate protection cannot be offered, such use, sale or lease of the collateral must be prohibited." 3 COLLIER ON BANKRUPTCY ¶ 363.05[2] (16th ed. 2024); *In re First South Sav. Assoc.*, 820 F.2d 700, 710 (5th Cir. 1987) (the focus of adequate protection "is protection of the secured creditor from diminution in the value of its collateral during the reorganization process"); *In re Bufford*, 343 B.R. 827, 838 (Bankr. N.D. Tex. 2006) ("adequate protection must be given to secured creditors, or they may ask that the automatic stay imposed by § 362(a) be lifted").

15.     "[A]n interest is not adequately protected if the security is depreciating during the term of the stay." *United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 369 (1988).  Indeed, "[t]he concept of adequate protection is to assure the secured creditor that his constitutional rights in the property are not dissipated while the reorganization proceedings run their course." *In re Born*, 10 B.R. 43, 46 (Bankr. S.D. Tex. 1981).  Additionally, under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16.     Because the Debtors intend to continue using the Wallwork Collateral to support their post-petition operations, adequate protection is necessary to protect Wallwork's interest in the Wallwork Collateral from diminution in value.  The Debtors therefore proposed the terms of the Stipulated Order to provide Wallwork with the Adequate Protection Payments in exchange for such use.   As correctly argued by numerous other secured equipment creditors in this case, the Wallwork Collateral, by its nature, is subject to continuing diminution in value and risk of loss while it continues to be retained and used by the Debtors.

**B.      The Stipulated Order Is an Exercise of the Debtors' Sound Business Judgment.**

17.     This Court should approve the terms of the Stipulated Order, as its agreed upon terms are the result of a proper exercise of the Debtors' sound business judgment to retain and use the Wallwork Collateral and make the necessary Adequate Protection Payments in exchange.

18.     To determine whether the business judgment standard is met, a court need only "examine whether a reasonable business person would make a similar decision under similar circumstances." *In re Exide Techs.*, 340 B.R. 222, 239 (Bankr. D. Del. 2006); *see also In re Curlew Valley Assocs.*, 14 B.R. 506, 513-14 (Bankr. D. Utah 1981) (noting that courts should not second guess a debtor's business decision when that decision involves "a business judgment made in good

faith, upon a reasonable basis, and within the scope of the debtor's authority under the [Bankruptcy] Code").

19.     In the ordinary course of their business the Debtors require the uninterrupted use of vehicles such as Wallwork's Collateral.  The Debtors have therefore decided in the sound exercise of their business judgment to retain and use the Wallwork Collateral and through the terms of the Stipulated Order have agreed to make the Adequate Protection Payments to Wallwork in exchange for such continued use.

20.     Wallwork and the Debtors have reached a consensual resolution on the Debtor's continued use of the Wallwork Collateral as evidenced by the terms of the Stipulated Order. Approval of the Stipulated Order is in the best interests of the Debtors and their estates.

**C.     In the Alternative, Wallwork Requests Relief from the Automatic Stay.**

21.     Despite the Debtors' good faith attempts to negotiate adequate protection for the Wallwork Collateral, the Debtors' financial performance appears to be on a sharp decline, especially in light of the December 2024 Monthly Operating Reports filed by the Debtors (*See* Docket Nos. 413, 414, 415, 417, and 418), as well as the allegations raised in the Emergency Motion for Relief from Stay Regarding 1,625 Trucks and Trailers, filed by Creditor Daimler Truck Financial Services USA, Inc. (*See* Docket No. 411).   Numerous other creditors have sought stay relief in order to protect their collateral.

22.     In light of the uncertainty of the Debtors' ability to make the Adequate Protection Payments, Wallwork requests in the alternative that this Court terminate the automatic stay imposed by section 362 of the Bankruptcy Code, so that Wallwork may take any and all actions necessary to exercise Wallwork's rights and remedies against the Wallwork Collateral in accordance with applicable non-bankruptcy law and the Loan Documents.

23.     Wallwork is entitled to relief from the automatic stay pursuant to section 362(d)(2) of the Bankruptcy Code because there is no equity in the Wallwork Collateral and the Wallwork Collateral is not necessary for the Debtors' effective reorganization (and the Debtors may indeed lack the prospects for a successful reorganization based on their recent financial performance).

24.     Section 362(d)(2) of the Bankruptcy Code provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … by terminating, annulling, modifying, or conditioning such stay — …
>
> (2) with respect to a stay of an act against property … if —
>     (A) the debtor does not have an equity in such property; and
>     (B) such property is not necessary to an effective reorganization;
>     …

11 U.S.C. § 362(d)(2).

25.     "'Equity' as used in section 362(d)(2), portends the difference between the value of the subject property and the encumbrances against it." *Sutton v. BankOne, Texas, N.A. (In re Sutton)*, 904 F.2d 327, 329 (5th Cir. 1990).  The balance of the Debtors' indebtedness to Wallwork significantly exceeds the value of the Wallwork Collateral and the Debtors do not dispute they lack equity therein.  Accordingly, there is no equity in the Wallwork Collateral.

26.     Once the movant under section 362(d)(2) establishes that the debtor has no equity in the collateral, the burden then shifts to the debtor to prove the collateral at issue is essential for an effective reorganization that is in prospect. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375-76 (1998).   In order for there to be an effective reorganization, the debtor must show the existence of a reasonable probability that a successful rehabilitation or a successful liquidation can be accomplished within a reasonable period of time and that the property in question will contribute to this effect. *See In re Playa Dev. Corp.*, 68 B.R. 549, 555 (Bankr. W.D. Tex. 1986) (Kelly, J.).  In meeting its burden of proof, the debtor's evidence cannot be grounded solely on speculation and conjecture. *See In re Playa Dev. Corp.*, 68 B.R. at

555. A "lack of any realistic prospect of effective reorganization will require § 362(d)(2) relief." *United Sav. Ass'n of Texas*, 484 U.S. at 376.

27.     The Wallwork Collateral cannot possibly contribute to the Debtors' effective reorganization because reorganization is likely infeasible and unachievable due to recent developments in these chapter 11 cases.  Debtors have already failed to meet their previously submitted 13-week cash flow budget and have much lower than anticipated working capital.  They also are in default on previously approved adequate protection payments to similarly situated creditors such as Triumph Financial Service, LLC and Daimler Truck Financial Services USA LLC.  Debtors additionally do not appear to have sufficient revenue to pay their administrative expenses, including, without limitation, their own professionals and professionals for the Official Committee of Unsecured Creditors.  No effective reorganization is within sight.

28.     Wallwork is thus entitled to relief from the automatic stay pursuant to section 362(d)(2) of the Bankruptcy Code.  In the event that Wallwork is granted relief from the automatic stay, Wallwork requests that this Court waive the 14-day stay provided under Bankruptcy Rule 4001(a)(4) so that Wallwork may immediately pursue possession and control of the Retained Wallwork Collateral and Performing Leased Collateral and foreclose its liens on the same.

## **RESERVATION OF RIGHTS**

29.     Wallwork reserves its respective rights to supplement or amend this Motion at any time and for any reason to assert any additional arguments or seek any additional relief at or prior to any hearings on this Motion.  All of Wallwork's respective rights, interests, claims, objections, and defenses are hereby expressly reserved and preserved.

## <u>CONCLUSION</u>

**WHEREFORE,** for the foregoing reasons Wallwork respectfully requests (a) entry of the Stipulated Order, or in the alternative (b) entry of an order grating Wallwork relief from the automatic stay as to the Wallwork Collateral, and (c) granting of such other and further relief as this Court deems just and equitable.

Dated:   January 30, 2025
New York, New York

VEDDER PRICE P.C.

*Attorneys for Wallwork Financial Corporation*

By: /s/ *David L. Kane*
    David L. Kane, Esq. (admitted *pro hac vice*)
    222 North LaSalle Street, Suite 2400
    Chicago, Illinois 60601
    Tel.: (312) 609-7500
    dkane@vedderprice.com

and

VEDDER PRICE P.C.

    Max DuVal, Esq. (admitted *pro hac vice*)
    1633 Broadway, 31st Floor
    New York, New York 10019
    Tel.: (212) 407-7765
    mduval@vedderprice.com

## CERTIFICATE OF CONFERENCE

This is to certify that prior to the filing of this Motion, counsel for Wallwork and counsel for the Debtors exchanged a series of emails and calls to negotiate the terms of Stipulated Order. I understand that the Debtors do not object to the relief set forth in the Stipulated Order and do not object to the filing of Motion as a motion for relief from stay.

*/s/ Max DuVal*
Max DuVal, Esq.


## CERTIFICATE OF SERVICE

This is to certify that on this 30th day of January, 2025, a true and correct copy of the foregoing was served (1) electronically upon all parties receiving notice via the Court's CM/ECF system and (2) by U.S. first class mail and/or electronic mail on all parties required by Local Rule 4001-1(a)(4) as set forth below.

First Class US Mail
Kal Freight, Inc.
10156 Live Oak Ave.
Fontana, CA 92335


Electronic Mail:

| | |
|---|---|
| Kal Freight Inc. | Official Committee of Unsecured Creditors |
| c/o Pachulski Stang Ziehl & Jones, LLP | c/o Kane Russel Coleman Logan PC |
| Attn: Teddy M. Kapur | Attn: Kyle Woodard |
| 700 Louisiana Street, Suite 4500 | 901 Main Street, Suite 5200 |
| Houston, TX 77002 | Dallas, TX 75202 |
| Email: tkapur@pszjlaw.com | Email: kwoodward@krcl.com |
| | |
| US Trustee | Official Committee of Unsecured Creditors |
| Office of the U.S. Trustee | c/o Kane Russel Coleman Logan PC |
| Attn: Andrew Jimenez | Attn: William James Hotze |
| 515 Rusk Ave, Ste 3516 | 5151 San Felipe, Suite 800 |
| Houston, TX 77002 | Houston, TX 77056 |
| Email: andrew.jimenez@usdoj.gov | Email: whotze@krcl.com |

*/s/ Max DuVal*
Max DuVal, Esq.