# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Kal Freight Inc., *et al*., | Case No. 24-90614 (CML) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATED ORDER (A) PROVIDING ADEQUATE PROTECTION TO WALLWORK FINANCIAL CORPORATION, (B) MODIFYING THE AUTOMATIC STAY, AND (C) GRANTING RELATED RELIEF**

(Related Docket No. ___)

Upon the agreed motion, dated January 30, 2025 (the "Motion")[2] filed by Wallwork Financial Corporation ("Wallwork") and supported by Kal Freight Inc. and its affiliated debtors and debtors in possession (each a "Debtor" and collectively the "Debtors") in the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases"), seeking entry of an order (this "Order") *inter alia*:

(i) authorizing the Debtors to remit the Cash Collateral (as defined below) of Wallwork, and for Wallwork to apply Wallwork's Cash Collateral to permanently reduce the Wallwork Obligations, as set forth herein;

(ii) authorizing the Debtors to provide adequate protection payments to Wallwork for the diminution in value of Wallwork's interests in the Wallwork Retained Collateral and Leased Collateral (as defined below), resulting from (a) the imposition of the automatic stay, (b) the Debtors' use or lease of certain of the Wallwork Collateral, and/or (c) any reason provided for in or pursuant to the Bankruptcy Code ("Diminution in Value");

(iii) vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to (a) implement and effectuate the terms and provisions of this Order, (b) allow Wallwork to take possession of and to foreclose its liens on all of the Wallwork Collateral, other than Retained Collateral

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and Performing Leased Collateral (as defined below), and (c) allow Wallwork to exercise its rights and remedies to the Retained Collateral and Performing Leased Collateral upon the Termination Date; and

(iv) waiving any applicable stay (including under Bankruptcy Rule 6004) and providing for immediate effectiveness of this Order.

and the Court having considered the Motion, the exhibits attached thereto, and the evidence submitted and arguments made in support of the Motion; and notice of the Motion having been given in accordance with Bankruptcy Rules 2002, 4001(b), (c) and (d), and all applicable Bankruptcy Local Rules; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled by the Court; and it appearing that approval of the relief requested in the Motion is fair and reasonable and in the best interests of the Debtors, their estates, and all parties-in-interest; and after due deliberation and consideration, and good and sufficient cause appearing therefor;

**BASED UPON THE RECORD ESTABLISHED IN SUPPORT OF THE MOTION, THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[3]

A. **Petition Date**.  On December 5, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

B. **Debtors in Possession**.  The Debtors have continued in the management and operation of their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

C. **Jurisdiction and Venue**.  This Court has jurisdiction over the Chapter 11 Cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6, of the United States District Court for the Southern District of Texas. Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for the Chapter 11 Cases and proceedings with respect to the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105, 361, 362, 363, 364, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004, 9013, and 9014, and Bankruptcy Local Rules 2002-1, 4001-1(b), 4002-1 and 9013-1.

   **D.** **Committee Formation**. On December 18, 2024, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

   **E.** **Notice**. Notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, and no other or further notice of the Motion with respect to the relief requested therein or the entry of this Order shall be required.

   **F.** **The Wallwork Debt and Collateral**.

   1. Wallwork asserts that, prior to the Petition Date, the applicable Debtors executed:

    (a) that certain Combination Note and Security Agreement No. 004 ("Contract No. 004"), pursuant to which the applicable Debtors granted to Wallwork a first priority lien on and security interest in, inter alia, seven (7) 2021 Freightliner Cascadia Semi-Tractors with the following VIN Nos.: 3AKJHHDR6MSMA5538, 3AKJHHDR5MSMA5546, 3AKJHHDR8MSMA5556, 3AKJHHDR1MSMA5558, 3AKJHHDR3MSMA5559,

3AKJHHDRXMSMA5560 and 3AKJHHDR9MSMA5551 (the "Contract No. 004 Equipment"); and

(b)      that certain Combination Note and Security Agreement No. 005 ("Contract No. 005", and together with Contract No. 004, the "Wallwork Loan Documents"), pursuant to which the applicable Debtors granted to Wallwork a first priority lien on and security interest in, inter alia, (i) four (4) 2023 Peterbilt 579 Semi-Tractors with the following VIN Nos.: 1XPBD49X4PD837307, 1XPBD49X0PD837305, 1XPBD49X9PD837304 and 1XPBD49X2PD837306) and (ii) four (4) 2024 Peterbilt 579 Semi-Tractor with the following VIN Nos.: 1XPBD49X4RD610153, 1XPBD49X0RD610151, 1XPBD49X9RD610150 and 1XPBD49X2RD610152 (the "Contract No. 005 Equipment", and together with the Contract No. 004 Equipment, the "Wallwork Collateral").

2.      Wallwork asserts that it properly and timely perfected its security interests in the Equipment by recording its liens on those certain certificates of title issued by the State of California evidencing Wallwork's status as the first and only lienholder with respect to the Wallwork Collateral.

3.      Wallwork asserts that, on or about November 13, 2018, Wallwork and the applicable Debtors entered into that certain cross-collateralization agreement, pursuant to which the applicable Debtors agreed that all obligations of applicable Debtors to Wallwork shall be secured by a security interest in and to "all equipment and vehicles financed or leased by Wallwork for or on behalf of" the applicable Debtors.

4.      Pursuant to its Proof of Claim No. 18 filed in the Chapter 11 Cases, Wallwork asserts that the amount due to Wallwork as of the Petition Date is no less than $1,127,975.52, plus all accrued and accruing taxes, fees, costs and all other amounts due and owing

under the Loan Documents, including, but not limited to accruing interest, attorneys' fees and costs (the "Wallwork Obligations").

G. **Use and/or Disposition of Wallwork Collateral**. The Debtors propose the following use and/or disposition of Wallwork Collateral:

1. "**Retained Collateral**": The Debtors propose to retain thirteen (13) trucks/tractors for their use in their post-petition business operations in exchange for adequate protection payments of $46,125.46 per month (the "Adequate Protection Payments"). The Debtors reserve the right to surrender possession of additional Retained Collateral to Wallwork, in which case the Adequate Protection Payments shall be reduced accordingly.

2. "**Leased Collateral**": The Debtors lease two (2) trucks/tractors that constitute Wallwork Collateral to third parties and owner/operators in exchange for aggregate monthly contractual lease payments anticipated to be a maximum of $4,181.02. Some of the leases are performing and some are in default as of the Petition Date. The Debtors will cooperate with Wallwork to turn over all leases and Leased Collateral which are in default on the Petition Date (the "Defaulted Leases") to Wallwork for termination, repossession, and foreclosure of its liens (with the automatic stay modified pursuant to this Order to allow such repossession and foreclosure). The leases of Wallwork Collateral which are not in default (the "Performing Leased Collateral") shall be retained, and the Debtors agree to segregate and to remit, on a weekly basis, 100% of the lease proceeds received to Wallwork, along with an accounting of lease payments. A list of the Retained Collateral, the Leased Collateral, and schedule of Adequate Protection Payments is attached to this Order as **Exhibit A**.

H. **Cash Collateral**. As used herein, the term "Cash Collateral" shall mean, to the extent such cash constitutes Wallwork Collateral, all of the Debtors' cash, wherever located and

held, and all cash equivalents, including any cash in deposit accounts, that constitutes or will constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code.

    **I.**    **Adequate Protection**. Wallwork is entitled to Adequate Protection against any Diminution in Value of its interests in the Wallwork Collateral, as and to the extent set forth herein pursuant to sections 361, 362, 363, and 364 of the Bankruptcy Code.

    **J.**    **Good Cause**. Good cause has been shown for the entry of this Order. The relief requested in the Motion is necessary, essential, and appropriate and is in the best interest of and will benefit the Debtors, their creditors, and their Estates.

Based upon the foregoing findings and conclusions, the Motion, and the record before the Court with respect to the Motion, and after due consideration and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

    1.    The Motion is granted solely pursuant to the terms and conditions specifically set forth in this Order. All objections to the Motion and this Order to the extent not withdrawn, waived, settled, or resolved are hereby denied and overruled on the merits. This Order shall become effective immediately upon its entry.

    2.    **Wallwork's Cash Collateral**. The Debtors shall segregate and remit 100% of the lease payments received on the Performing Leased Collateral, beginning as of the date of entry of this Order. The Debtors shall remit said payments and provide an accounting of lease payments to Wallwork, on the fifth business day of each week for the previous week.

    3.    **Adequate Protection**. Wallwork is entitled, pursuant to sections 361, 362, 363(c)(2), 363(e), and 507 of the Bankruptcy Code, to adequate protection of its interests in the Wallwork Collateral, to the extent of any Diminution in Value of its interests in the Wallwork

Collateral (the "Adequate Protection Obligations").  As adequate protection, Wallwork is hereby granted the following:

        (a)    Adequate Protection Payments.  The Debtors shall pay to Wallwork, as adequate protection for the Diminution in Value of the Retained Collateral, in cash or cash equivalents, the sum of $10,726.87 per week, beginning as of the date of entry of this Order, subject to reduction as any additional Retained Collateral is surrendered to Wallwork.

        (b)    Returned Collateral and Stay Relief.  To the extent applicable, the Debtors shall promptly turn over possession and control of all Wallwork Collateral in their possession, other than the Retained Collateral and Performing Leased Collateral (the "Returned Collateral") to Wallwork and the automatic stay is hereby terminated as to said Returned Collateral such that Wallwork may exercise any and all of its rights and remedies under the Loan Documents and applicable non-bankruptcy law as to the Returned Collateral.

        4.    Termination Events.  Upon the occurrence and continuance of any of the below listed events (each, a "Termination Event"), Wallwork, on not less than five (5) business days' notice to lead restructuring counsel to the Debtors, lead counsel to the Committee and the U.S. Trustee (the "Remedies Notice Parties") (such five (5) business day period, the "Wallwork Remedies Notice Period"), may file a motion with the Court seeking entry of an order allowing Wallwork to exercise remedies against the Retained Collateral and Performing Leased Collateral after the expiration of the Wallwork Remedies Notice Period (the date of such order, the "Termination Date").  The Termination Events are (a) the filing of any motion or pleading by the Debtors, or the entry of an order on account of a motion filed by any other party, to stay, vacate, reverse, amend or modify this Order in a manner adverse to Wallwork without the consent of Wallwork; (b) the dismissal of any of the Chapter 11 Cases; (c) the conversion of any of the

Chapter 11 Cases to a case under chapter 7; (d) the failure of the Debtors to make any Adequate Protection Payment as and when required under this Order; (e) the failure of the Debtors to segregate or remit the Lease Proceeds or failure to provide an accounting of Lease Proceeds as and when required under this Order; (f) the failure to turn over the Returned Collateral; and (g) any material breach by any of the Debtors of any of the other provisions of this Order.

5. <u>Modification of Automatic Stay</u>.  The automatic stay imposed under section 362(a)(2) of the Bankruptcy Code is hereby modified (a) to the extent necessary to implement and effectuate the terms and provisions of this Order, (b) allowing Wallwork to take possession of and to foreclose its liens on all of the Wallwork Collateral, other than Retained Collateral and Performing Leased Collateral, and (c) allowing Wallwork to exercise its rights and remedies against the Retained Collateral and Performing Leased Collateral, on the Termination Date following a Termination Event and expiration of the Wallwork Remedies Notice Period.

6. <u>Joint and Several Liability</u>.  Nothing in this Order shall be construed to constitute a substantive consolidation of any of the Debtors' estates, it being understood, however, that the Debtors shall be jointly and severally liable for the obligations hereunder and all Adequate Protection Payments,

7. <u>Binding Effect of Order</u>.  Immediately upon entry on the docket of this Court, the terms and provisions of this Order shall become binding upon the Debtors, Wallwork, all other creditors of any of the Debtors, the Committee, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in any of the Chapter 11 Cases, any Successor Cases (as defined hereafter), or upon dismissal of any Chapter 11 Case or Successor Case.

8. <u>Effectiveness</u>. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any Bankruptcy Local Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

9. <u>Bankruptcy Rules</u>. The requirements of Bankruptcy Rules 4001, 6003 and 6004, in each case to the extent applicable, are satisfied by the contents of the Motion.

10. <u>No Third Party Rights</u>. Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect or incidental beneficiary.

11. <u>Necessary Action</u>. The Debtors and Wallwork are authorized to take all reasonable actions as are necessary or appropriate to implement the terms of this Order. The automatic stay is modified to permit affiliates of the Debtors who are not debtors in these cases to take all actions as are necessary or appropriate to implement the terms of this Order.

12. <u>Survival</u>. The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (a) confirming any plan of reorganization in any of the Chapter 11 Cases; (b) converting any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code (each, a "<u>Successor Case</u>"); (c) dismissing any of the Chapter 11 Cases or any Successor Cases; or (d) pursuant to which this Court abstains from hearing any of the Chapter 11 Cases or any Successor Cases. The terms and provisions of this Order shall continue in the Chapter 11 Cases, in any Successor Cases, or following dismissal of the Chapter 11 Cases or any Successor Cases notwithstanding the entry of any orders described in clauses (a)-(d) above.

13. <u>Headings</u>. Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Order.

14. <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction to enforce the provisions of this Order, and this retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan for any one or more of the Debtors notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan.

Signed: _____, 2025.

                                          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

- 11 -

**Kal Group,** *et al.*
Summary of Categories (as of December 9, 2024)
WallWork

| | Leased Receipts to be Turned Over to Lender Adequate Protection Payments - Lease Collection | | | | | Equipment to be Kept by Kal Group Adequate Protection - Other | | | Equipment to be Returned to Lender by Kal Group | | | Equipment Currently Doesn't Exist | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lender | Monthly Loan Pmt | Weekly Loan Pmt | Loan Remaining Balance | Monthly Lease Receipt [1] | Weekly Lease Receipt | Monthly Loan Pmt [2] | Weekly Loan Pmt | Loan Remaining Balance | Monthly Loan Pmt | Weekly Loan Pmt | Loan Remaining Balance | Monthly Loan Pmt | Weekly Loan Pmt | Loan Remaining Balance | Machinery | Total Loan Balance |
| WallWork | 5,817 | 1,353 | 13,521 | 4,181 | 972 | 46,125 | 10,727 | 1,040,879 | - | - | - | - | - | - | - | 1,054,400 |

[1] Aggregate monthly lease collection. This monthly amount includes all leases, both defaulted and performing. As a result, lease collections and passthrough to WallWork will vary and are subject to potential future defaults.

[2] Aggregate monthly adequate protection payments.

**Kal Group**
Lender VIN and Loan Balance - Equipment (as of December 9, 2024)
WallWork

| VIN | Type | Bank Name | Loan No. | Monthly Loan Pmt | Loan Remaining Balance | Monthly Lease Receipt | Comments | Paying / Default | Customer Name | Lease Invoice No. |
|---|---|---|---|---|---|---|---|---|---|---|
| 1XPBD49X9PD837304 | Truck | WallWork | 12419-005 | 3,948.00 | 125,884.60 | | Equipment that we are keeping | | | |
| 1XPBD49X0PD837305 | Truck | WallWork | 12419-005 | 3,948.00 | 125,884.60 | | Equipment that we are keeping | | | |
| 1XPBD49X2PD837306 | Truck | WallWork | 12419-005 | 3,948.00 | 125,884.60 | | Equipment that we are keeping | | | |
| 1XPBD49X4PD837307 | Truck | WallWork | 12419-005 | 3,948.00 | 125,884.60 | | Equipment that we are keeping | | | |
| 1XPBD49X9RD610150 | Truck | WallWork | 12419-005 | 3,948.00 | 125,884.60 | | Equipment that we are keeping | | | |
| 1XPBD49X0RD610151 | Truck | WallWork | 12419-005 | 3,948.00 | 125,884.60 | | Equipment that we are keeping | | | |
| 1XPBD49X2RD610152 | Truck | WallWork | 12419-005 | 3,948.00 | 125,884.60 | | Equipment that we are keeping | | | |
| 1XPBD49X4RD610153 | Truck | WallWork | 12419-005 | 3,948.00 | 125,884.60 | | Equipment that we are keeping | | | |
| 3AKJHHDRXMSMA5560 | Truck | Wallwork | 12419-004 | 2,908.29 | 6,760.42 | | Equipment that we are keeping | | | |
| 3AKJHHDR1MSMA5558 | Truck | Wallwork | 12419-004 | 2,908.29 | 6,760.42 | | Equipment that we are keeping | | | |
| 3AKJHHDR3MSMA5559 | Truck | Wallwork | 12419-004 | 2,908.29 | 6,760.42 | | Equipment that we are keeping | | | |
| 3AKJHHDR9MSMA5551 | Truck | Wallwork | 12419-004 | 2,908.29 | 6,760.42 | | Equipment that we are keeping | | | |
| 3AKJHHDR6MSMA5538 | Truck | Wallwork | 12419-004 | 2,908.29 | 6,760.42 | | Equipment that we are keeping | | | |
| 3AKJHHDR5MSMA5546 | Truck | Wallwork | 12419-004 | 2,908.29 | 6,760.42 | 1,400.38 | Leased Receipts subject to transfer to Bank | Paying | NAS TRANSPORTATION LLC | 10816 |
| 3AKJHHDR8MSMA5556 | Truck | Wallwork | 12419-004 | 2,908.29 | 6,760.42 | 2,780.64 | Leased Receipts subject to transfer to Bank | Default | Jaipal Choudmary | 5546 |