IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Kal Freight Inc., *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER BY AND AMONG
KAL FREIGHT INC. AND CHUBB COMPANIES**

Kal Freight Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (the "Debtors") and ACE American Insurance Company and/or any of its U.S.-based affiliates (collectively, together with each of their predecessors, and solely in their roles as insurers, "Chubb," and together with the Debtor, the "Parties"), hereby enter into this stipulation and agreed order (the "Stipulation"), and by and through the undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, on December 5, 2024, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**WHEREAS**, on December 6, 2024, the Court entered its *Order Authorizing the Debtors to (I) Pay and/or Honor Prepetition Wages, Salaries, Employee Benefits, and Other Compensation; (II) Remit Withholding Obligations and Deductions; (III) Maintain Employee Compensation and Benefits Programs and Pay Related Administrative Obligations; and (IV) Have*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

*Applicable Banks and Other Financial Institutions Receive, Process, Honor, and Pay Certain Checks Presented for Payne and Honor Certain Fund Transfer Requests* [Docket No. 60] (the "Workforce Order," and the motion [Docket No. 6] with respect thereto, the "Workforce Motion"). Under, *inter alia*, paragraph 3 of the Workforce Order, the Debtors were authorized to continue to maintain their Workers' Compensation Program in the ordinary course of business, as defined and described in the Workforce Motion.

**WHEREAS**, Chubb has provided certain workers' compensation coverage to the Debtors and has raised a concern that (a) the definition of the "Workers' Compensation Program"[2] is potentially ambiguous as to whether it includes expired policies and related agreements, (b) the cap on Workers' Compensation Obligations is potentially ambiguous as to whether it refers to policy premiums or could be read to impact the ability to process and pay claims under the policies, and (c) the paragraph in the Workforce Order authorizing the lifting of the automatic stay does not explicitly apply to direct action claims.

**WHEREAS**, to avoid potentially costly motion practice to address any potential ambiguity, the Parties seek to clarify any potential ambiguity through this stipulation.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED TO BY THE PARTIES, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1. The above recitals are incorporated by reference herein with the same force and effect as if fully set forth hereinafter.

2. For the avoidance of doubt, the term "Workers' Compensation Program" in the Workforce Order shall include all workers' compensation insurance policies issued or providing

---

[2] The Workforce Motion describes and defines "Workers' Compensation Program" as follows: "The Debtors maintain workers' compensation insurance for their Employees at the statutorily required level for each state in which they have Employees (collectively, and as described herein, the 'Workers' Compensation Program')."

coverage at any time to the Debtors or their predecessors, whether expired, current or prospective, and any agreements, documents, and instruments related thereto.

3. For the avoidance of doubt, the cap on Workers' Compensation Obligations, in the Workforce Motion, which is not defined therein, shall refer exclusively to pre-petition policy premium payments and related broker fees.

4. For the avoidance of doubt, pursuant to section 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is lifted without further order of this Court, to allow (a) holders of workers' compensation claims to proceed with their claims, (b) direct action claims related to the Debtors' Workers' Compensation Program (whether arising before or after the Petition Date) to proceed in the appropriate judicial or administrative forum; (c) claims against non-Debtor third parties related to the Debtors' Workers' Compensation Program to proceed the appropriate judicial or administrative forum; (d) any insurance carriers and third party administrators to administer, handle, defend, settle and/or pay any claim covered by the Workers' Compensation Program and the costs related thereto in accordance with such policy (and the agreements related thereto), claims against non-Debtor third parties, and direct action claims; and (e) insurance carriers and third party administrators providing coverage for any workers' compensation, claims against non-Debtor third parties, or direct action claims to draw on any and all collateral provided by or on behalf of the Debtors therefor, including, but not limited to, if and when the Debtors fail to pay and/or reimburse any insurance carriers and third party administrators for any amounts in relation to such claims. The modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program and direct action claims related to the Workers' Compensation Program.

5. The Debtors and Chubb are authorized to take all actions necessary or appropriate to effectuate the terms of this Stipulation and Agreed Order.

6. This Stipulation may be executed by electronic means and the printed product of such shall constitute an original of this Stipulation. This Stipulation may be executed and delivered in any number of counterparts, each of which, when so executed and delivered, shall be and constitute an original and one and the same document.

7. The Bankruptcy Court shall have exclusive jurisdiction to resolve any and all disputes related to this Stipulation and Agreed Order.

**IT IS SO ORDERED.**

Dated: _____, 2025

CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**AGREED AS TO FORM AND CONTENT:**

Dated: January 30, 2025

*/s/ Teddy M. Kapur*
**PACHULSKI STANG ZIEHL & JONES LLP**
Teddy M. Kapur (SBT 24046186)
Steven W. Golden (SBT 24099681)
Benjamin L. Wallen (SBT 24102623)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
tkapur@pszjlaw.com
sgolden@pszjlaw.com
bwallen@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

*/s/ Jessica Kenney Bonteque*
**DUANE MORRIS LLP**
Jessica Kenney Bonteque
1501 Broadway
New York, NY 10036
Telephone: (212) 692-1036
jbonteque@duanemorris.com

*Counsel to Chubb*