**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Kal Freight, Inc., *et al.* | Case No.: 24-90614 (CML) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF KORNELIJA MARINKOVIC-SHIVERS IN SUPPORT OF
<u>EMERGENCY</u> MOTION FOR AN ORDER GRANTING DAIMLER TRUCK
FINANCIAL SERVICES USA LLC RELIEF FROM THE
<u>AUTOMATIC STAY AND RELATED RELIEF</u>**

I, Kornelija Marinkovic-Shivers, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.  I am over the age of eighteen, of sound mind, capable of making this declaration (this "<u>Declaration</u>") and personally acquainted with the facts stated herein, which are true and correct to the best of my knowledge, information, and belief.

2.  The testimony set forth in this Declaration is provided in support of the *Emergency Motion for an Order Granting Daimler Truck Financial Services USA LLC Relief from the Automatic Stay and Related Relief* [Docket No. 411] (the "<u>Motion</u>"), filed by Daimler Truck Financial Services USA LLC ("<u>Daimler</u>"), a secured creditor of Kal Freight, Inc. and its affiliated debtors (each a "<u>Debtor</u>" and collectively the "<u>Debtors</u>") in the above-captioned Chapter 11 cases (collectively, the "<u>Chapter 11 Cases</u>").[2]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 Cases is 10156 Live Oak Ave., Fontana, CA 92335.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.       I am employed by Daimler as Fleet Workout Manager, a position I have held for over three years, and I am a custodian of records for Daimler.  I am authorized to submit this Declaration on behalf of Daimler.

4.       Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein, and all facts are set forth to the best of my recollection and knowledge.  If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.  To the extent that any information disclosed herein requires supplementation, amendment, or modification upon Daimler's completion of further analysis or as additional information becomes available to it, Daimler will file a supplemental declaration with the Court.

5.       I have knowledge of the documents that are attached hereto, which were taken from the original books and records of Daimler kept in the regular course of business and which are the original or exact duplicates of the original business records of Daimler.

6.       It is the regular course of business of Daimler for an employee or representative of Daimler, with the knowledge of an act, event, condition or opinion to be recorded, to make the record or to transmit information to be included in such record, and for the record to be made at or near the time of the act, event, condition or opinion to be recorded, or reasonably soon thereafter.

7.       The Debtors are indebted to Daimler in an approximate amount of $135 million, secured by the Daimler Collateral.  Attached hereto as <u>Exhibit 1</u> is a true and correct copy of a Statement of Account reflecting the total outstanding balance of the Debtors' indebtedness to Daimler.

8.       All of the Daimler debt is cross-collateralized, so each unit of the Daimler Collateral secures the entire Daimler debt.  The aggregate value of the Daimler Collateral is well

below the $135 million indebtedness.  Debtors report that over $40 million in Daimler Collateral

is "missing."  The Debtors have no equity in the Daimler Collateral.

9. The Daimler Collateral consisted of 1,625 trucks and trailers, each valued at no

more than $150,000, which are categorized in the Interim Order as follows:

- Approximately 543 trucks and 6 trailers are being used in the Debtor's Post-
petition Interim Order operations (the "Retained Collateral");

- Approximately 286 trucks and 93 trailers are leased by the Debtors to third
parties (the "Leased Collateral");

- The remaining units, along with Leased Collateral under defaulted leases,
have either been returned by the Debtors or are in possession of third parties
asserting superior rights in those units.

10. Shortly after entry of the Interim Order Debtors reduced the Retained Collateral to

541 units.

11. Approximately $40 million of the Daimler Collateral is "missing" or in the

possession of third parties asserting superior interests in the collateral.

12. The Retained Collateral and Performing Leased Collateral are being driven on

public highways, in many instances in double shifts, 16 hours per day.  However, as discussed

below, the Retained Collateral and Performing Leased Collateral, worth tens of millions of dollars,

are effectively uninsured for casualty and comprehensive coverage.

13. Attached hereto as Exhibit 2 is a true and correct copy of the Certificate of

Insurance for Kal Freight, Inc. (the "Certificate of Insurance") that Wells Fargo, through counsel,

provided to Daimler.

14. Attached hereto as Exhibit 3 is a true and correct copy of the Insurance Binder for

Kal Freight, Inc. (the "Insurance Binder") that the Debtors, through counsel, provided to Daimler.

15. The limited casualty insurance policy carried by the Debtors, as reflected in the

Certificate of Insurance and the Insurance Binder, indicates that the policy has a $150,000

deductible per vehicle, and an insurance cap for a multi-casualty event of $1,500,000.  However, as discussed below, the Debtors have no funds to cover the deductible, and have no realistic means of doing so, meaning that Daimler, as the lender, bears the risk of loss.

16.     Accordingly, the Debtors have not adequately insured, and apparently cannot afford to adequately insure, the Retained Collateral and the Performing Leased Collateral (valued together in excess of $85 million).

17.     Attached hereto as <u>Exhibit 4</u> is a true and correct copy of the Debtors' variance report (the "<u>Variance Report</u>"), which the Debtors, through counsel, provided to Daimler.  The Variance Report includes on pages 5-6 a comparison of the Debtors' 13-week cash flow budget (the "<u>Budget</u>") against their actual performance through January 17, 2025, as well as budget forecasts from January 17 through February 21, 2025.

18.     The Variance Report projects a negative cash flow of $7,625,607 before voluntary and unenforceable capital contributions from the Debtors' principal, Mr. Kalvinder Singh.  I know of no guarantee that Mr. Singh will continue to fund the Debtors' operations, and I know of no guarantee that Mr. Singh will cover any uninsured casualty losses to the Daimler Collateral.  Mr. Singh is currently being sued by Daimler for $135 million of guaranteed indebtedness.

19.     The Variance Report shows that the Debtors' actual revenues through January 17, 2025, are $7,576,257 below Budget projections (approximately 22% below Budget).  Additionally, the Debtors' cash balance as of January 17, 2025, was $682,943 and not sufficient to "self-insure" Daimler's Collateral.

20.     The Debtors apparently do not have the funds to insure Daimler's Collateral.  This significant daily uninsured risk poses an emergency justifying an emergency hearing on this Motion.

21.     Daimler, through counsel, has urged the Debtors to immediately commence a wind-down procedure to protect the Debtors' customers, drivers, and secured lenders.  However, absent an immediate wind-down plan being implemented, Daimler seeks relief from the automatic stay on an emergency basis to recover possession of the Daimler Collateral.

22.     The Debtors recently received a non-binding LOI from a new shell company ("NewCo") to purchase assets of the Debtors, including a substantial percentage of the Debtors' trucks and trailers, which are Daimler Collateral.  The LOI appears to provide that NewCo will purchase certain rolling stock, subject to and conditioned upon the agreement of existing secured lenders to provide 100% loan to value financing on the rolling stock at 6% interest per annum.  However, NewCo apparently has no other assets, and appears to be very thinly capitalized for a startup business; the proposed rolling stock financing is not to be guaranteed by any party; and the principals and proposed management of NewCo have limited experience running a national trucking company.

23.     After discussing the LOI with the Debtors and the principals of the proposed purchaser, Daimler has decided that it will not extend the required financing as proposed by NewCo.

24.     Daimler holds valid, perfected, binding and enforceable security interests in and liens on the Daimler Collateral.

25.     Attached hereto as Exhibit 5 is a VIN list that identifies each of the units of the Retained Collateral.  Exhibit 5 also shows 50 units which the Debtors are in the process of voluntarily surrendering to Daimler, and Daimler has been granted Relief from the Automatic Stay with regard to those 50 units [Docket No. 432].

26.     Attached hereto as composite Exhibits 6 – 11 are true and correct copies of the Note and Security Agreements and related contracts, schedules and documents pursuant to which Daimler holds security interests in the Retained Collateral.

27.     Attached hereto as composite Exhibits 12 – 23 are Certificates of Title for the Retained Collateral, identifying Daimler as lienholder.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of January, 2025,
at Fort Worth, Texas.

/s/ Kornelija Marinkovic-Shivers
Kornelija Marinkovic-Shivers
Fleet Workout Manager
Daimler Truck Financial Services USA,
LLC