IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Kal Freight Inc., *et al.*, | Case No. 24-90614 (CML) |
| Debtors.[1] | (Jointly Administered) |

**MOTION TO APPROVE STIPULATED ORDER (A) PROVIDING ADEQUATE PROTECTION TO M&T CAPITAL AND LEASING CORPORATION, (B) MODIFYING THE AUTOMATIC STAY, AND (C) GRANTING RELATED RELIEF**

**This motion seeks an order that may adversely affect you, including by granting stay relief. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted.**

**If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing.**

**Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney. There will be a hearing on this motion on March 11, 2025 at 10:00 a.m., in courtroom 401, 515 Rusk, Houston, Texas 77002.**

Secured creditor and party-in-interest M&T Capital and Leasing Corporation f/k/a People's Capital and Leasing Corp. ("M&T") respectfully submits this Motion to approve the stipulated order between M&T and the debtors Kal Freight Inc., et al. (collectively, the "Debtors") providing M&T adequate protection, modifying the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

5171887

automatic stay, and granting related relief attached hereto as **Exhibit A** (the "Stipulated Order"). The Debtors have agreed to the entry of the Stipulated Order, subject to Court approval. However, in the event the Court does not enter the Stipulated Order, or the parties do not agree to any modifications thereto as requested by the Court, M&T hereby seeks to have the automatic stay lifted for cause pursuant to 11 U.S.C. § 362(d)(1) for lack of adequate protection. In support of its Motion, M&T states and alleges as follows.

**A. M&T's Loan Documents**

1. On or about May 24, 2017, M&T and Debtor Kal Freight Inc., ("Kal Freight") entered into Master Loan and Security Agreement No. 4562 ("Master Loan Agreement"). A true and correct copy of the Master Loan Agreement is attached as **Exhibit B**.

2. On or about March 20, 2018, M&T and Kal Freight entered into Schedule N0. 005 to the Master Loan Agreement ("Schedule" and with the Master Loan Agreement and related loan documents, the "Loan Documents"), pursuant to which M&T financed and obtained a security interest in thirty-nine (39) 2021 Vanguard Dry Van 53' trailers with the following VINs (collectively, the "M&T Collateral"):

| | | | |
|---|---|---|---|
| 5V8VC5322MT106684 | 5V8VC532XMM108340 | 5V8VC5323MM108373 | 5V8VC5323MM106672 |
| 5V8VC5329MT106696 | 5V8VC5328MM108322 | 5V8VC5325MM108374 | 5V8VC5325MM106673 |
| 5V8VC5329MM106661 | 5V8VC5328MT106706 | 5V8VC5326MT106784 | 5V8VC5327MM106674 |
| 5V8VC532XMM106667 | 5V8VC5321MM108341 | 5V8VC5328MT106771 | 5V8VC5329MM106675 |
| 5V8VC5321MM106668 | 5V8VC532XMM108337 | 5V8VC5329MT106715 | 5V8VC5320MM106676 |
| 5V8VC5320MM106659 | 5V8VC5322MM106680 | 5V8VC5327MM106660 | 5V8VC5322MM106677 |
| 5V8VC532XMM106670 | 5V8VC5324MT106685 | 5V8VC5320MM106662 | 5V8VC5324MM106678 |
| 5V8VC5321MM106671 | 5V8VC5321MM108324 | 5V8VC5322MM106663 | 5V8VC5326MM106679 |
| 5V8VC5328MM108319 | 5V8VC5327MT106714 | 5V8VC5326MM106665 | 5V8VC5324MM106681 |
| 5V8VC5323MT106709 | 5V8VC5329MM108331 | 5V8VC5328MM106666 | |

A true and accurate copy of Schedule No. 005 is attached as **Exhibit C**.

3. Pursuant to Section 15 of the Master Loan Agreement, upon an Event of Default (as defined therein), M&T is entitled to repossess and dispose of its collateral.

4. Prior to the petition date on December 5, 2024 ("Petition Date"), Kal Freight defaulted under the terms of the Loan Documents by failing to make all payments when due.

5. On the Petition Date, each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

6. As of the Petition Date, pursuant to the Loan Documents, the Debtors owed M&T no less than $303,548.21.

7. Since the Petition Date, M&T and the Debtors have engaged in good-faith, arm's length negotiations regarding the Debtors' intentions to continue operating the M&T Collateral.

8. The Stipulated Order is the result of those negotiations and reflects the Debtors' reasonable business judgment regarding the Debtors' retention of the M&T Collateral and the amount of adequate protection to provide M&T in exchange for the diminution in value caused by same.

**B.   Summary of the Terms of the Stipulated Order**

9. The following constitutes a summary of the key terms of the Stipulated Order:

   a. The Debtors will retain all thirty-nine (39) units of M&T Collateral.

   b. The Debtors will make adequate protection payments to M&T totaling $5,848.05 per week in exchange for retention of these 39 trailers.

   c. The Debtors will maintain proper insurance on the M&T Collateral.

   d. The Debtors will maintain the M&T Collateral in good condition and repair.

   e. The Debtors will not sell or other transfer the M&T Collateral to any third party.

   f. Upon the occurrence of a "Termination Event" (as defined in the Stipulated Order), and subject to a notice a cure period, M&T may file a Notice of Termination of Stay and shall be entitled to immediately thereafter exercise any or all of its rights and remedies against the

Debtors with respect to the M&T Collateral pursuant to the Loan Documents and applicable law.

10. M&T submits that the terms of the Stipulated Order are fair and reasonable, in the best interest of the Debtors and their estates, and that good cause exists to enter the Stipulated Order.

## C. Standard for Adequate Protection and Relief from Stay

11. Pursuant to 11 U.S.C. § 363(e), "at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

12. Pursuant to 11 U.S.C. § 361(1), adequate protection may be provided by "requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 632 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of the title results in a decrease in the value of such entity's interest in such property."

13. Finally, pursuant to 11 U.S.C. § 362(d)(1), "the court shall grant relief from the stay provided under subsection (a) of this section . . . for cause, including the lack of adequate protection of an interest in property of such party in interest."

## D. The Requested Relief

14. M&T respectfully requests that the Court enter the Stipulated Order.

15. Alternatively, M&T respectfully requests that the Court grant M&T relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to permit M&T to exercise all of its rights and remedies with respect to the M&T Collateral pursuant to the Loan Documents and applicable law, including but not limited to, repossessing and disposing of the M&T Collateral.

16.     The Debtors have notified M&T that they intend on retaining the M&T Collateral for use in their post-petition business operations.

17.     The Debtors' continued use and operation of the M&T Collateral will cause the collateral to diminish in value over the course of the Debtors' Chapter 11 cases.

18.     Accordingly, M&T lacks adequate protection of its interest in the M&T Collateral and cause exists to grant M&T relief from the automatic stay.

WHEREFORE, M&T respectfully requests that the Court approve and enter the proposed Stipulated Order (A) Providing Adequate Protection to M&T Capital and Leasing Corporation, (B) Modifying the Automatic Stay, and (C) Granting Related Relief.

                                **M&T CAPITAL AND LEASING CORPORATION**

                                By:   */s/ Bruce W. Akerly*
                                    Bruce W. Akerly
                                    Texas Bar No. 00953200
                                    Robert N. Loughran
                                    Texas Bar No. 24111197

                                2785 Rockbrook Drive, Suite 201
                                Lewisville (DFW), TX 75067
                                469-444-1878 telephone
                                469-444-1801 facsimile
                                bakerly@akerlylaw.com
                                rloughran@akerlylaw.com

                                ATTORNEYS FOR CREDITOR

                                Of counsel:

                                    Evan S. Goldstein, Esq.
                                    (to be admitted *pro hac vice*)
                                    Updike, Kelly & Spellacy, P.C.
                                    225 Asylum Street, 20th Floor
                                    Hartford, CT 06103
                                    Tel. (860) 548-2600
                                    Fax. (860) 548-2680
                                    egoldstein@uks.com

## CERTIFICATE OF CONFERENCE

     Pursuant to the Local Bankruptcy Rules for the Southern District of Texas, the undersigned counsel hereby certifies that a good faith effort has been made to confer with the opposing party or their counsel in an attempt to resolve the matters raised in the Motion filed on January 30, 2025. Counsel conferred with Maxim Litvak on January 27, 2025. The Parties were able to reach the stipulation set forth in the Motion.

                                                                 By:   */s/ Bruce W. Akerly*
                                                                        Bruce W. Akerly

**CERTIFICATE OF SERVICE**

The undersigned certifies that he caused a true and correct copy of the foregoing pleading to be served on all parties receiving ECF notices in the Case through the Court's ECF notification system and/or was mailed to all parties on the attached service list by regular mail, First-Class, on January 30, 2025.

See attached Matrix.

*/s/ Bruce W. Akerly*
Bruce W. Akerly