IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Kal Freight, Inc., et al.,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>(Jointly Administered) |

**DEBTORS' OBJECTION MOTION OF BMO BANK N.A.
FOR RELIEF FROM THE AUTOMATIC STAY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby object (this "Objection") to the *Motion of BMO Bank N.A. for Relief from the Automatic Stay* [Docket No. 315] (the "Motion")[2] filed on January 7, 2025 by BMO Bank N.A. f/k/a BMO Harris Bank N.A. ("Movant" or "BMO"). In support of this Objection, the Debtors state as follows:

**PRELIMINARY STATEMENT**

1.      The Bankruptcy Code provides debtors with the benefit of the automatic stay and a "breathing spell" from the repossession or surrender of estate property. This breathing spell allows debtors time to develop and finalize a plan of reorganization or other restructuring strategy. Here, like they did with many of their other secured creditors, the Debtors have offered BMO reasonable adequate protection payments for the Equipment and Inventory at issue (approximately $45,000 per week for the Equipment and approximately $10,300 per week for the Inventory) that is necessary for the Debtors' ongoing operations. In addition, the Debtors proposed to turnover to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

[2] All capitalized terms used but not defined herein have the meanings given to them in the Motion.

BMO any actual proceeds received from Equipment and/or Inventory that has been leased to third party lessees. The Debtors also expect to surrender certain Equipment and/or Inventory to BMO. These proposed terms have not yet been accepted by Movant.

2. The Debtors have offered BMO the same treatment as the Debtors' other lenders – adequate protection payments that are equivalent to the debt service on the Equipment and Inventory at issue. Movant will suffer no harm if the Motion is denied, whereas the estates would be severely prejudiced if the Equipment and Inventory is removed from the Debtors' business.[3]

3. The Debtors will continue their efforts to reach a consensual resolution with Movant pending the hearing on the Motion. If no resolution is reached and for the reasons set forth herein, the Motion should be denied.

## RELEVANT BACKGROUND

### A.   General Background

4. On December 5, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with this Court. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Bradley D. Sharp in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 5].

---

[3] Movant also raises in the Motion that the Debtors have failed to provide adequate proof of insurance to BMO. The Debtors have delivered evidence of insurance to BMO. If BMO continues to assert insufficiency of insurance as a basis for its Motion, the Debtors hereby incorporate herein the arguments and evidence that the Debtors offer in connection with their opposition to stay relief filed by PACCAR Financial Corp.

B.   **The Debtors' Relationship with Movant**

6.   Solely for purposes of this Objection and without prejudice to any of the estates' rights, the Debtors do not take issue with the liens and claims asserted by Movant against the Debtors or their assets, as set forth in the Motion.

7.   The Debtors have proposed approximately $45,000 per week for the Equipment and approximately $10,300 per week for the Inventory in adequate protection payments to BMO for the collateral that the Debtors seek to retain, plus turnover of any lease receipts for the Equipment and/or Inventory that are on lease to third parties.  The Debtors also propose to return certain Equipment and/or Inventory to BMO.

C.   **The Debtors' Chapter 11 Proceedings**

8.   The Debtors' bankruptcy cases commenced last month.  The Debtors have been focusing their efforts on selling or otherwise restructuring their business and obtaining final approval of several first day motions, including, but not limited to, debtor-in-possession financing and use of cash collateral with respect to over a dozen lenders, while continuing to operate their core trucking operations.  The Debtors have reached adequate protection stipulations with certain of their lenders and made a proposal to Movant.

9.   The Debtors are in the process of selling or otherwise restructuring their business. The Debtors are drafting a chapter 11 plan and are in negotiations with a prospective buyer of the Debtors' operating assets.  This is not the time, at this relatively early stage of these cases, to grant Movant relief from stay to recover the Vehicles that are important to the Debtors' estates and their ongoing restructuring efforts.

10.   The Debtors requested an initial extension of the objection deadline for the filing of Objection from Movant and received an extension through Friday, January 31, 2025.  The

extended deadline is today, and no further extension has been obtained. Accordingly, the Debtors file this Objection.

## OBJECTION

A. **The Automatic Stay is a Fundamental Protection and Exceptions are Narrow**

11. "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws."[4] The purpose of the automatic stay is "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor."[5] In short, its purpose is to "give the business a breathing spell… as well as to prevent creditors from obtaining preferential treatment by quick action."[6] "The automatic stay is critical to a debtor because it allows a debtor to focus on its reorganization instead of ligation."[7]

12. "The stay insures that the debtor's affairs will be centralized, initially in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all of the creditors' interests with one another."[8] Accordingly, the scope of the automatic stay is interpreted broadly, and exceptions narrowly drawn.[9]

---

[4] *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.),* 793 F.2d 1380, 1409 (5th Cir 1986), on reh'g, 808 F.2d 363 (5th Cir. 1987), aff'd sub nom., 484 U.S. 365 (1988).

[5] *In re Aleris Int'l. Inc.*, 456 B.R. 35, 46 (Bankr. D. Del. 2011).

[6] *In re Timbers of Inwood Forest Assocs., Ltd.*, 793 F.2d at 1387.

[7] *See In re Residential Capital, LLC*, 2012 WL 3249641, at *4 (Bankr. S.D.N.Y. Aug. 7, 2012).

[8] *Fidelity Mortg. Investors v. Camelia Builders, Inc. (In re Fidelity Mortg. Investors)*, 550 F.2d 47, 55 (2d Cir. 1976).

[9] *Gasprom, Inc. v. Fateh (In re Gasprom, Inc.)*, 500 B.R. 598, 606 (B.A.P. 9th Cir. 2013).

### B.     Movant Has Not Established Cause to Lift the Stay

13. Section 362(d)(1) of the Bankruptcy Code provides that a court shall grant relief from the automatic stay "for cause."[10] "Cause is not defined in the Bankruptcy Code, and must be determined on a case-by-case basis based on an examination of the totality of circumstances."[11] In making this determination, a court should "balance the inherent hardships on all parties and base its decision upon the degree of hardship and the overall goals of the Bankruptcy Code."[12] "Cause to lift the stay exists when the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors."[13] As part of this balancing, courts have considered "whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case."[14]

14. The party seeking to lift the stay "bears the initial burden of showing 'cause' for relief from the automatic stay."[15] This burden is particularly heavy where the moving party is an

---

[10]   11 U.S.C. § 362(d)(1).

[11]   *In re MCC Humble Auto Paint, Inc.*, 2011 WL 3799764, at *3 (Bankr. S.D. Tex. Aug. 25, 2011).

[12]   *In re Porter Dev. Partners, LLC*, 2018 WL 1626246, at *7 (Bankr. S.D. Tex. Mar. 30, 2018) (quoting *Matter of Northtown Mall Assoc.*, 3 F.3d 436 (5th Cir. 1993)).

[13]   *Matter of Northtown Mall Assocs.*, 3 F.3d 436, at *4 (reversing lift of stay).

[14]   *In re MCC Humble Auto Paint, Inc*., 2011 WL 3799764, at *3.

[15]   *HSH Nordbank AG v. Baytown Navigation, Inc. (In re Baytown Navigation, Inc.)*, 2012 WL 1123047, at *3 (S.D. Tex. Apr. 3, 2012).

unsecured creditor.[16]   If the party fails to make such a showing, "the court should deny relief without requiring any showing from the debtor."[17]

15.   Here, Movant has failed to meet its burden and the Motion should be denied. The Debtors have proposed adequate protection payments for the Equipment and Inventory that they propose to retain for operations in an amount equal to the pro-rated debt service on such Equipment and Inventory (approximately $45,000 per week for the Equipment and approximately $10,300 per week for the Inventory). This structure is consistent with the Debtors' agreements with other lenders in these cases. The Debtors also have proposed to surrender certain Equipment and/or Inventory and turnover to Movant any actual lease receipts realized by the Debtors from the Equipment and/or Inventory that has been leased to third parties. In light of this adequate protection proposal, Movant has not established cognizable harm or cause to justify relief from the stay.

16.   Moreover, lifting the automatic stay will prejudice the Debtors and other creditors and the balance of harms strongly disfavors granting the Motion. The Debtors are attempting to maintain operations and their going concern value for the benefit of their estates and all stakeholders. Allowing Movant to exercise remedies against the Equipment and Inventory that is necessary for the Debtors' ongoing operations stands starkly in the face of the proper administration of these bankruptcy cases. The Debtors therefore urge the Court to deny the Motion.

---

[16] *In re Eagle Enters., Inc.*, 265 B.R. 671, 680 (E.D. Pa. 2001) ("unsecured creditors are entitled to relief from an automatic stay only in extraordinary circumstances"); *In re Stranahan Gear Co.*, 67 B.R. 834, 838 (Bankr. E.D. Pa. 1986) ("Several factors militate strongly against the allowance of any relief … where the moving party is an unsecured creditor.").

[17] *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *see also Capital Communications Federal Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 48 (2d Cir. 1997) ("[A] bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.").

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court deny the Motion and grant such other and further relief as is just and proper under the circumstances.

Dated: January 31, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Teddy M. Kapur*
Teddy M. Kapur (SBT 24046186)
Maxim B. Litvak (SBT 24002482)
Benjamin L. Wallen (SBT 24102623)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
tkapur@pszjlaw.com
mlitvak@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulski (admitted *pro hac vice*)
Jeffrey W. Dulberg (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
rpachulski@pszjlaw.com
jdulberg@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

## **Certificate of Service**

I certify that on January 31, 2025, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Teddy M. Kapur*
Teddy M. Kapur