IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| KAL FREIGHT, INC., *et al.,* | § | CASE NO. 24-90614 (CML) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**EMERGENCY JOINT MOTION OF WELL FARGO EQUIPMENT FINANCE, INC. AND WELLS FARGO BANK, N.A. FOR RELIEF FROM THE AUTOMATIC STAY**

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule. Represented parties should act through their attorney. There will be a hearing on this matter on March 25, 2025 at 10:00 AM in courtroom 401, 515 Rusk, Houston, Texas 77002.**

**Emergency relief has been requested. Relief is requested not later than March 4, 2025. If the Court considers the motion on an emergency basis, then you will have fewer than 21 days to respond. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

COME NOW Wells Fargo Equipment Finance, Inc. ("***WFEF***") and Wells Fargo Bank, National Association ("***WFB***") (collectively, "***Wells Fargo***"), and jointly move for relief from the automatic stay for their respective equipment collateral in the Chapter 11

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 02335.

**Joint Motion – Page 1**

bankruptcy case of Kal Freight, Inc. (the "***Debtor***", and with its co-debtor affiliates, collectively the "***Debtors***").

## Summary

Pursuant to a Stipulated Order entered on January 29, 2025 [dkt. no. 430] (the "***Stipulated Order***"), the Debtors were required, among other things, to provide Wells Fargo with adequate protection for 83 trailers that the Debtors retained for use (as well as 40 trucks and trailers that the Debtors had leased prepetition without Wells Fargo's consent). Wells Fargo was to receive an adequate protection payment of $24,756.00 on Friday of each week, as well as the pass-through rental payments from the trailer lessees. The Debtors defaulted in the payment of the adequate protection payment due on Friday, February 14, 2025 and have advised Wells Fargo that they intend to commence an orderly liquidation of their business but lack the financial means to assemble and return the various lenders' collateral. The five-business day notice period under the Stipulated Order having now expired, Wells Fargo requests relief from the automatic stay on an emergency basis to quickly recover its rolling stock collateral before it is dissipated or lost as the Debtors are forced to cease operations and are effectively operating without casualty insurance due to their high-deductible policy.

## Jurisdiction, Venue, and Authority

1. The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Wells Fargo consents, pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Bankruptcy Local Rules for this district, to the entry of a final order by the Court in

connection with this Motion. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3. On December 5, 2024 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 cases are being jointly administered.

4. The subject Debtor, Kal Freight, Inc., operates the fleet of trucks, trailers, and related equipment utilized by the Debtors for product transportation. Prior to the Petition Date, Wells Fargo provided purchase money financing to the Debtor, on a secured basis, for Debtor's acquisition of certain trucks and trailers, pursuant to the following loan agreements:

   a. Combination Loan and Security Agreement no. XXX8375-000 dated 9/22/21 between WFEF, as lender, and the Debtor, as borrower, with an original principal amount of $1,234,161.04 to be repaid with interest in 48 monthly installments of $27,099.69 each, and which loan enabled the Debtor's acquisition of 10 new 2022 Freightliner Cascadia tractors;

   b. Master Loan and Security Agreement no. XXX-XXX0940 dated 4/22/22 between WFEF, as lender, and the Debtor, as borrower, including the following schedules (each constituting a separate loan funding):

   - Equipment Schedule no. 000 dated 4/22/22 with an original principal balance of $2,678,348.00 to be repaid with interest in 48 monthly

   installments of $61,413.90 each, and which loan enabled the Debtor's acquisition of 16 new 2023 Peterbilt model 579 tractors;

- Equipment Schedule no. 001 dated 4/26/22 with an original principal balance of $2,098,100.00 to be repaid with interest in 48 monthly installments of $48,108.95 each, and which loan enabled the Debtor's acquisition of 46 new 2023 Vanguard dry van trailers;

- Equipment Schedule no. 002 dated 7/7/22 with an original principal balance of $1,654,160.00 to be repaid with interest in 48 monthly installments of $38,402.12 each, and which loan enabled the Debtor's acquisition of 30 new 2023 Utility dry van trailers;

- Equipment Schedule no. 003 dated 8/30/22 with an original principal balance of $1,102,940.00 to be repaid with interest in 48 monthly installments of $25,530.04 each, and which loan enabled the Debtor's acquisition of 20 new 2023 Utility dry van trailers;

- Equipment Schedule no. 004 dated 9/1/22 with an original principal balance of $1,102,940.00 to be repaid with interest in 48 monthly installments of $25,530.04 each, and which loan enabled the Debtor's acquisition of 20 new 2023 Utility dry van trailers; and

c. Master Loan and Security Agreement no. XXX-XXX0940 dated 12/6/22 between WFB, as lender, and Debtor, as borrower, including the following schedules (each constituting a separate loan funding):

- Equipment Schedule 001 dated 12/6/22 with an original principal balance of $2,944,190.00 to be repaid with interest in 48 monthly installments of

4

$69,943.60 each, and which loan enabled the Debtor's acquisition of 30 new 2023 CIMC trailers, 16 new Carrier refrigeration units, and 14 new Thermo King refrigeration units;

- Equipment Schedule 002 dated 12/19/22 with an original principal balance of $1,962,960.00 to be repaid with interest in 48 monthly installments of $46,343.56 each, and which loan enabled the Debtor's acquisition of 20 new 2023 CIMC trailers, 18 new Carrier refrigeration units, and 2 new Thermo King refrigeration units; and

- Equipment Schedule no. 003 dated 2/2/23 with an original principal balance of $2,943,536.00 to be repaid with interest in 48 monthly installments of $69,674.60 each, and which loan enabled the Debtor's acquisition of 29 new 2023 CIMC trailers and 29 Thermo King refrigeration units;

(the aforedescribed loan agreements and equipment schedules being collectively referred to hereinafter as the "**Loan Agreements**") and the aforedescribed equipment, as more particularly described in the exhibits hereto, being collectively referred to as the "**Equipment**").  True and correct copies of the Loan Agreements are attached hereto as **Exhibit "A**."  Wells Fargo holds security interests in the Equipment and in the proceeds thereof.  A listing of the trucks and trailers constituting the Equipment is attached hereto as **Exhibit "B**."

5. In order to perfect its security interests in the Equipment, Wells Fargo's liens were noted on the certificates of title for the Equipment subject to state title registration laws.  Copies of the certificates of title for the Equipment evidencing Wells Fargo's security interests are attached hereto as **Exhibit "C**."

6. As of the Petition Date, the Debtor owed Wells Fargo at least the amount of **$7,853,318.82** pursuant to the Loan Agreements.

7. Each of the Loan Agreements requires the Debtor to keep the Equipment insured against all risks of physical loss or damage for its full replacement value, with Wells Fargo to be named as loss payee. Wells Fargo has been furnished with a certificate of insurance reflecting physical damage coverage on the Debtor's equipment issued by Lexington Ins. Co., but such certificate (attached hereto as **Exhibit "D"**) indicates that the deductible for any Equipment is $150,000.00 – which is more than the value of any individual truck or trailer unit. Therefore, Wells Fargo is effectively left uninsured in this case for the inevitable rolling stock collision/road hazard losses. Section 361 of the Code specifies that Wells Fargo is entitled to receive the indubitable equivalent of its interest in the Equipment – which may not merely be an administrative claim.

8. Post-petition, the Debtors and Wells Fargo entered into the Stipulated Order, which among other things identified 83 trailers subject to Wells Fargo liens that the Debtors were permitted to retain and use in their freight hauling business (as more particularly described in the Stipulated Order, the "Retained Collateral") and for which the Debtors were required to pay adequate protection of $24,756.00 per week by each Friday (the "***Adequate Protection Payment***"). In addition, the Stipulated Order identified 40 trucks and trailers subject to Wells Fargo liens that the Debtors had leased to third parties without Wells Fargo's consent prior to the Petition Date (as more particularly described in the Stipulated Order, the "***Leased Collateral***"), and required the Debtors to remit to Wells Fargo, on a weekly basis, their rental receipts from the lessees allocable to the Leased Collateral. The Stipulated Order lifted the automatic stay on all Equipment other than the

6

Retained Collateral and Leased Collateral (such residue being defined as the "Other Equipment").

9. The Debtors defaulted under the Stipulated Order on February 14, 2025 by failing to make their weekly Adequate Protection Payment due on such date. The Debtors subsequently advised Wells Fargo and certain other secured lenders that they were financially unable to make further Adequate Protection Payments and were commencing a winddown of their operations for which they lacked adequate funding without financing by secured lenders to enable them to physically assemble and surrender the lenders' equipment collateral. The Debtors further advised Wells Fargo that, in the absence of funding by Wells Fargo, the Debtors "will likely abandon their interests in [Wells Fargo's] collateral." Such an abandonment threatens immediate and irreparable harm to the Retained Collateral and the Leased Collateral by leaving it exposed to dissipation, loss, and displacement across the United States.

10. The Stipulated Order (§ 5, p. 10) provided that upon the occurrence of a "Termination Event" such as a payment default, Wells Fargo could file a motion for relief from the automatic stay upon five (5) business days notice to Debtors' and creditors' committee's counsel, which Wells Fargo sent on February 18, 2025.

**Basis for Relief**

10. Wells Fargo is entitled to relief from the automatic stay under § 362(d)(1) for cause, including the lack of adequate protection in the Retained Collateral and Leased Collateral, as required by §§ 361 and 363(e), which the Debtor is unable to offer or provide. Adequate protection is required, pursuant to the Stipulated Order, due to the continuing diminution in value of the Equipment from wear and tear, weathering, depreciation from

use, and technological obsolescence with passage of time and rollout of new year models. It is appropriate and necessary for the Court to terminate the automatic stay in view of the Debtors' inability to make required weekly cash Adequate Protection Payments and to maintain *adequate* loss insurance on the Retained Collateral and Leased Collateral.

11. Alternatively, Wells Fargo is entitled to relief from the automatic stay under § 362(d)(2) because the Debtor has no equity in the Retained Collateral and LeasedEquipment, and such equipment is not necessary to an effective reorganization by the Debtor, the prospects for which have now evaporated.

12. In the event that the Court determines that the automatic stay should be modified in favor of Wells Fargo, there is cause for waiver of the 14-day stay period of Rule 4001(a)(3) because the Debtor is winding down its operations and Wells Fargo is in a better financial position than the Debtor to insure, maintain, protect, and preserve the Retained Collateral and Leased Collateral during such period, and because the Debtor effectively has no insurance on any particular unit due to the high-deductible policy it holds.

WHEREFORE, PREMISES CONSIDERED, Wells Fargo respectfully requests that this Court (i) grant the Motion, (ii) terminate the automatic stay in favor of Wells Fargo so that it may exercise its contractual and legal remedies against the Retained Collateral and Leased Collateral and their proceeds (including insurance proceeds) and (iii) grant Wells Fargo any further relief to which it may be justly entitled.

Respectfully submitted

**Palmer Lehman Sandberg, PLLC**

*/s/  Larry Chek*
Larry Chek
State Bar No. 04174650
8350 N. Central Expressway,
Suite 1111
Dallas, Texas  75206
Telephone:  (214) 242-6444
Facsimile:  (214) 265-1950

ATTORNEYS FOR WELLS
FARGO EQUIPMENT FINANCE,
INC. AND WELLS FARGO BANK,
NATIONAL ASSOCIATION

**Certificate of Conference**

On February 18, 2025, I sent to Debtors' and creditors committee's respective counsel an emailed notice of a termination event under the Stipulated Order.  Further emails were exchanged on February 18 and 24 with Maxim Littwak, an attorney for the Debtors, in which he reported that the Debtors were commencing an orderly liquidation and could no longer make Adequate Protection Payments. Mr. Littwak stated that the debtors oppose emergency relief but are working on a proposal to lift the automatic stay for all rolling stock lenders.  Discussions continue with the aim of an agreed lift stay order in favor of all rolling stock lenders conditioned on funding by such lenders.

*/s/  Larry Chek*
Larry Chek

**Certification under Bankruptcy Local Rule 9013-1(i)**

Pursuant to Bankruptcy Local Rule 9013-1(i), the undersigned counsel certifies that the basis for emergency relief set forth herein is accurate to the best of my knowledge, information, and belief.

*/s/ Larry Chek*
Larry Chek

**Certificate of Service**

The undersigned attorney for Wells Fargo hereby certifies that a copy of the foregoing has been served via the Court's CM/ECF system on the date of filing the Motion **(2/26/25)**.

<em>Larry Chek</em>_____