UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KAL FREIGHT INC., *et al.*,[1] | ) | Case No. 24-90614 |
| | ) | |
| Debtor(s). | ) | (Jointly Administered) |
| | ) | |

**EMERGENCY MOTION OF THE UNITED STATES TRUSTEE TO CONVERT CASES TO CHAPTER 7**

*****************************************************************************************

**BLR 9013 NOTICE**: **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested**. **Relief is requested no later than March 4, 2025, at 1:00 PM (CST). If you object to the requested relief or if you believe that the emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that the relief is requested.**
*****************************************************************************************

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), by and through the undersigned counsel, files this Motion to Convert Cases to Chapter 7, and represents as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 Cases is 10156 Live Oak Ave., Fontana, CA 92335.

1

### I.  Request for Emergency Relief

1. The U.S. Trustee requests emergency consideration of this Motion to be heard on March 4, 2025, at 1:00 PM (CST) with the other matters scheduled for that hearing. Emergency consideration is warranted because numerous parties are requesting that various matters be considered at such hearing including the Debtors' Emergency Motion for Conditional Approval of the Disclosure Statement, the Unsecured Creditors Committee ("UCC") Motion to Convert, Vanguard and CRTI's Motion to Convert, and the motions for relief of the automatic stay of various creditors, among other matters. By information and belief, the Debtors are administratively insolvent, and the estate does not have sufficient funds to go forward with a contested plan confirmation process. This Motion to Convert should be heard as soon as possible to preserve resources of the estate for the benefit of creditors.

### II.  Preliminary Statement

2. Cause exists to convert this bankruptcy cases to chapter 7. The Debtors have experienced a negative cash flow throughout the entire bankruptcy period to the point that the Debtors are administratively insolvent. The cost and expense of a contested plan confirmation process is unwarranted when the Debtors do not have a reasonable likelihood of rehabilitation. Also, the current management of the Debtors has not investigated the pre-petition malfeasance committed by insiders of the Debtors. As a result, the Debtors filed inaccurate and unreliable schedules and statements —based on the book and records used in the malfeasance. Notably, the schedules do not disclose claims against insiders. Thus, such claims are not being preserved for the estate.

3. The Debtors continue to operate their business —a large transportation and logistics operation that requires the use of thousands of trucks and trailers— without appropriate

insurance creating a risk of loss to the estate. Finally, the Debtors have failed to comply with reporting requirements under applicable. For the reasons explained in this Motion, these cases should be converted to chapter 7.

### III.     Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

4.     The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

5.     This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

6.     Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7. The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

7.     The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code. 28 U.S.C. § 586(a)(3). In chapter 11, the U.S. Trustee's supervisory responsibilities include monitoring plans and disclosure statements and filing comments with the court. 28 U.S.C. § 586(a)(3)(B).

### IV.     Factual Background

8.     On December 5, 2024, Kal Freight, Inc., Kal Aviation, LLC, Kal Trailers & Leasing, Inc., and KVL Tires, Inc. (collectively the "Debtors") filed a voluntary petition for relief under Title 11 of the United States Code, 11 U.S.C. § 101 *et seq* (the "Bankruptcy Code") with the

United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). *See* ECF Nos. 1 and 28.

9. On even date, the Debtors filed an Emergency Motion for Entry of Order (i) Ratifying the Appointment of Independent Directors Effective as of the Petition Date; and (ii) Authorizing the Payment of Director Fees (the "Independent Directors Motion"). *See* ECF No. 10.

10. The Debtors operate a large trucking transportation business that requires the use of thousands of trucks and trailers.

11. The Declaration of Bradly D. Sharp, Chief Restructuring Officer, (the "CRO") in support of Debtors' chapter 11 petitions and first day relief provides in relevant part as follows:

> "Aside from the foregoing debt obligations, the Debtors have been the subject of various allegations of malfeasance, including that certain of the Debtors' personnel improperly moved trucks and trailers from the United States to Canada, improperly titled vehicles, and engaged in inappropriate accounting practices. These allegations, some of which were made public in a pending lawsuit, along with the Debtors' financial difficulties and payment defaults, have caused certain of the Prepetition Secured Parties to take legal action against the Debtors, including noticing defaults, and initiating foreclosure proceedings."

ECF No. 5, p. 5, ¶ 10.

12. On December 6, 2025, the Court entered an Order granting the Independent Directors Motion. *See* ECF No. 59.

13. On December 18, 2025, the U.S. Trustee filed the Notice of Appointment of the Unsecured Creditors Committee. *See* ECF No. 184.

14. On January 24, 2025, Fifth Third Bank, N.A., Mitsubishi HC Capital Canada, Inc., and Truist Equipment Corp. filed a Motion to Appoint an Examiner. *See* ECF No. 386.

15. On February 3, 2025, the Debtors filed schedules and statements. *See* ECF Nos. 465 – 474. The schedules and statements are signed under penalty of perjury by the CRO.

16. On February 6, 2025, the meeting of creditors under section 341 of the Bankruptcy Code was held.

17. The CRO appeared at the meeting of creditors on behalf of the Debtors and testified under oath that the schedules and statements were prepared using the Debtors' books and records. Also, the CRO testified that he and his team have not investigated the accuracy of the Debtors' books and records, nor conducted an inventory to corroborate the property reported in such records exists.

18. Kal Freight, Inc., reports in Schedule A/B that it has a 100 percent ownership interest in two businesses: (i) Exeter 23606 WY LLC; and (ii) 3393 Jonesboro LLC. *See* ECF No. 465, p. 18, Question #15.

19. On February 11, 2025, the Debtors filed a combined Disclosure Statement and Chapter 11 Plan of Reorganization (the "Plan"). *See* ECF No. 515).

20. As of the date of the filing of this Motion, 16 motions for relief from the automatic stay have been filed by various creditors. *See* ECF Nos. 138, 163, 315, 332, 337, 338, 354, 355, 372, 389, 408, 411, 523, 576, 577, 595.

21. Kalvinder Singh —the sole stockholder and pre-petition manager and director of the Debtors— continues to be involved in the post-petition operations of the Debtors and is funding the Debtors.

22. On February 25, 2025, Vanguard National Trailer Corporation and CIMC Reefer Trailer, Inc., filed the Emergency Motion to Convert these Cases to Cases Under Chapter 7, or in the Alternative, Appoint a Chapter 11 Trustee. *See* ECF No. 567 and 569.

23. On February 26, 2025, the UCC filed the Omnibus Objection to Motions Scheduled for March 4, 2025 Hearing and Emergency Cross-Motion for Order Converting Cases to Chapter 7. *See* ECF No. 583.

24. The Debtors have not filed the reports of financial information on entities on which it has a controlling or substantial interest as required under Fed.R.Bankr.P. 2015.3.

25. The Debtors have not filed the Monthly Operating Report ("MOR") for the period of January of 2025.

## V.  Argument

**A.  Applicable Law**

26. Section 1112(b)(1) of the Code provides that the Court must dismiss or convert, whichever is in the best interests of creditors and the estate, if the movant establishes "cause" unless the Court determines that the appointment of a chapter 11 trustee or examiner is in the best interests of creditors and the estate.  11 U.S.C. § 1112(b)(1).

27. Under section 1112(b)(4), "cause" includes:

　　(A)  substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

　　(B)  gross mismanagement of the estate;

　　(C)  failure to maintain appropriate insurance that poses a risk to the estate or to the public;

　　…

　　(F)  unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

　　…

　　(H)  failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

　　…

6

11 U.S.C. § 1112(b)(4).

28.     Although section 1112(b)(4) does not list bad-faith conduct as cause for conversion, "[b]ankruptcy courts nevertheless routinely treat dismissal for . . . bad-faith conduct as implicitly authorized by the words for cause." *In re Zamora-Quezada*, 622 B.R. 865, 879 (Bankr. S.D. Tex. 2017) (citing *Marrama v. Citizens Bank*, 549 U.S. 365, n.1, 373 (2007)). *See In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986) ("Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings.").

**B.     Debtors Do Not Have a Reasonable Likelihood of Rehabilitation.**

29.     The Plan proposed by the Debtors provides two options to emerge from chapter 11: (i) the sale of Debtors' business as a going concern; and (ii) the winddown of Debtors' business. Both options are clearly out of reach for the Debtors. The sale of Debtors' business is not feasible because the secured lenders are not interested in providing financing to the prospective buyer. Also, the Debtors are administratively insolvent and cannot fund a winddown process under the Plan. *See* ECF No. 583, p. 9, ¶ 17.

30.     The UCC informed the Court the Debtors are administratively insolvent with approximately $4.8 million in outstanding administrative claims and no capacity to pay them. *Id*. at 8, ¶ 16. The Debtor's post-petition performance shows a decline in revenue as they have not met the cash receipts forecast and experienced a negative cash flow over the entire bankruptcy period. *Id*. at 8, ¶ 13.

31.     Under these circumstances, there is no justification for the additional administrative expense to the estate associated with the contested confirmation of a chapter 11 plan. *See In re Ford Steel, LLC,* 629 B.R. 871, 880 (Bankr. S.D. TX 2021) ("As explained in

7

*Collier*, 'the standard under section 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort.'"). *See also, Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1073 (5th Cir. 1986), citing *Winshall Settlor's Thrust*, 758 F.2d at 1137 ("[t]he purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state. '[I]f there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its *raison d'etre*....'") (Internal citations omitted).

32. The continuation of the reorganization efforts is not justified in this case. The Debtors do not have a viable alternative for the sale of their business. Moreover, the Debtors lack the financial resources to fund a winddown process. The additional expense to the estate of a contested confirmation of a plan is unwarranted. The winddown of the Debtors' business can be achieved in a chapter 7 at a lower cost to the estate. For these reasons, cause exists to convert these cases to chapter 7 under section 1112(b)(4)(A) of the Bankruptcy as the Debtors do not have a reasonable likelihood of rehabilitation.

C. **Gross mismanagement of the Estate**.

33. The current management of the Debtors has failed to investigate the malfeasance of the pre-petition management led by Mr. Singh. The allegations of malfeasance include financial improprieties such as keeping inaccurate books and records, double pledging property to obtain loans fraudulently, and transferring and hiding collateral to keep it out of the reach of creditors.

34. The schedules and statements filed in these cases were prepared by the CRO and his team using the books and records of the Debtors. The very same books and records alleged to

8

be part of the pre-petition malfeasance. The CRO testified at the meeting of creditors that the Debtors will not investigate the malfeasance.

35. Notably, the schedules do not disclose claims against Mr. Singh or any other insider of the Debtors. An investigation of the pre-petition malfeasance is necessary to ensure the misconduct has not continued after the filing of the bankruptcy, identify and disclose claims against insiders of the Debtors, and update the books and records of the Debtors to have complete and reliable information about the Debtors' financial condition.

36. Here the Debtors' decision to not investigate the malfeasance is gross mismanagement of the estate because they are capitulating their fiduciary duty to identify and preserve causes of action of the estate. "A debtor in possession is vested with significant power under the Bankruptcy Code and that power comes with certain responsibilities. A debtor in possession owes a fiduciary duty to its creditors. Gross mismanagement is a breach of that duty." *In re Turkey Leg Hut & Co. LLC*, 665 B.R. 129, 140 (Bankr. S.D. Tex. 2024). For these reasons, cause exist to convert these cases to chapter 7 under section 1112(b)(4)(B) of the Bankruptcy Code.

   **D.      Failure to Maintain Appropriate Insurance.**

37. The Debtors' core business is logistics and transportation. The Debtors use a large fleet of thousands of trucks and trailers. The value of the trucks and trailers owned by Kal Fright, Inc., alone is listed in Schedule A/B as $157,796,628.63. *See* ECF No. 465, p. 21, Question #47.1. However, the insurance maintained by the Debtor is inappropriate for the size of the business and prosses a risk to the estate.

38. The auto liability maintained by Kal Freight, Inc. has a limit of $1,000,000 and a deductible of $1,000,000. The cargo and physical damage insurance has a limit of $150,000 per any one vehicle and a deductible of $150,000 per occurrence. These insurance arrangements

9

effectively make the company a self-insured business with the limitation that the Debtors do not have enough funds to cover the deductibles.

39. The insurance maintained by the Debtors is not appropriate and poses a risk to the estate. *See In re Turkey Leg Hut & Co. LLC*, 665 B.R. 129, 139 (Bankr. S.D. Tex. 2024) (Holding that insure with a limit of $100,000 is not adequate and poses a risk of loss of the estate when the debtor's schedules show the total net book value of office furniture, fixtures and equipment is $467,891). For this reason, cause exists to convert these cases to chapter 7 under section 1112(b)(4)(C) of the Bankruptcy Code.

### E. The Debtors Failed to Timely File Reports and Accurate Schedules.

40. The Debtors have failed to file the MOR for the period of January of 2025 as required under Fed.R.Bankr.P. 2015(a)(3) and (5). Moreover, under Fed.R.Bankr.P. 2015.3, the Debtors were required to file reports of financial information for the two entities owned and controlled by Kal Freight, Inc (i.e., Exeter 23606 WY LLC, and 3393 Jonesboro LLC. *See* ECF No. 465, p. 18, Question #15. *See In re Aurora Memory Care, LLC*, 589 B.R. 631, 639 (Bankr. N.D. Ill. 2018) ("Monthly operating reports 'are much more than busy work imposed upon a Chapter 11 debtor for no reason other than to require it do something.' They are 'the life blood' of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file accurate and timely reports undermines the chapter 11 process and is considered a serious breach of a debtor's fiduciary obligations to creditors.") (internal citations omitted).

41. The schedules and statements submitted in these cases were prepared using the Debtors' books and records used in the pre-petition malfeasance. However, the current management of the Debtor has not independently investigated the accuracy of the Debtors' books and records. The schedules do not show claims against insiders of the Debtors, which are assets of

10

the estate. The omission these assets in unjustified considering the Debtors acknowledged the pre-petition malfeasance when it requested this Court to ratify the appointment of two independent directors. *See In re Melendez Concrete Inc.*, No. 11-09-12334 JA, 2009 WL 2997920, at *6 (Bankr. D.N.M. Sept. 15, 2009) ("the Court finds that the failures on the part of the Debtor to schedule or disclose substantial claims against insiders until raised by the Bank's motion to convert or dismiss, failure to timely file the June 2009 monthly operating report, and failure to include an income statement and balance sheet as part of the operating reports for either June or July 2009, together with pre-petition conduct on the part of the Debtor, discrepancies between the Debtor's equipment list and the equipment list for the insurance policy, and the Debtor's lack of care in producing documents required by the Rule 2004 order, constitute cause to dismiss or convert."). Failure to file reports required under the Federal Rules of Bankruptcy Procedure and file accurate schedules is cause to convert these cases to chapter 7 under section 1112(b)(4)(F).

## VI.   Conclusion

42.    Conversion, instead of dismissal, is in the best interest of the bankruptcy estate. *See,* 11 U.S.C. § 1112(b)(1) (providing that the remedy is conversion or dismissal, depending on "the best interest of creditors and the estate"). A chapter 7 trustee can investigate the allegations of malfeasance by insiders, and preserve and prosecute causes of action of the estate for the benefit of unsecured creditors. For the reasons stated in this Motion, the U.S. Trustee respectfully requests conversion of these cases to chapter 7 instead of dismissal of this case.

**WHEREFORE**, the U.S. Trustee respectfully requests this Court to enter an Order converting these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

Dated: February 28, 2025

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

By: /s/ Andrew Jiménez
Andrew Jiménez
U.S. Department of Justice
United States Trustee Program
District of Columbia Bar 991907
Email: Andrew.Jimenez@usdoj.gov
515 Rusk Street, Suite 3516
Houston, TX 77002
(713) 718-4668
(713) 718-4670 Fax

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing EMERGENCY MOTION OF THE UNITED STATES TRUSTEE TO CONVERT CASES TO CHAPTER 7 was served upon all parties entitled to receive notice by CM/ECF on February 28, 2025.

/s/ Andrew Jiménez
Andrew Jiménez