IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| Kal Freight Inc., *et al.*[1] | § | |
| | § | Case No.  24-90614 (CML) |
| | § | (Jointly Administered) |
| Debtors. | § | Related Docket Nos. 183, 219, 582 |

**BANC OF AMERICA LEASING & CAPITAL, LLC'S STATEMENT REGARDING CONVERSION; THE LIFTING THE AUTOMATIC STAY**

Banc of America Leasing & Capital, LLC ("BALC"), by and through its undersigned counsel, hereby submits the following statement regarding the *Omnibus Objection of the Official Creditors Committee to Motions Scheduled for March 4, 2025 Hearing and Emergency Cross-Motion for Order converting cases to chapter 7* (Dkt. No. 582) (the "Emergency Motion"), filed by the Official Committee of Unsecured Creditors ("Committee"), and requests that the Court lift the automatic stay, with respect to BALC's collateral, under the terms and conditions set forth herein.

**I.**

**STATEMENT**

1. As set forth more fully in the Motion regarding Adequate Protection and Modifying Relief from Stay [Dkt. 193] (the "Adequate Protection Motion"), and Interim Order granting the Motion [Dkt. 219] (the "Adequate Protection and Lift Stay Order"), BALC is a

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Patz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oka Ave., Fontana, CA 92335.

secured lender of the Debtors with respect to hundreds of pieces of rolling collateral (and some limited non-rolling collateral), comprised mostly of tractor trucks and trailers (as described in Adequate Protection and Lift Stay Order, the "BALC Collateral").

2. Pursuant to the Adequate Protection and Lift Stay Order, BALC was entitled to received adequate protection payments for the BALC Collateral retained by the Debtors (the "Retained Collateral") and the Debtors were further obligated to turn over to BALC the proceeds of all leased BALC Collateral (the "Leased Collateral"). The Debtors were obligated to return to BALC the BALC Collateral in their possession but no longer being retained by the Debtors (the "Returned Collateral"), and as to the BALC Collateral not subject to timely-performing leases and not in the possession of the Debtors (the "Other Collateral"), the automatic stay was lifted to permit BALC to enforce its rights and remedies as to such Other Collateral (as well as to take possession of the Returned Collateral).

3. BALC has been very supportive and cooperative of the Debtors' efforts to conduct an orderly process in these bankruptcy cases. However, despite having an obligation to make adequate protection payments on account of Retained Collateral, and despite having inadequate insurance to protect the Retained Collateral, the Debtors have failed to remit to BALC **any** adequate protection payments for the Retained Collateral since February 7, 2025. Or, to put it more plainly, the Debtors have profited from the continued use of the Retained Collateral for more than three weeks without paying BALC for the diminution of such Retained Collateral for that period of time, which has greatly damaged BALC and which also is a violation of the Adequate Protection and Lift Stay Order. While the Debtors have turned over proceeds of the Leased Collateral, this is a small fraction of the sums past due and owing to BALC.

4. Just as concerning is that despite diligent efforts by BALC to negotiate with the Debtors regarding the return of the Returned Collateral, which the Debtors were ordered to return in December 2024, approximately 17 of the units of Returned Collateral have not been returned as of the date of this statement, which has further damaged BALC and which is a further violation of the Adequate Protection and Lift Stay Order. BALC has received no adequate protection payments for the Returned Collateral units that were not returned and may have been utilized by the estate since the filing of the petition.

5. Notwithstanding the foregoing, BALC has been reasonable and cooperative with the Debtors in an effort to provide a "soft landing" for the Debtors in an orderly wind-down. BALC understands that the Debtors are in a difficult financial position and BALC has exercised restraint in these bankruptcy cases so as not to compound these difficulties. However, BALC is now facing the potential conversion of these bankruptcy cases, on an emergency basis, without having received the appropriate protections due to BALC under the Adequate Protection and Lift Stay Order.

6. If this Court is considering the conversion of these cases based upon the Emergency Motion or otherwise, BALC requests that any conversion be delayed for a few weeks so as **not** interfere with the orderly and sensible wind down process of these estates, which is necessary to protect the creditors and interest holders in these cases. BALC fears that an immediate conversion would result in chaos with employees going unpaid and collateral being abandoned in unknown places with cargo on board. The employees, particularly the drivers, of the Debtors, must be afforded reasonable protections so that they are advised of the wind down, freight shipments in process are completed, drivers are paid and the Debtors' property (and BALC's collateral) is returned undamaged. The Debtors' property must be delivered to a safe

location accessible to BALC and to other secured creditors, and the automatic stay should be lifted as to all remaining collateral (to the extent not already lifted in the Adequate Protection and Lift Stay Order), so that creditors like BALC may retrieve, secure and protect their collateral to stop the damages that they are suffering.

7. Any other process, including the immediate conversion of these bankruptcy cases, will almost certainly result in the damage of Debtors' property, in further damages to BALC and to other creditors, to the drastic increase of claims by BALC and others (including administrative claims) in these bankruptcy cases, and will also result in an avalanche of motions practice by numerous secured creditors seeking relief from stay on emergency bases.   This result is a waste of limited judicial resources, of limited resources of the Debtors, and will not help any creditors (secured or unsecured or administrative), and would be inequitable for all creditors and interest holders.

## II.

## CONCLUSION

8. BALC respectfully requests that if Court is inclined to convert it does so after a 15-day period and grants relief from stay for secured creditors.

**DATED: February 28, 2025**                    Respectfully submitted,

**REED SMITH, LLP**

By:     /s/ Marsha A. Houston
Marsha A. Houston (*pro hac vice*)
Christopher Rivas *(pro hac vice)*
Devan J. Dal Col – SBT #24116244

**ATTORNEYS FOR BANC OF AMERICA LEASING & CAPITAL, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that on **February 28, 2025**, a true and correct copy of the above motion was electronically mailed to the parties registered or otherwise entitled to receive electronic notices in this Case pursuant to the Electronic Filing Procedures in this District.

      /s/ *Marsha A. Houston*
      Counsel