IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>KAL FREIGHT INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24- 90614 (CML)<br><br>(Jointly Administered) |

**MOTION OF VANGUARD NATIONAL TRAILER CORPORATION AND CIMC REEFER TRAILER, INC. TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION IN THE WITNESS AND EXHIBIT LIST FOR HEARING SCHEDULED FOR MARCH 12, 2025 AT 10:00 A.M. (PREVAILING CENTRAL TIME)**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Vanguard National Trailer Corporation and its affiliates ("**Vanguard**") and CIMC Reefer Trailer, Inc. ("**CRTI**") state as follows in support of this motion (the "**Motion**"):

**Relief Requested**

1. Vanguard and CRTI seek entry of an order, substantially in the form attached hereto (the "**Order**"), (a) authorizing Vanguard and CRTI to file under seal Exhibit 12 (the "**Exhibit 12**") in the *Vanguard National Trailer Corporation and CIMC Reefer Trailer, Inc.'s Witness and Exhibit List for Hearing Scheduled for March 12, 2025 at 10:00 a.m. (Prevailing Central Time)* [Docket No. 728] (the "**Witness and Exhibit List**"); (b) authorizing Vanguard and CRTI to file

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); KALWAY Inc. (2466); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 Cases is 10156 Live Oak Ave., Fontana, CA 92335.

the redacted version of the Witness and Exhibit List on the public docket for the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"); and (c) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 9013-1(b) and 9037-1 of the Bankruptcy Local Rules of the Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## BACKGROUND

*I.    General Background*

5. On December 5, 2024 (the "**Petition Date**"), KAL Trailers, KAL Freight and their affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Court. In support of the relief sought in the pleadings accompanying the Debtors' chapter 11 petitions, the Debtors filed the *Declaration of Bradley D. Sharp in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 5] (the "**First Day Declaration**"). On December 18, 2024, the United States Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors pursuant to section 1102(a)(1) of the Bankruptcy Code. [Docket No. 184].

2

6.      Vanguard and CRTI manufacture and sell dry van and refrigerated trailers and related parts. Since 2022, Vanguard and CRTI have been selling refrigerated and dry van trailers and related equipment to Debtor KAL Trailers & Leasing Inc. ("**Kal Trailers**") pursuant to certain purchase orders, invoices, and contracts (the "**Sale Agreements**"). As of the Petition Date, the Debtors owed Vanguard approximately $18.3 million in unpaid invoices for 482 dry van trailers and CRTI approximately $5.9 million in unpaid invoices for 105 reefer trailers. On August 24, 2024, August 28, 2024, and October 16, 2024, Vanguard filed UCC-1 financing statements against the unpaid trailers. On February 6, 2025, Vanguard and CRTI filed an adversary complaint against KAL Trailers and KAL Freight and Mr. Singh, among others, seeking a declaratory judgment that the 747 trailers manufactured by Vanguard and CRTI are not property of the Debtors' estates, and demanding that the Debtors return the trailers in their physical possession to Vanguard and CRTI. [Adv. Pro. No. 25-03030, Docket No. 1].

II.     *Background Pertinent to the Conversion Motion, Sale Motion, and Settlement Motion*

7.      The Debtors operate a trucking and logistics business and are wholly owned by Kalvinder Singh ("**Mr. Singh**"). *See* First Day Declaration ¶¶ 12-17. Prior to the Petition Date, Mr. Singh served as the sole executive officer for each of the Debtors. First Day Declaration ¶ 23.

8.      Prior to the bankruptcy filing, the Debtors, their management, and Mr. Singh were alleged to have engaged in widespread intentional malfeasance, including improperly titling vehicles, swapping vehicle VIN numbers, double pledging collateral, and moving vehicles beyond the reach of creditors.

9.      The Debtors' malfeasance is continuing to be exposed in these Chapter 11 Cases, and significant disputes have arisen regarding ownership of, and security interests in, the trucks and trailers. Even though an extensive and thorough investigation of all alleged malfeasance and

3

accurate accounting of the Debtors' assets and liabilities are necessary to evaluate potential causes of action, ascertain options for reorganization, and ensure that there is no ongoing malfeasance (particularly with ongoing involvement of Mr. Singh in the Debtors' affairs), the Debtors have shown they have no intent to do so.

10. The Debtors' dire financial situation has caused various alleged prepetition secured parties to lose faith in the Debtors' ability to reorganize or consummate a sale. These Chapter 11 Cases have no viable path to reorganization or realistic prospects for a sale. As a result, Vanguard and CRTI filed the motion seeking to convert these Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code (the "**Conversion Motion**").

11. In addition, on March 7, 2025, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing (A) the Sale of Certain Assets Free and Clear of Liens, Claims, Rights, Interests, Charges, and Encumbrances, (B) the Debtors to Enter Into and Perform Under the Purchase Agreement, and (C) the Assumption and Assignment of Certain Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 692] (the "**Sale Motion**") and the *Debtors' Emergency Motion For Entry Of An Order (I) Approving Binding Settlement Term Sheet With Participating Lenders And Committee, (II) Authorizing Relief From Automatic Stay And/Or Abandonment Of Certain Collateral, And (III) Granting Related Relief* [Docket No. 691] (the "**Settlement Motion**").

12. In connection with the Sale Motion and the Settlement Motion, both of which are requested to be heard at the March 12, 2025 hearing, among other matters going forward, Vanguard and CRTI filed the Witness and Exhibit List.

**BASIS FOR RELIEF**

13. Exhibit 12 contains certain non-public, sensitive commercial information regarding the business performance, cash flow, and inventory of the Debtor (the "**Confidential Information**"). Disclosure of the Confidential Information could cause harm to the Debtors and other parties in interest if made publicly available. Accordingly, Vanguard and CRTI seek entry of an order, substantially in the form of the proposed order submitted herewith, authorizing Vanguard and CRTI to file Exhibit 12 under seal, and to file the redacted version of the Witness and Exhibit List on the public docket, as provided herein.

14. The Confidential Information should be sealed pursuant to sections 105(a) and 107(b) of the Bankruptcy Code as well as Bankruptcy Rule 9018. Section 105(a) of the Bankruptcy Code, which codifies the Bankruptcy Court's inherent equitable powers, empowers this Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b); *see also In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information.").

15. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part, that "the court may . . .

issue any order that justice requires to . . . protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information." *See* Bankruptcy Rule 9018.  Further, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal." *See* Bankruptcy Local Rule 9037-1.

16. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re 50-Off Stores, Inc.*, 213 B.R. 646, 655-56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).  Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion*, 21 F.3d at 27.  The "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

17. The Confidential Information falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018.  Commercial information is that which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *Orion*, 21 F.3d at 27); *In re Orion Pictures Corp.*, 21 F.3d at 27-28 (stating that section 107(b)(1) creates an exception to the general rule permitting open examination of court records by the public and that under this

6

exception, an interested party must only show that the information it wishes to seal is "confidential commercial" in nature). Section 107(b) of the Bankruptcy Code is "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) (internal citations omitted).

18. Exhibit 12 contains sensitive commercial information regarding the business performance, cash flow, and inventory of the Debtors and is commercial in nature.

19. In light of the foregoing, Vanguard and CRTI request that the Court enter an order authorizing the filing under seal of Exhibit 12, and filing the redacted version of the Witness and Exhibit List on the public docket. Vanguard and CRTI will provide unredacted copies to certain parties on a confidential basis, including, for the avoidance of doubt, the Court, the U.S. Trustee, counsel to the Debtors, and counsel to the Committee. Vanguard and CRTI submit that good cause exists to authorize Vanguard and CRTI to file Exhibit 12 under seal and to file the redacted version of the Witness and Exhibit List on the public docket.

## NOTICE

20. Vanguard and CRTI will provide notice of this Motion to: (a) the U.S. Trustee for the Southern District of Texas; (b) counsel to the Debtors; (c) counsel to the Committee; (d) the United States Attorney's Office for the Southern District of Texas; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be provided.

**WHEREFORE**, Vanguard and CRTI respectfully request that the Court enter the Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate.

Dated: March 10, 2025  
Los Angeles, California

*/S/ Roberto Kampfner*
**WHITE & CASE LLP**
Roberto Kampfner (admitted *pro hac vice*)
Matthew Lewis (admitted *pro hac vice*)
Mark Gustafson (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:      (213) 620-7700
Email: rkampfner@whitecase.com
            mlewis@whitecase.com
            mgustafson@whitecase.com

– and –

Charles R. Koster (TX Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone:      (713) 496-9700
Email:  charles.koster@whitecase.com

– and –

David Turetsky (admitted *pro hac vice*)
Livy Mezei (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: david.turetsky@whitecase.com
            livy.mezei@whitecase.com

– and –

Fan He (admitted *pro hac vice*)
Southeast Financial Center
Suite 4900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: fhe@whitecase.com

*Counsel to Vanguard National Trailer Corporation and CIMC Reefer Trailer, Inc.*

**CERTIFICATE OF SERVICE**

      I certify that on March 10, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/ Roberto Kampfner*
                                                  Roberto Kampfner