IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| KAL FREIGHT, INC., *et al*. | § | Case No. 24-90614 (CML) |
| | § | |
| Debtors.¹ | § | (Jointly Administered) |
| | § | |

**JOINDER OF SIMMONS BANK TO U.S. BANK NATIONAL ASSOCIATION D/B/A U.S. BANK EQUIPMENT FINANCE'S OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) APPROVING BINDING SETTLEMENT TERM SHEET WITH PARTICIPATING LENDERS AND COMMITTEE, (II) AUTHORIZING RELIEF FROM THE AUTOMATIC STAY AND/OR ABANDONMENT OF CERTAIN COLLATERAL, AND (III) GRANTING RELATED RELIEF**

Simmons Bank ("Simmons") hereby files this joinder (this "Joinder") to the *U.S. Bank National Association d/b/a U.S. Bank Equipment Finance's Objection to Debtors' Emergency Motion for Entry of an Order (I) Approving Binding Settlement Term Sheet with Participating Lenders and Committee, (II) Authorizing Relief from the Automatic Stay and/or Abandonment of Certain Collateral, and (III) Granting Related Relief* [Docket No. 699] (the "U.S. Bank Objection, and the Debtors' motion, the "Settlement Motion")² and respectfully states as follows:

1. Simmons is a secured lender by virtue of (a) that certain Master Loan and Security Agreement No. 50733-70000 dated as of April 15, 2021, by and between Banc of America Leasing & Capital, LLC ("BALC"), as lender, and Kal Freight Inc., as borrower (the "MLSA"), and (b) Equipment Security Note Nos. 017, 018, 020 and 027 executed pursuant thereto (collectively, the

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335
.
² Capitalized terms not defined herein shall have the meaning assigned to them in the Settlement Motion.

"Equipment Security Notes"). Prior to the Petition Date, BALC assigned to Simmons all of its right, title, interest, obligations and liabilities in and to the Equipment Security Notes, which financed the Debtors' acquisition of 135 dry vans and reefer trailers.[3]

2. Like other similarly situated secured lenders, Simmons has not received any postpetition payments for the use of its collateral and is concerned about the proposals embodied in the Debtors' Settlement Motion, including, but not limited to the Debtors' offer for secured lenders to pay a "Ransom Note" for the pickup of their collateral and the attempt to bind a chapter 7 trustee to enforce such a Hobson's choice. While the Debtors' *Proposed Order Granting relief from the Automatic Stay* [Docket No. 701] (the "Omnibus Order") suggests that the Debtors will provide some information in the course of an orderly stay relief process, it is unclear what information the weekly reports described therein will contain and whether the Debtors will be able to follow through on those reports through April 2, 2025. All the while, the Debtors have conflicting language in the Settlement Motion describing immediate abandonment and relinquishment of any responsibility for the collateral for any non-participating lenders.

3. Absent further clarification on the feasibility of the Omnibus Order and the interplay between the Omnibus Order and the Settlement Motion, Simmons joins the U.S. Bank Objection and objects to the Debtors' attempts to put strings on their cooperation with relief from the automatic stay. U.S Bank further objects to any continuation of its Stay Relief Motion.

**Reservation of Rights**

4. Simmons reserves all rights and remedies it may have under the MLSA, the Equipment Security Notes, and all documents relating to the assignment thereof, under applicable

---

[3] Additional details surrounding the history of transactions between Simmons and the Debtors can be found in *Simmons Bank's Motion for Relief from Automatic Stay or, in the Alternative, Adequate Protection* [Docket No. 389] (the "Stay Relief Motion").

law or in equity, and does not intend to relinquish or compromise any rights or remedies it has or may become entitled to seek or assert. Simmons further reserves all rights to supplement or amend this Joinder.

WHEREFORE, Simmons respectfully requests that the Court deny the Settlement Motion, allow Simmons' Stay Relief Motion to go forward as currently calendared, and grant Simmons any further relief to which it may be justly entitled.

Respectfully submitted,

**BRACEWELL LLP**

By: /s/ *William A. (Trey) Wood III*
William A. (Trey) Wood III
Trey.Wood@bracewell.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (800) 404-3970

-and-

Jonathan L. Lozano
Jonathan.Lozano@bracewell.com
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone (512) 472-7800
Facsimile: (800) 404-3970

**COUNSEL FOR SIMMONS BANK**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 11, 2025, a true and correct copy of the forgoing document was electronically filed with the Court and served through the CM-ECF system on all parties registered to receive electronic notice in this case.

                                                                */s/ William A. (Trey) Wood III*
                                                                William A. (Trey) Wood III