IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) | Chapter 11 |
|  | ) |  |
| KAL FREIGHT, INC., *et al.*, | ) | Case No. 24-90614-cml |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors.[1] | ) |  |
|  | ) |  |

**PACCAR FINANCIAL CORP.'S JOINDER TO U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE'S OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (1) APPROVING BINDING SETTLEMENT TERM SHEET WITH PARTICIPATING LENDERS AND COMMITTEE, (II) AUTHORIZING RELIEF FROM THE AUTOMATIC STAY AND/OR ABANDONMENT OF CERTAIN COLLATERAL, AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES PACCAR Financial Corp. (hereinafter "PACCAR"), and files this its Joinder to U.S. Bank National Association d/b/a U.S. Bank Equipment Finance's Objection To Debtors' Emergency Motion For Entry Of An Order (1) Approving Binding Settlement Term Sheet With Participating Lenders And Committee, (II) Authorizing Relief From The Automatic Stay and/or Abandonment Of Certain Collateral, And (III) Granting Related Relief (the "Objection") [Doc. # 699] and for same would respectfully show the Court as follows:

1.      On January 10, 2025, PACCAR filed its Motion For Relief From Automatic Stay Regarding Vehicles, Or In The Alternative, Motion For Adequate Protection [Doc. # 332] in regards to fifty (50) 2024 Peterbilt 579s (the "Vehicles") that were financed by PACCAR.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc.

PACCAR FINANCIAL CORP.'S JOINDER TO U.S. BANK NATIONAL ASSOCIATION D/B/A
U.S. BANK EQUIPMENT FINANCE'S OBJECTION TO DEBTORS' EMERGENCY
MOTION FOR ENTRY OF AN ORDER (1) APPROVING BINDING SETTLEMENT TERM
SHEET WITH PARTICIPATING LENDERS AND COMMITTEE, (II) AUTHORIZING RELIEF
 FROM THE AUTOMATIC STAY AND/OR ABANDONMENT OF CERTAIN COLLATERAL,
AND (III) GRANTING RELATED RELIEF -                                                      PAGE 1

2.      Kal Trailers & Leasing Inc., Kal Freight Inc., Kal Partz, Inc., KVL Tires, Inc., and Kalway Inc. (collectively, the "Debtors") use the Vehicles in their operations. However, PACCAR has not received any payments from Debtors since August of 2024.

3.      The Debtors have provided proof of "insurance coverage" for the Vehicles, however that proof of insurance reflects that the Vehicles are covered by an insurance policy that includes a $150,000.00 deductible that is greater than the value of the Vehicles, effectively providing no casualty coverage for the Vehicles. The Debtors have admitted that they are unable to procure insurance coverage that would actually cover a loss of any of the Vehicles.

4.      On February 24, 2025, Counsel for Debtors contacted PACCAR's counsel stating that Debtors can no longer make adequate protection to their lenders and requested funding from PACCAR in the amount of $2,500.00 per Vehicle in exchange for Debtors' orderly surrendering of the Vehicles. This request amounted to a demand for payment of $110,000.00 to Debtors before March 7, 2025, and included a release of any deficiency claim against the Debtors' estates by PACCAR. Absent Paccar's compliance with this demand, Debtors indicated they likely plan to abandon the Vehicles. Pursuant to the Objection, U.S. Bank National Association d/b/a U.S. Bank Equipment Finance ("U.S. Bank") received this same demand.

5.      On March 7, 2025, Debtors filed Debtors' Emergency Motion For Entry Of An Order (1) Approving Binding Settlement Term Sheet With Participating Lenders And Committee, (II) Authorizing Relief From The Automatic Stay and/or Abandonment Of Certain Collateral, And (III) Granting Related Relief [Doc. # 691] ("Motion to Approve Settlement"). In the Motion to Approve Settlement, the Debtors seek to abandon Non-Participating Lenders' collateral on "an as-

---

(0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156

**PACCAR FINANCIAL CORP.'S JOINDER TO U.S. BANK NATIONAL ASSOCIATION D/B/A
U.S. BANK EQUIPMENT FINANCE'S OBJECTION TO DEBTORS' EMERGENCY
MOTION FOR ENTRY OF AN ORDER (1) APPROVING BINDING SETTLEMENT TERM
SHEET WITH PARTICIPATING LENDERS AND COMMITTEE, (II) AUTHORIZING RELIEF
FROM THE AUTOMATIC STAY AND/OR ABANDONMENT OF CERTAIN COLLATERAL,
AND (III) GRANTING RELATED RELIEF -**                                                 **PAGE 2**

is, where-is basis, without any further cooperation or assistance from the Debtors" on a rolling, but undefined schedule.

6.     The Motion to Approve Settlement fundamentally requests that the Court approve Debtors' holding of the collateral of secured creditors hostage without insurance, treating similarly situated creditors disparately, and ignoring their fiduciary duties. Further, the Motion to Approve Settlement seeks to bind a chapter 7 trustee and prevent the trustee from cooperating with non-participating lenders.

**I.**

**Joinder to Objection**

7.     U.S. Bank filed the Objection on March 8, 2025, and PACCAR joins in the Objection.

8.      In addition to the arguments on the Objection, PACCAR further objects to the Motion to Approve Settlement as the Debtors seek to surrender or abandon their financed equipment on a potentially preferential basis with respect to Participating Lenders on an unspecified timeline. This is problematic, as Debtors' wind-down, regardless of form, will result in a flood of used trucks and trailers into the re-sale market and auction houses, and this flood will significantly depress the prices achievable by Debtors' secured lenders as they seek to liquidate their collateral. As such, secured creditors who are first to market will reap a significant benefit, while the unlucky lenders whose collateral is abandoned later will face significantly decreased values. The Motion to Approve Settlement bestows upon Debtors absolute and unfettered discretion to dictate which secured creditors will be first in line with respect to recovery of their collateral, which has potential,

---

Live Oak Ave., Fontana, CA 92335.

**PACCAR FINANCIAL CORP.'S JOINDER TO U.S. BANK NATIONAL ASSOCIATION D/B/A
U.S. BANK EQUIPMENT FINANCE'S OBJECTION TO DEBTORS' EMERGENCY
MOTION FOR ENTRY OF AN ORDER (1) APPROVING BINDING SETTLEMENT TERM
SHEET WITH PARTICIPATING LENDERS AND COMMITTEE, (II) AUTHORIZING RELIEF
FROM THE AUTOMATIC STAY AND/OR ABANDONMENT OF CERTAIN COLLATERAL,
AND (III) GRANTING RELATED RELIEF -                                    PAGE 3**

if not a likelihood of favoring Participating Lenders over PACCAR and other Non-Participating Lenders.

9.       PACCAR also objects Motion to Approve Settlement on the basis that it simply does not result in the orderly wind-down which debtors have described in multiple hearings and in the Motion to Approve itself. Throughout the recent developments in these cases, Debtors have portrayed a conversion of these cases to chapter 7 case as a doomsday scenario with collateral abandoned on the side of roads across the country. However, by way of the Motion to Approve Settlement, Debtors seemingly seek to impose just such a result upon the collateral of Non-Participating Lenders, asking the Court to approve Debtors' abandonment of such collateral as-is, where-is, and without the assistance of the Debtors. Therefore, PACCAR objects to the Motion to Approve Settlement, as it fails solve for one of the primary concerns that Debtors point to in justifying the extraordinary relief.

10.       Finally, PACCAR objects on the basis that Debtors seek to force PACCAR to foot the bill for the wind-down without compensation or benefit. Though PACCAR has refused to pay Debtors' demand for $110,000.00, the Motion to Approve Settlement still shifts the cost of the Debtors' wind-down upon PACCAR and other Non-Participating Lenders. Specifically, pursuant to the Motion to Approve, Debtors will continue to obtain the benefit of the use of the Vehicles until Debtors decide to abandon the Vehicles, all while accelerating the depreciation of the Vehicles and imperiling PACCAR's interest therein by operating them without sufficient insurance coverage. This is not to mention the fact that Debtors' use of the Vehicles over the next month and since the filing of these bankruptcy cases will have been without remitting a single adequate protection payment to PACCAR. To add insult to injury, Debtors do not contemplate assisting PACCAR in

PACCAR FINANCIAL CORP.'S JOINDER TO U.S. BANK NATIONAL ASSOCIATION D/B/A
U.S. BANK EQUIPMENT FINANCE'S OBJECTION TO DEBTORS' EMERGENCY
MOTION FOR ENTRY OF AN ORDER (1) APPROVING BINDING SETTLEMENT TERM
SHEET WITH PARTICIPATING LENDERS AND COMMITTEE, (II) AUTHORIZING RELIEF
 FROM THE AUTOMATIC STAY AND/OR ABANDONMENT OF CERTAIN COLLATERAL,
AND (III) GRANTING RELATED RELIEF -                                                          PAGE 4

the post-abandonment recovery of the Vehicles. Therefore, PACCAR receives no benefit and only further harm from Debtors' requested, continued, and free use of the Vehicles. This would be a manifestly unjust result.

WHEREFORE, Premises Considered, PACCAR incorporates by reference the Objection and joins with U.S. Bank in the Objection, and requests that the Court deny the Motion to Approve Settlement and hold hearings on PACCAR's Motion for Relief as well as the various motions to convert on March 12, 2025, as scheduled.

**Respectfully Submitted,**

**PADFIELD & STOUT, LLP**
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ *Matthew D. Giadrosich*
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
Matthew D. Giadrosich
State Bar I.D. #24074274
mdg@padfieldstout.com
Jessica N. Alt
State Bar I.D. #24127981
jalt@padfieldstout.com

*Attorneys for PACCAR*

PACCAR FINANCIAL CORP.'S JOINDER TO U.S. BANK NATIONAL ASSOCIATION D/B/A
U.S. BANK EQUIPMENT FINANCE'S OBJECTION TO DEBTORS' EMERGENCY
MOTION FOR ENTRY OF AN ORDER (1) APPROVING BINDING SETTLEMENT TERM
SHEET WITH PARTICIPATING LENDERS AND COMMITTEE, (II) AUTHORIZING RELIEF
FROM THE AUTOMATIC STAY AND/OR ABANDONMENT OF CERTAIN COLLATERAL,
AND (III) GRANTING RELATED RELIEF -                                    PAGE 5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to all parties receiving ECF notification in this case on March 11, 2025.

/s/ *Matthew D. Giadrosich*
Matthew D. Giadrosich

PACCAR FINANCIAL CORP.'S JOINDER TO U.S. BANK NATIONAL ASSOCIATION D/B/A
U.S. BANK EQUIPMENT FINANCE'S OBJECTION TO DEBTORS' EMERGENCY
MOTION FOR ENTRY OF AN ORDER (1) APPROVING BINDING SETTLEMENT TERM
SHEET WITH PARTICIPATING LENDERS AND COMMITTEE, (II) AUTHORIZING RELIEF
 FROM THE AUTOMATIC STAY AND/OR ABANDONMENT OF CERTAIN COLLATERAL,
AND (III) GRANTING RELATED RELIEF -                                         PAGE 6