**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>KAL FREIGHT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>(Jointly Administered)<br><br>**Re: Dkt. Nos. 691 and 692** |

**OBJECTION AND RESERVATION OF RIGHTS OF FRIND-AEROTROPOLIS, LLC,
TO DEBTORS' EMERGENCY MOTIONS FOR ENTRY OF ORDERS AUTHORIZING
(I) THE SALE OF CERTAIN ASSETS; AND (B) ENTRY INTO A SETTLEMENT
<u>AGREEMENT PURSUANT TO RULE 9019</u>**

FRIND-Aerotropolis, LLC (the "**Landlord**"), by and through its undersigned counsel, hereby files this objection and reservation of rights (the "**Objection**") with respect to the *Debtors' Emergency Motion for Entry of an Order (i) Approving Binding Settlement Term Sheet with Participating Lenders and Committee, (ii) Authorizing Relief from Automatic Stay and/or Abandonment of Certain Collateral, and (iii) Granting Related Relief* [Docket No. 691] (the "**9019 Motion**") *and (II) Debtors' Emergency Motion for Entry of an Order (i) Authorizing (A) the Sale of Certain Assets Free and Clear of Liens, Claims, Rights, Interests, Charges, and Encumbrances, (B) the Debtors to Enter Into and Perform Under the Purchase Agreement, and (C) the Assumption and Assignment of Certain Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 692] (the "**Sale Motion**" and together with the 9019 Motion, the "**Motions**"), and respectfully states as follows:

## I.     <u>BACKGROUND</u>

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 Cases is 10156 Live Oak Ave., Fontana, CA 92335.

1.      The Landlord, as successor landlord pursuant to a certain Assignment and Assumption Agreement (the "**Assignment and Assumption Agreement**"), and Debtor Kal Freight, Inc., as tenant ("**KAL Freight**"), are parties to that certain Triple-Net Industrial Lease, dated February 23, 2021 (as amended, the "**Lease**," and together with the Assignment and Assumption Agreement the "**Lease Documents**") with respect to real property commonly known as 3435 Jonesboro Road located in Atlanta, Georgia (the "**Premises**") and that certain building located on the Premises (the "**Building**").

2.      The Landlord has filed a proof of claim asserted approximately $354,079.82 based on amounts due and owing under the Lease as of the Petition Date.

3.      The Debtors have used and occupied the Premises and Building throughout these Chapter 11 Cases and, it is the Landlord's understanding that the Debtors intend to use the Premises in the proposed winddown process as a location for returning collateral.[2]

4.      On the Petition Date, the Debtors filed a motion (the "**Cash Collateral Motion**") seeking entry of an order that would, *inter alia*, (i) waive the Debtors' rights to assert "any surcharge claim under Bankruptcy Code sections 105(a) and/or 506(c) . . . for any costs and expenses incurred in connection with the preservation, protection or enhancement of, or realization by" the prepetition secured lender ("**TBK**") on their collateral; and (ii) approve a 13-week cash forecast that does not include a line-item for commercial rent payments accruing during the Stub Rent Period.

5.      On December 6, 2024, this Court entered its *Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D)*

---

[2] The Lease provides for the Permitted Use and requires the Debtor, KAL Freight, to request and obtain consent of the Landlord for the ability to use the Premises in a manner other than the Permitted Use, as set forth in the Lease. The Debtors have not requested and the Landlord has not provided consent to the Debtors to use the Premises in any manner not permitted or contemplated by the Lease. As such, the Landlord reserves all rights.

102368340.1

...

*Scheduling a Final Hearing* [Docket No. 51] (the "**Interim Order**"), which scheduled the final hearing on the Cash Collateral Motion for January 8, 2024, at 1:00 p.m. and established a deadline of before 4:00 p.m. on January 3, 2025 for any objections to entry of a final order on the Motion.[3]

6.      On January 6, 2025, the Landlord objected to entry of a final order with respect to the Cash Collateral Motion because the Motion requests approval of: (i) a budget that does not include a line item for rent earned by landlords; and (ii) waivers of the Debtors' protections under Bankruptcy Code sections 506(c) and 552, including rights to surcharge TBK's collateral to cover administrative expenses.[4]

7.      On March 6, 2025, the Landlord filed a motion seeking relief (the "**Stay Relief Motion**") from the stay to permit the Landlord to apply a security deposit of approximately $108,105.22 to prepetition debt of approximately $354,079.82. As stated therein, as of March 6, 2025, the Debtors had not paid the Landlord rent due for the month of March, which was due on March 1, 2025. As of the filing hereof, the Landlord has not been paid March rent, which is approximately $102,416.13, exclusive of late fees and interest, which are accruing.[5]

8.      On the evening of Friday, March 7, 2025, the Debtors filed the Motions, each on an emergency basis, asking the Court to approve, by March 12, 2025:

a.      the sale of Debtor assets without a marketing and sale process, much less Court oversight or transparency to parties in interest, to a purchaser who is affiliated with principals of the Debtors, while finding, *inter alia*, that the purchaser is entitled to good faith findings under section 363; and

b.      a settlement that involves granting releases, which requires finding that the settlement is fair and equitable and does not fall below the lowest point in the range of reasonableness, and approving what is effectively a cash collateral budget for the

---

[3] The Debtors agreed to extend the Landlord's deadline to file this Objection no later than January 6, 2025 at 5:00 CT.

[4] To date, the Landlord's cash collateral objection has not been heard.

[5] The Landlord anticipates seeking additional relief in these Chapter 11 Cases, including requesting entry of an order compelling the Debtors to pay administrative expenses due to the Landlord.

102368340.1

reminder of these cases, which requires sufficient notice and consideration of section 363 – not Rule 9019.

9.      Like the budget attached to the cash collateral motion, the budget attached to the 9019 Motion does not include a line item for administrative expenses that are not professional fees, such as rent to landlords. Yet, the Debtors have represented through their counsel that they intend to use the Landlord's Premises and Building as a location for the return of collateral throughout the winddown process.

## II.     OBJECTION

10.     As the Landlord stated in its cash collateral objection filed on January 6, 2025, the "the risk of administrative insolvency should not be improperly placed on the Landlord (and other landlords) for the benefit of secured parties, including TBK." Additionally, parties in interest should not be denied due process, especially parties who may be left holding the bag after the Debtors and their secured lenders have obtained the relief they are seeking without proper notice.

11.     Indeed, the Debtors seek _extraordinary_ relief on virtually no notice, not because there is an emergency, but because they want the relief before the Court will consider pending conversion and stay relief motions, as the Court indicated it would do on or about March 12, 2025 because parties are entitled to their day in court.

12.     Parties are entitled to both (i) notice and (ii) an opportunity to be heard. Throughout these cases, adequate notice, reliable information, and transparency from the Debtors has been lacking, but the Debtors' most recent attempt to cutoff creditor rights should not be countenanced. Of course, creditors and parties in interest should be given more than 2 business days to analyze and respond to any motion in any case, but especially motions that request orders that grant significant relief that will impact all creditors. This is a relatively small shipping case. This is not _Chrysler_, where the relief being sought is critical to an entire industry and our country's economy.

102368340.1

13.     As a basis for providing two business days' notice, the Debtors assert they will be administratively insolvent if the Court does not grant the Motions. Even if this was sufficient cause to justify two business days' notice, it is more accurate to state that the Debtors are administratively insolvent and the Debtors believe that their current liquidity crisis justifies completely cutting off creditors' due process rights and, frankly, disregarding applicable law. And, given how unreliable and inaccurate the Debtors' books and records (and Schedules) are, the Liquidation Analysis that was filed the evening of March 10, 2025 may or may not accurately estimate the amount of claims, including administrative expense claims. Accordingly, parties should be given an opportunity to test and verify the accuracy of the estimated administrative claims amount to ensure that the proposed funding for the winddown process and the proposed Chapter 11 Plan will indeed be sufficient. It would be extremely unfortunate if the Court entered the settlement order, effectively pre-approving a *sub rosa* plan that provides broad releases but ultimately not provide for payment in full to all allowed administrative expense claimholders.

14.     Given the extremely limited timeframe within which the Landlord has been given to analyze and respond to the Motions, the Landlord files this general objection without fully articulating its objections and reserves all rights, including the right to raise objections, via oral argument, at the hearing on March 12 and any continued hearing(s) thereafter. Ultimately, the Landlord requests that the Court set a hearing, require the Debtors to file and serve a notice of hearing, and provide parties with a reasonable period within which to respond to the Motions.

### III.     CONCLUSION

15.     The Landlord requests that the Court (i) reschedule the hearings and set a briefing schedule to provide the Landlord and other parties in interest with adequate notice and a meaningful opportunity to be heard; and (ii) grant further relief as the Court deems just and appropriate.

Dated: March 11, 2025

**POLSINELLI PC**

*/s/ Trinitee G. Green*
Trinitee G. Green (SBN 24081320)
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tggreen@polsinelli.com

-and-

Michael J. Riedl (Admitted *pro hac vice*)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone: (816)-753-1000
Facsimile: (816)-753-1536
mriedl@polsinelli.com

*Counsel for FRIND-Aerotropolis, LLC*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on March 11, 2025, she caused a copy of the foregoing Objection to be served on all parties registered to receive electronic service via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


*/s/ Trinitee Green*
Trinitee G. Green

102368340.1