IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KAL FREIGHT INC., *et al.,* | ) ) ) | Case No. 24-90614 (CML) |
| Debtors.[1] | ) ) ) | Jointly Administered |

**LIMITED OBJECTION OF DHARMINDER RANDHAWA
AND SIKANDER RANDHAWA TO THE DEBTORS'
EMERGENCY MOTION (I) AUTHORIZING (A) THE SALE OF
CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS,
RIGHTS, INTERESTS, CHARGES, AND ENCUMBRANCES, (B) THE
DEBTORS TO ENTER INTO AND PERFORM UNDER THE PURCHASE
AGREEMENT, AND (C) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

Dharminder Randhawa and Sikander Randhawa (together, the "**Randhawas**"), hereby submit this Limited Objection to the Debtors' pending *Emergency Motion (I) Authorizing (A) the Sale of Certain Assets Free and Clear of Liens, Claims, Rights, Interests, Charges, and Encumbrances, (B) the Debtors to Enter into and Perform under the Purchase Agreement, and (C) the Assumption and Assignment of Certain Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 692] (the "**Sale Motion**")[2] and respectfully submit as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320) (collectively, "**Debtors**"). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Statement, the 9019 Motion, or the Sale Motion, as applicable.

**PRELIMINARY STATEMENT**

1.  As has been described in various pleadings, the Randhawas are party to a California state court complaint (the "**Randhawa Complaint**") filed against the Debtors' principals, Sukhvinder Singh and Kalvinder Singh,[3] as well as defendants in an adversary proceeding (the "**Randhawa Adversary Proceeding**" and together with the Randhawa Complaint, the "**Randhawa Litigations**") filed by the Debtors seeking to avoid certain transactions between the Randhawas and RB Realty Investments, LLC ("**RB Realty**") on the one hand and certain of the Debtors on the other hand.[4]

2.  The Randhawa Litigations are in a nascent state. A response is not yet due in the Randhawa Adversary Proceeding, and the parties are currently seeking to have their initial meet and confer. Discovery has not been completed in either litigation. As such, the Randhawas may have cause to file additional claims or counterclaims or assert defenses in connection with the Randhawa Litigations but have not yet had an opportunity to determine the scope of those possible additional claims, counterclaims, or defenses against the Singhs, the Debtors, or potentially even the Buyer.

3.  Though the Randhawas have certain broader reservations about the relief sought in the Sale Motion,[5] they are aware of the circumstances the Debtors purportedly find themselves in

---

[3] *See Sikander Singh Randhawa and Dharminder Singh Randhawa vs. Sukhvinder Singh and Kalvinder Singh et. al.*, Case No. CIVRS 2400862 (Cal. Super. Ct., San Bernardino County). As the Singhs are not Debtors, this proceeding is not currently subject to the protections of the automatic stay.

[4] *See KAL Freight Inc. and KAL Trailers & Leasing, Inc. v. RB Realty Investments, LLC, Sikander Singh Randhawa and Dharminder Singh Randhawa* [Adv. Pro. No. 24-90614 (CML)].

[5] Among other concerns, the Randhawas do not believe the evidentiary record demonstrates: (i) that the proposed Sale should be approved under the business judgment standard; (ii) that appropriate due process rights were afforded to parties in interest regarding the Sale Motion; (iii) that the proposed Sale is in good faith; (iv) that the Buyer should be afforded the protections of 11 U.S.C. § 363(m); (v) the complete nature of the relationship among [*con't*] the Debtors and the Buyer; or (vi) that the Proposed Sale Order may inadvertently and disproportionately impact the prepetition or post-petition claims and rights of creditors or other parties in interest.

based on the Debtors' various pleadings and statements to the Court.[6] They also recognize that the Sale Motion, in conjunction with the Debtors' contemporaneously filed motion for authority to enter into a settlement with the major stakeholders pursuant to Bankruptcy Rule 9019 [Dkt. No. 691] (the "**9019 Motion**"), at this time may provide the Debtors with their best chance to avoid administrative insolvency in these Chapter 11 Cases. As such, while the Randhawas assert that there is cause to object to the Sale Motion *in toto*, the best interests of Randhawas and other creditors may best be served by allowing the Debtors to seek the relief requested in the Sale Motion and 9019 Motion and by this Limited Objection take no position as to the propriety of the relief requested.[7]

4. The Randhawas therefore file this Limited Objection based on the concern that certain provisions in the proposed order attached to the Sale Motion (the "**Proposed Sale Order**") could have the unintended effect of limiting the Randhawas' ability to assert potential claims, counterclaims, or certain defenses in connection with the Randhawa Litigations against the Debtors, the Singhs, or the Buyer. To that effect, counsel for the Randhawas approached the Debtors on March 11, 2025, seeking limited modifications to the Proposed Sale Order that are intended to preserve those rights.

5. Discussions remain ongoing, and the Randhawas hope to reach an agreement with the Debtors in advance of the hearing on March 12, 2025 (the "**Hearing**") regarding their proposed

---

[6] Of course, as Courts in this Circuit have recognized: "The court is not obligated to grant relief for emergencies of the debtor's own making." *In re Rosas*, No. 10-52571-C, 2010 Bankr. LEXIS 2673, at *2 (Bankr. W.D. Tex. Aug. 4, 2010); *In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D.Tex. 1993) ("Cause is not shown when the cause for expedited hearing is one of the movant's own making."); *Talon Transaction Techs., Inc. v. StoneEagle Servs., Inc.*, No. 3:13-cv-902-P, 2014 U.S. Dist. LEXIS 167898, at *5 (N.D. Tex. Dec. 4, 2014) (same).

[7] The Randhawas nonetheless reserve all rights with respect to the Sale Motion and any consideration by this Court to either appoint a receiver or convert these cases to chapter 7 based on the evidentiary record once it is established before the Court.

3

modifications. However, without the benefit of having reached agreement with the parties in interest and out of an abundance of caution, the Randhawas file this Limited Objection and respectfully request the Court grant limited relief in the form of certain language that will ensure the Randhawas and their affiliates are not inadvertently estopped from asserting potentially valuable claims, counterclaims, and defenses in the Randhawa Litigations.

## LIMITED OBJECTION

6. As the Court is aware, the Sale Motion proposes to sell certain assets (the "**Assets**") of the Debtors to Noor Transport Leasing, LLC (the "**Buyer**"). Counsel to the Debtors has stated on the record that, "[t]he sale part would be a sale to an entity known as Noor . . . but in fairness, Your Honor, it would include certain of the principals [of the Debtors] who would be involved in the sale transaction."[8] The Sale Motion, without support, states that, "[a]ll terms of the proposed Sale have been disclosed, as well as the Buyer's affiliation with insiders of the Debtors."[9] In their subsequent *Statement in Response to Vanguard National Trailer Corporation and CIMC* [Dkt. No. 707] (the "**Debtors Response**"), the Debtors further represented that:

> The Debtors will stipulate that the Buyer is a good friend of certain principals of the Debtors. The Debtors further stipulate that the Buyer and such principals intend to continue to conduct business together with the purchased assets post-closing. The Debtors will also stipulate that they have not run a comprehensive marketing and sale process primarily because the Debtors' business is based on non-contractual customer relationships that exist with the Debtors' principals. There is no value here that anyone other than an insider would have any interest in buying . . .[10]

At this time, the Debtors have produced no further evidence regarding the exact relationship between the Buyer and the Debtors, though the statements of counsel make clear that the Buyer is

---

[8] *Hearing Tr. of March 4, 2025* at 14:11-14.

[9] Sale Motion at ¶ 22. The Randhawas dispute the alleged completeness of such disclosures at this time.

[10] Debtors Response at ¶ 6.

either an insider or could be construed as an insider by this Court or subsequent courts, including the California state court. Given the purported connection between the Debtors, the Singhs, and the Buyer, the Randhawas may hold potentially valuable claims or counterclaims against the Buyer in either or both of the Randhawa Litigations.

7. The Proposed Sale Order includes several findings of fact, conclusions of law, and protections for the Buyer that would be considered consistent with Bankruptcy Code section 363 asset sales between debtors and non-insider third parties following a robust sale process and open auction.[11] However, as the record demonstrates, those are not the facts and circumstances currently before the Court.[12] As such, the Randhawas are concerned that absent specific language in the Proposed Sale Order either (i) determining the Buyer to be an insider of the Debtors or their affiliates, or (ii) making clear that <u>nothing</u> in the Proposed Sale Order prevents the Randhawas, RB Realty, or their affiliates from asserting that the Buyer is an insider to the Debtors on issues unrelated to this Sale, the Randhawas may be estopped from making certain claims, counterclaims, or defenses in the Randhawa Litigations. The Randhawas assert that such a result would be inequitable but can be avoided with the inclusion of the Randhawas' proposed changes to the Proposed Sale Order—without affecting the Debtors' ability to sell the Assets should the Court otherwise approve the Proposed Sale Order.

---

[11] *See, e.g.*, a finding the Sale is in the "best interests" of all parties in interest [Proposed Sale Order ¶ 6]; a finding that the Debtors have demonstrated "sound business purpose" and exercised "sound business judgment" in connection with the Sale [*id.* at ¶¶ 6, 10]; a finding that the Buyer acted in good faith and should be afforded the protections of Bankruptcy Code section 363(m) [*id.* at ¶ 7]; and a provision that by virtue of the Sale, the Buyer is not deemed to have a common identity, continuity of enterprise, or be an alter ego of the Debtors [*id.* at ¶ 15]. The Randhawas reserve all rights to challenge the appropriateness of these findings of fact, conclusions of law, and provisions at the Hearing, but do not specifically do so pursuant to this Limited Objection.

[12] As no declaration has been provided in support of the Sale Motion, and the proposed depositions of the Buyer, Rajpal Bhattal. and the Debtors' CRO, Bradley Sharp, have not been conducted as of the time of this filing, many of the details surrounding the relationship of the Buyer and Debtors, as well as the nature of the proposed post-sale business relationship among those parties, remain unclear.

**CONCLUSION**

8. As stated above, the Randhawas recognize the precarious circumstances the Debtors (and by extension, the Debtors' creditors) find themselves in at this juncture in these Chapter 11 Cases. As such, rather than pursue full objections to the 9019 Motion and Sale Motion—motions for which the Debtors have, as of the time of this filing, failed to provide factual support—the Randhawas instead seek by this Limited Objection to merely protect their own potential rights in the Randhawa Litigations vis-à-vis the Debtors, the Singhs, and the Buyer.

9. The language the Randhawas proposed for inclusion in the Proposed Sale Order that would address their concerns does not alter the substantive rights of the Debtors, the Buyer, or any other party in interest to the Proposed Sale Order. It does not result in the immediate implosion of these Chapter 11 Cases that the Debtors base their requests for relief upon. And it is narrowly tailored to protect the Randhawas' subsequent rights.

10. As such, the Randhawas respectfully request the Court include language in the Proposed Sale Order (i) determining the Buyer to be an insider, or in the alternative, making clear that nothing in the Proposed Sale Order prevents the Randhawas, RB Realty, or their affiliates from arguing that the Buyer is an insider on issues unrelated to this Sale, or (ii) fashioning such other relief as it determines to be appropriate.

Dated: March 11, 2025
      Houston, Texas

Respectfully submitted,

*/s/ Charles Persons*
**PAUL HASTINGS LLP**
Paul R. Genender (TX Bar No. 00790758)
Charles Persons (TX Bar No. 24060413)
2001 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (972) 936-7500
Facsimile: (713) 936-7501
Email: paulgenender@paulhastings.com
charlespersons@paulhastings.com

-and-

Brian J. Kay (Tx Bar No. 24131427)
600 Travis, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: briankay@paulhastings.com

*Counsel to Defendants RB Realty Investments, LLC; Sikander Singh Randhawa; and Dharminder Singh Randhawa*

**Certificate of Service**

I certify that on March 11, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

               */s/ Charles Persons*
               Charles Persons