## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Kal Freight Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>(Jointly Administered) |

**OMNIBUS ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**
**(**Related Docket Nos. 315, 332, 337, 338, 354, 355, 372, 389, 393, 411, 436, 440, 523, 580, 589, and 595**)**

CAME ON THIS DAY FOR CONSIDERATION the below requests for relief from the automatic stay (collectively, the "Stay Relief Motions") filed by the following movants (collectively, the "Secured Parties," and each, a "Secured Party"):

- *Motion of BMO Bank, N.A. for Relief from the Automatic Stay* [Docket No. 315];

- *PACCAR Financial Corp.'s Motion for Relief from Automatic Stay Regarding Vehicles, or in the Alternative, Motion for Adequate Protection* [Docket No. 332];

- *Atlantic Union Equipment Finance, Inc.'s Motion for Relief from the Automatic Stay* [Docket No. 337];

- *Motion of De Lage Landen Financial LLC for an Order Granting (I) Relief from the Automatic Stay Pursuant to 11 U.S.C § 362(d) and (II) Related Relief* [Docket No. 338];

- *Motion of Fifth Third Bank, N.A. for an Order Granting (I) Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and (II) Related Relief* [Docket No. 354];

- *Motion of Truist Equipment Corp. for an Order Granting (I) Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and (II) Related Relief* [Docket No. 355];

- *U.S. Bank National Association d/b/a U.S. Bank Equipment Finance Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362(d)* [Docket No. 372];

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 9233.

- *Simmons Bank's Motion for Relief from Automatic Stay or, in the Alternative, Adequate Protection* [Docket No. 389];

- *Motion for Entry of Stipulated Order (A) Providing Adequate Protection to Webster Capital Finance, a Division of Webster Bank, N.A. (as Assignee of JPMorgan Chase Bank, N.A.), (B) Modifying the Automatic Stay, and (C) Granting Related Relief; or, in the Alternative, to Lift the Automatic Stay for Cause Pursuant to 11 U.S.C. § 362(d)(1)* [Docket No. 393];

- *Motion of Wallwork Financial Corporation for Entry of a Stipulated Order (A) Approving Adequate Protection to Wallwork Financial Corporation and Granting Related Relief or, in the Alternative, (B) Granting Relief from the Automatic Stay* [Docket No. 436];

- *Motion to Approve Stipulated Order (A) Providing Adequate Protection to M&T Capital and Leasing Corporation, (B) Modifying the Automatic Stay, and (C) Granting Related Relief* [Docket No. 440];

- *Emergency Motion for Setting and Request for Expedited Hearing on Paccar Financial Corp.'s Motion for Relief from Automatic Stay Regarding Vehicles, or in the Alternative, Motion for Adequate Protection* [Docket No. 580];

- *Emergency Motion for Setting and Request for Expedited Hearing on Motion for Entry of a Stipulated Order (A) Providing Adequate Protection to Wallwork Financial Corporation and Granting Related Relief or, in the Alternative, (B) Granting Relief From The Automatic Stay* [Docket No. 589]; and

- *First Western's Motion for Relief from the Automatic Stay* [Docket No. 595].

The Court finds that after considering the Stay Relief Motions, exhibits, and arguments of counsel, if any, good cause exists for the entry of the following order.

Accordingly, it is hereby ORDERED that the Stay Relief Motions are hereby GRANTED solely on the following terms:

1. Upon entry of this Order, the automatic stay under 11 U.S.C. § 362(a) (the "Automatic Stay") shall be terminated (i) effective immediately as to the collateral of the respective Secured Parties identified in the Stay Relief Motions (the "Collateral") that the Debtors do not have in their custody, possession, or control (including any Collateral leased to third parties); and (ii) effective April 2, 2025, as to Collateral in the Debtors' physical possession; *provided, however*, prior to that date, the Debtors will provide weekly updates to the Secured Parties with respect to certain

of the Collateral available for collection and the location (including street addresses) of such Collateral on March 13, March 19, March 26 and April 2, 2025 (the "Weekly Notices"). To the extent available, the Debtors shall provide each Secured Party with the location(s) of its Collateral on or before April 2, 2025 and provide such other information (taking into account the limited resources of the Debtors after April 2, 2025) reasonably requested by the Secured Parties to facilitate the recovery of their respective Collateral.

2. With respect to the Collateral listed in each Weekly Notice, the Automatic Stay shall be terminated as of such date to permit the applicable Secured Creditor to take possession of such Collateral and exercise its rights and remedies with respect such Collateral in accordance with applicable non-bankruptcy law and the terms of applicable prepetition loan documents.

3. The Debtors shall provide security to protect the identified Collateral for the period of time expiring one week following the listing of such Collateral in a Weekly Notice. The Debtors shall have no obligations with respect to such Collateral after the expiration of such notice period.

4. On April 2, 2025, the Automatic Stay shall be deemed terminated for all remaining Collateral that was not the subject of a prior Weekly Notice.

5. Effective upon entry of this Order, all leases by the Debtors of any Collateral to third parties shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code. The Debtors will turnover any lease proceeds that may be received for the Collateral and, to the extent available, copies of all lease-related documentation (including lease, payment histories, and lease-related documents) to the applicable Secured Creditors.

6. The 14-day stay period set forth in Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Order shall be effective immediately upon its entry.

7. The terms and provisions of this Order shall apply to any other secured party with asserted liens on the Debtors' assets to the extent that the Debtors (on advanced written notice to counsel for the Committee) expressly agree in writing to treat such secured party as a "Secured Party" hereunder, in which case such party shall be subject to all terms of this Order, considered to have "Collateral" governed by the terms of this Order, and granted relief from stay as to such Collateral under the terms of this Order.

8. Except as expressly set forth in this Order, all other relief requested in the Stay Relief Motions is denied.

9. The Debtors make no representations or warranties as to condition of the Collateral upon surrender to the Secured Creditors. All Collateral will be surrendered and made available for collection on an as-is, where-is basis, and only to the extent that such Collateral is available to the Debtors.

10. This Order shall be binding on the Debtors' successors and assigns, including without limitation, any trustees that may be appointed in these cases and any buyer of the Debtors' assets that agrees to provide transition services to the Debtors relating to the Collateral.

11. The Official Committee of Unsecured Creditors and any successor trustees (whether under Chapter 11, Chapter 7, or any litigation or liquidation trusts) reserve and retain all rights, claims, and remedies with respect to the Secured Parties' Collateral, including, without limitation, the right to challenge any liens asserted on the Collateral and contest any claims asserted the Secured Parties, and the Secured Parties' Collateral and any proceeds thereof remain subject to potential avoidance and recovery under Chapter 5 of the Bankruptcy Code, notwithstanding the Secured Parties' repossession or exercise of other remedies under this Order.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order.

Signed: _____, 2025

                                                    THE HONORABLE CHRISTOPHER M. LOPEZ
                                                    UNITED STATES BANKRUPTCY JUDGE