Case 24-90614   Document 887   Filed in TXSB on 04/02/25   Page 1 of 17

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 02, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>Kal Freight Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING (A) THE SALE OF CERTAIN REAL PROPERTY AND ANY RELATED PERSONAL PROPERTY AND IMPROVEMENTS THERETO AND (B) THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE PURCHASE AGREEMENT AND (II) GRANTING RELATED RELIEF**

(Related Docket Nos. 844 and 870)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing and approving, among other things, (a) Debtor Kal Freight Inc. (the "Seller") to enter into and perform under the *Purchase and Sale Agreement*, dated as of March 26, 2025, between the Seller, on the one hand, and Lovejot Aulakh, Sukhbir Aulakh, and Harnek Kang (collectively, the "Buyer"), on the other, attached as Exhibit 2 to the Bidding Procedures Order (as amended, the "Purchase Agreement"), and (b) the sale of the Real Property (as defined in the Purchase Agreement) to Purchaser free and clear of liens, claims, and encumbrances (the "Transaction") and (ii) granting related relief, all as more fully set forth in the Motion; and upon the evidence offered in support of the Motion; and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

[2] The Motion was filed on March 26, 2025, as *Debtors' Motion for Entry of Orders (a)(i) Authorizing the Sale of Real Property and Any Related Personal Property and Improvements Thereto, (ii) Approving Bidding Procedures for Sale of Debtors' Assets, (iii) Approving Breakup Fee, (iv) Scheduling Certain Dates with Respect Thereto, and (v) Approving the Form and Manner of Notice Thereof; (b) Approving (i) Sale of Real Property and Any Related Personal Property and Improvements Thereto Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; and (c) Granting Related Relief* [Docket No. 844]. Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and having heard the statements in support of the relief requested therein at any hearing before this Court, and upon the First Day Declaration and the evidence submitted in support of the Motion; and this Court having conducted a hearing on the Motion (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **THE COURT HEREBY FINDS THAT**:

 **I.**   **Jurisdiction, Final Order, and Statutory Predicates.**

  A.   The Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

  B.   The statutory predicates for the relief requested in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004 and 6006 and Bankruptcy Local Rule 2002-1.

  C.   This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under

Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, waives any stay, and expressly directs entry of judgment as set forth herein.

**II.     Notice of the Purchase Agreement, Transaction, Sale Hearing and Bidding Procedures Order.**

D.     As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, due, proper, timely, adequate and sufficient notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the Purchase Agreement, this Order and the Transaction has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 9007, 9008 and 9014, and the Local Bankruptcy Rule 2002-1. The Debtors have complied with all obligations to provide notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the Purchase Agreement, this Order and the Transaction as required by the Bidding Procedures Order. The aforementioned notices are good, sufficient and appropriate under the circumstances, and no other or further notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the Purchase Agreement, this Order or the Transaction is, or shall be, required. The requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

E.     A reasonable opportunity to object and be heard with respect to the Transaction, the Motion and the relief requested therein and provided in this Order has been afforded to all interested persons and entities, including the Notice Parties (as defined in the Bidding Procedures Order).

F.     As demonstrated by the evidence proffered or adduced at the Sale Hearing and the representations of counsel at the Sale Hearing, the Debtors have complied in all material respects

with the Bidding Procedures Order. The Debtors and their professionals have adequately and appropriately marketed the Real Property in compliance with the Bidding Procedures and the Bidding Procedures Order, and in accordance with the Debtors' fiduciary duties. Based upon the record of these proceedings, creditors, other parties in interest and prospective purchasers were afforded a reasonable and fair opportunity to bid for the Real Property.

G. The Bidding Procedures were substantively and procedurally fair to all parties and all potential bidders and afforded notice and a full, fair and reasonable opportunity for any person to make a higher or otherwise better offer to purchase the Real Property. The Debtors conducted the sale process without collusion and in accordance with the Bidding Procedures.

H. The Buyer is the Successful Bidder, and the Purchase Agreement is the Successful Bid (each as defined in the Bidding Procedures), for the Real Property in accordance with the Bidding Procedures Order. The Transaction and the Purchase Agreement comply with the Bidding Procedures Order and all other applicable orders of the Court.

I. To maximize the value of the Real Property and Transaction, it is essential that should Debtors proceed with consummating the sale of the Real Property pursuant to the Purchase Agreement, that same occur within the timeframe set forth in the Purchase Agreement. Time is of the essence in consummating the Transaction, and Debtors and Purchaser intend to complete the Transaction as soon as reasonably practicable.

**III.    Good Faith of the Buyer.**

J. The Purchase Agreement and the related agreements were negotiated, proposed, and entered into by the Seller and the Buyer without collusion, in good faith, and from arm's-length bargaining positions. Neither the Seller nor the Buyer have engaged in any conduct that would cause or permit the Purchase Agreement, any related agreements or the Transaction to be avoided, or for any costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

K. The Buyer is consummating the Transaction in good faith. The Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and has proceeded in good faith in all respects in connection with the Transaction. The Buyer is therefore entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code. Neither the Seller nor the Buyer have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code. The Debtors were free to deal with any other party interested in buying or selling some or all of the Real Property on behalf of the Debtors' estates. The Buyer (i) agreed to subject its bid to the competitive Bidding Procedures set forth in the Bidding Procedures Order, including the Auction; (ii) disclosed all payments and other consideration to be made or otherwise provided by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Transaction; (iii) the Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction; and (iv) the negotiation and execution of the Purchase Agreement, including the Transaction contemplated thereby, were at arms'-length and in good faith. The protections afforded by section 363(m) of the Bankruptcy Code are integral to the Transaction and the Buyer would not consummate the Transaction without such protections.

L. The consideration provided by the Buyer pursuant to the Purchase Agreement: (i) is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession thereof, or the District of Columbia (including the Uniform Fraudulent Transfer Act); (ii) is fair consideration under the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, the Bankruptcy Code, and any other applicable laws; and (iii) will provide a greater recovery for the Debtors' estates and their creditors than would be provided by any other reasonably practicable available alternative. The Purchase Agreement was not entered into, and the Transaction is not

being consummated, for the purpose of hindering, delaying, or defrauding creditors of the Debtors under the Bankruptcy Code or under any other applicable law. Neither the Debtors nor the Buyer have entered into the Purchase Agreement or are consummating the Transaction with any fraudulent intent or otherwise improper purpose prohibited by law.

### IV.     Highest and Best Offer.

M.     The Purchase Agreement: (i) constitutes the highest and best offer for the Real Property; (ii) is fair and reasonable; and (iii) is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

N.     The Debtors may sell the Real Property free and clear of all claims, liens, interests and encumbrances (other than Permitted Liens) because, with respect to each creditor asserting a claim, lien, interest or encumbrance, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those holders of claims, liens, interests or encumbrances that did not object to or that withdrew their objections to the sale of the Real Property, the Transaction, or the Motion, are deemed to have consented to the Motion, and the Transaction pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of claims, liens, interests, or encumbrances that did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code or are adequately protected.

O.     The Debtors' determination that the Purchase Agreement constitutes the highest and best offer for the Real Property constitutes a valid and sound exercise of the Debtors' business judgment.

P.     Consistent with their fiduciary duties, the Debtors have demonstrated good, sufficient and sound business reasons and justifications for entering into the Transaction and the performance of their obligations under the Purchase Agreement, including, but not limited to, the fact that the Purchase Agreement will provide a greater recovery for the Debtors' estates and

creditors than would be provided by any other available alternative, including a separate liquidation of the Debtors and the Real Property.

**IT IS HEREBY ORDERED THAT**:

1. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these chapter 11 cases pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. The Motion is granted as provided herein, and entry into and performance under, the Purchase Agreement and the consummation of the Transaction contemplated thereby is authorized and approved.

3. The Seller is authorized to execute and acknowledge a quitclaim deed pursuant to which Seller will quitclaim its right, title, and interest in and to the Real Property to Buyer.

4. All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included in such objections, are hereby denied and overruled on the merits with prejudice. Those parties who did not object or withdrew their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code to the relief granted herein.

5. This Order will be binding in all respects upon the Debtors, their bankruptcy estates, all creditors, all holders of equity interests in the Debtors, all holders of any interests or claims (whether known or unknown) against the Debtors, any and all alleged holders of interests or claims against or on all or any portion of the Real Property, all counterparties to any executory contract

or unexpired lease of the Debtors, the Buyer and all agents, representatives, affiliates, and permitted successors and assigns of the Buyer, and any trustees, examiners, or other fiduciary under any section of the Bankruptcy Code, if any, subsequently appointed in the Debtors' Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code of any or all of the Debtors' cases. The terms and provisions of the Purchase Agreement and this Order will inure to the benefit of the Debtors, their bankruptcy estates, their creditors, the Buyer and all agents, representatives, affiliates, and permitted successors and assigns of the Buyer, and any other affected third parties, including all persons asserting any interests or claims in the Real Property to be sold to the Buyer pursuant to the Purchase Agreement, notwithstanding any subsequent appointment of any trustee(s), party, entity, or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee(s), party, entity, or other fiduciary such terms and provisions likewise will be binding.

6. Notice of the Motion and Sale Hearing was adequate, appropriate, fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006, and the Bidding Procedures Order.

## APPROVAL OF THE PURCHASE AGREEMENT

7. In accordance with section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 and as described in the Motion, the Debtors are authorized, but not directed, to sell the Real Property to the Buyer in accordance with the terms and conditions set forth in the Purchase Agreement. The Purchase Agreement, together with all annexes, exhibits, and amendments thereto, is hereby approved.

8. The Debtors are authorized and empowered, but not directed, to take any and all actions necessary or appropriate to: (a) consummate the sale of the Real Property to the Buyer

pursuant to and in accordance with the terms and conditions of the Purchase Agreement; (b) close the sale of the Real Property as contemplated in the Purchase Agreement and this Order (including any customary or immaterial modifications to the purchase price); and (c) execute and deliver, perform under, consummate, implement, and close fully the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the sale of the Real Property, including any other ancillary document, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement and such other ancillary documents.

9. The Purchase Agreement represents the highest and best offer to purchase the Real Property under the facts and circumstances of these chapter 11 cases. Approval of the Purchase Agreement and the consummation of the transaction contemplated hereby is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest. The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the sale of the Real Property. Because the entry into the Purchase Agreement and consummation of the Transaction constitute the exercise by the Seller of its sound business judgment, the Seller shall not have or incur any liability or otherwise be subject to any damages whatsoever for any act or omission in connection with, related to, or arising out of the negotiations of the Purchase Agreement or the consummation of the Transaction, other than for an act or omission that constitutes a breach of the Purchase Agreement, fraud, gross negligence, or willful misconduct, in each case as determined by this Court or another court of competent jurisdiction pursuant to a final order.

**TRANSFER OF THE REAL PROPERTY**

10. The Debtors are authorized, but not directed, to sell the Real Property free and clear of liens, claims, and encumbrances against the Debtors or their estates (other than included in the Assumed Liabilities (as defined in the Purchase Agreement)), because one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied.

11. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the sale of the Property under the terms and conditions set forth in the Purchase Agreement shall be free and clear of any and all liens, claims, encumbrances, and other interests of any kind or nature whatsoever (an "Interest"); *provided* that any such Interest shall attach to the proceeds of the sale with the same validity, in the amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances have with respect to the Property, subject to any claims, defenses, or challenges that the Debtors, any successors to the Debtors, or other party-in-interest may possess with respect thereto. Any such interests shall be transferred and attach to the proceeds of the sale with the same validity and priority, and subject to the same claims, defenses and challenges that such liens had against the Property immediately prior to the Closing (as defined below). The Property will be conveyed to the Buyer on an "as-is, where is" basis, without any representations or warranties whatsoever (whether express, statutory, or implied) as to the Property, except as otherwise expressly set forth in the Purchase Agreement.

12. All persons and entities holding or otherwise asserting an Interest in the Property hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Interests in and to the Property against the Buyer or its successors or assigns, their property, or the Property. For the avoidance of doubt, no holder's Interest in the Property as of the Closing shall impact Purchaser's future rights to sell, transfer or dispose of the Property in the

ordinary course of its business. Notwithstanding any provision of the Purchase Agreement to the contrary, after the Closing of the sale of the Property, the Debtors and their bankruptcy estates (including any successor trustees in these cases, whether under chapter 7, chapter 11, or a litigation or liquidation trust, as well as any such litigation or liquidation trust and the assets thereof) shall have no further liability to any party (including, but not limited to, the Buyer) with respect to the Property, and any claims, whether administrative or otherwise, relating to or arising from the Property after the Closing of the sale and transfer of the Property that are asserted against the Debtors or their estates shall be deemed disallowed.

13. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any of the liens and other encumbrances of record. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department or office, and such agencies, departments and offices are authorized and directed to accept this Order for filing or recording.

14. If any person or entity which has filed statements or other documents or agreements evidencing liens on, or interests in, the Real Property shall not have delivered to the Debtors prior to the Closing in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of liens or interests which the person or entity has or may assert with respect to the Real Property, the Debtors are hereby authorized, and the Buyer is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Real Property. Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Real Property

shall be self-executing, and none of the Debtors or the Buyer shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implement the provisions of this Order.

15. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease, and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

16. On and after the Closing Date, all persons and entities holding or otherwise asserting an Interest in the Real Property arising under, out of, in connection with, or in any way relating to the Debtors, the Real Property or the transfer of the Real Property to the Buyer, shall execute such documents and take all other actions as may be reasonably necessary to release their respective Interests in the Real Property (but not the proceeds thereof), as such Interests may have been recorded or otherwise filed. The Buyer may, but shall not be required to, file a certified copy of this Order in any filing or recording office in any federal, state, county, or other jurisdiction in which the Debtors are incorporated or have real or personal property, or with any other appropriate clerk or recorded with any other appropriate recorder, and such filing or recording shall be accepted

and shall be sufficient to release, discharge, and terminate any of the Interests as set forth in this Order as of the Closing Date.

17. All persons or and entities that are in possession of any portion of the Real Property on the Closing Date shall promptly surrender possession thereof to the Buyer on or after the Closing Date.

18. On and after the Closing Date, no holder of an Interest in or against the Debtors or the Real Property shall interfere with the Buyer's title to, or use and enjoyment of, the Real Property based on or related to such Interest, including, but not limited to, filing or prosecuting any action against the Debtors or Purchaser, including, but not limited to, for specific performance or injunctive relief, relating to the Real Property in any way.

19. The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates or the rights of any party holding a lien, claim or encumbrance on or against the Real Property.

20. No bulk sales law or similar law of any state or other jurisdiction shall apply in any way to the transactions with the Debtors that are approved by this Order, including, without limitation, the Purchase Agreement and the Transaction.

21. Notwithstanding anything in this Order, subject to section 525(a) of the Bankruptcy Code, no governmental unit (as defined in Bankruptcy Code § 101(27)) or any representative thereof may deny, revoke, suspend, or refuse to renew, any right, permit, license, copyright, patent, trademark or other permission relating to the use of the Real Property sold, transferred, or conveyed to the Buyer on account of the filing or pendency of these chapter 11 cases, the conduct

of the sale, or the consummation of the Transaction contemplated by the Purchase Agreement and the related agreements.

## **PROHIBITION OF ACTIONS AGAINST THE BUYER**

22.     The Buyer is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code and has not made or discussed any agreements or arrangements with any Debtor or insider concerning the use or disposition of the Real Property after Closing of the Transaction.

23.     By virtue of the Transaction, neither the Buyer nor any of its affiliates shall be deemed to: (i) be a legal successor, or otherwise deemed to be a successor, to any of the Debtors under any theory of law or equity (other than with respect to any obligations as an assignee under the Assigned Contracts arising after the effective date of the Purchase Agreement); (ii) have, de facto or otherwise, merged with or into any or all Debtors or their estates; (iii) have a common identity or a continuity of enterprise with the Debtors; (iv) be an alter ego or a mere continuation or substantial continuation, or be holding itself out as a mere continuation, of the Debtors or any business, enterprise, or operation of the Debtors; or (v) be liable for any acts or omissions of the Debtors in the conduct of the business or arising under or related to the Real Property, other than as set forth in the Purchase Agreement, in the case of each of the foregoing (i)-(v), including, without limitation, within the meaning of any foreign, federal, state or local revenue law, pension law, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act, the WARN Act (29 U.S.C. §§ 2101 et seq.), the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964 (as amended), the Age Discrimination and Employment Act of 1967 (as amended), the Federal Rehabilitation Act of 1973 (as amended), the National Labor Relations Act (29 U.S.C. § 151, et seq.), environmental liabilities, debts, claims or obligations, any

liabilities, debts or obligations of or required to be paid by the Debtors for any taxes of any kind for any period, labor, employment, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine.

24. All rights of any party to set off any claims, debts, or obligations owed by or to the Buyer in connection with the assets shall be extinguished on the effective date of the Purchase Agreement. Other than as expressly set forth in the Purchase Agreement with respect to assumed liabilities, the Buyer shall not have any responsibility for (a) any liability or other obligation of the Debtors or related to the assets or (b) any claims (as such term is defined by section 101(5) of the Bankruptcy Code) against the Debtors or any of their predecessors or affiliates. To the greatest extent allowed by applicable law, the Buyer shall have no liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor or transferee liability, de facto merger or substantial continuity, labor and employment or products liability, whether known or unknown as of the effective date, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Real Property prior to the effective date of the Purchase Agreement.

## RELATED RELIEF

25. All time periods set forth in this Order and the Purchase Agreement shall be calculated in accordance with Bankruptcy Rule 9006(a).

26. The stay provided for in Bankruptcy Rules 6004(h) is hereby reduced to the extent necessary to permit Closing of the sale of the Real Property. This Order shall otherwise be effective immediately upon its entry.

27. To the extent there is any inconsistency between the terms of the Purchase Agreement, the Motion, and this Order, the terms of this Order shall govern.

28. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

29. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion and the Purchase Agreement.

30. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

31. This Order shall be binding upon the Buyer and all successors and assigns of the Buyer, the Debtors, their estates, any chapter 7 or chapter 11 trustee appointed in these cases, all creditors of and holders of equity interests in the Debtors, and any holders of liens against or on all or any portion of the Property. This Order and the Purchase Agreement shall inure to the benefit of the Debtors, their estates, any chapter 7 or chapter 11 trustee appointed in these cases, their creditors, the Buyer, and its respective successors and assigns.

32. Nothing in this Order or the Purchase Agreement releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner, lessee, or operator of property after the date of entry of this Order. Nothing in this Order or the Purchase Agreement authorizes the transfer or

assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, (e) certification, or (f) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

Signed: April 02, 2025

*[signature]*
Christopher Lopez
United States Bankruptcy Judge