UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KAL FREIGHT INC. *et al.*,[1] | ) ) | Case No. 24-90614 |
| Debtor(s). | ) ) ) | (Jointly Administered) |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE THIRD AMENDED AND RESTATED PLAN OF LIQUIDATION OF KAL FREIGHT INC. AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), by and through the undersigned counsel, hereby files this Objection (the "Objection") to confirmation of the *Third Amended and Restated Plan of Liquidation of Kal Freight Inc. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy* (the "Amended Plan") [ECF No. 845] and represents as follows:

**I.     Summary**

1.     The U.S. Trustee objects confirmation of the Amended Plan. The Court should not confirm the Amended Plan as a matter of law for the following reasons:

      i.     To the extent that applicable law authorizes exculpation beyond 11 U.S.C. § 1125(e), the Plan's exculpation provision exceeds the scope allowed by Fifth Circuit precedent.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 Cases is 10156 Live Oak Ave., Fontana, CA 92335.

1

  ii. The Plan includes a post-confirmation indemnity provision for the Liquidating Trustee and its respective advisors or professionals that requires clarification.

  iii. The Debtors are not entitled to a discharge because substantially all the assets of the estate will be liquidated under the Amended Plan.

  iv. The injunction provision should be limited to the period the Liquidating Trust in performing under the Amended Plan.

  v. The Plan improperly seeks to waive the fourteen-day stay period required under Federal Rule of Bankruptcy Procedure 3020(e) and 6004(g).

### II. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

2. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

3. This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

4. Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7. The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

5. The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code. 28 U.S.C. § 586(a)(3). In chapter 11, the U.S. Trustee's supervisory responsibilities include monitoring plans and disclosure statements and filing comments with the court. 28 U.S.C. § 586(a)(3)(B).

### III. Factual Background

6.  On December 5, 2024, the Debtors filed for relief under chapter 11 of the Bankruptcy Code. *See* ECF No. 1.

7.  Prior to the filing of the bankruptcy, the Debtors appointed two Independent Directors. Shortly after filing for bankruptcy, the Debtors sought an Order ratifying the appointment of the Independent Directors and authorizing the payment of the Director Fees. *See* ECF No. 10

8.  On December 5, 2024, the Court entered an Order ratifying the appointment of the Independent Directors (the "Ratification Order"). *See* ECF No. 59.

9.  On March 26, 2025, the Debtors filed the Amended Plan. *See* ECF No. 856.

10. The Plan contains an Exculpation provision, which provides as follows:

The Debtors, the Independent Directors, the CRO, the Committee, the members of the Committee, and each solely in their capacities as such (collectively, the "Exculpated Parties"), will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; *provided however*, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); *provided however,* that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.

Amended Plan, Sec. XVI(A).

### IV.     Objections

11. Section 1129(a) of the Bankruptcy Code sets forth the requirements for confirming a chapter 11 plan, when each impaired class of claims votes to approve the plan. Among other things, a plan must comply with the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1).

12. The Debtors bear the burden of establishing that the Plan complies with all elements of section 1129. *In re Cypresswood Land Partners, I,* 409 B.R. 396, 422 (Bankr. S.D. Tex. 2009) ("The Debtor, as the proponent of the [plan], has the burden of proving that all elements of 11 U.S.C. § 1129(a) are satisfied.").

13. Consistent with the requirements set forth in section 1129(a), the U.S. Trustee objects to confirmation of the Amended Plan as set forth below.

### A. The Exculpation Provision is Too Broad in Violation of Fifth Circuit Authority.

14. To the extent that applicable law authorizes exculpation beyond 11 U.S.C. § 1125(e), the Plan improperly provides overly broad exculpation coverage to the Independent Directors and the CRO in violation of Fifth Circuit case law. *NexPoint Advisors, L.P. v. Highland Capital Management L.P. (In re Highland Capital Management, L.P.),* 48 F.4th 419, 437-38 (5th Cir. 2022). This controlling decision is unequivocal. Fifth Circuit precedent, including *Bank of New York Trust Company, NA v. Official Unsecured Creditors' Committee (In re Pacific Lumber Co.)* 584 F.3d 229 (5th Cir. 2009), and section 524(e) of the Bankruptcy Code, "require any exculpation in a Chapter 11 reorganization plan be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties." *In re Highland Cap. Mgmt., L.P.,* 48 F.4th at 437).

15. Specifically, the Fifth Circuit in *Highland Capital* analyzed whether the independent directors who were appointed by the Official Committee of Unsecured Creditors in

4

the Highland Capital bankruptcy case pursuant to an order entered by the bankruptcy court to act together as the bankruptcy trustee could be exculpated and concluded:

> That leaves one remaining question: whether the bankruptcy court can exculpate the Independent Directors under *Pacific Lumber*. We answer in the affirmative. As the bankruptcy court's governance order clarified, nontraditional as it may be, the Independent Directors were appointed to act together as the bankruptcy trustee for Highland Capital. Like a debtor-in-possession, the Independent Directors are entitled to all the rights and powers of a trustee. *See* 11 U.S.C. § 1107(a); 7 COLLIER ON BANKRUPTCY ¶ 1101.01. It follows that the Independent Directors are entitled to the limited qualified immunity for any actions short of gross negligence. *See In re Hilal,* 534 F.3d at 501. Under this unique governance structure, the bankruptcy court legally exculpated the Independent Directors.

*In re Highland Cap. Mgmt., L.P.,* 48 F.4th at 437.

16. The unique corporate governance circumstances in *Highland Capital* that justified extending the exculpation protections to the independent directors are not present in this case. Here, the Independent Directors were appointed prepetition by the Debtors. After the filing of the bankruptcy, the Debtors filed "Debtor's Emergency Motion for Entry of Order (i) Ratifying the Appointment of Independent Directors Effective as of the Petition Date; and (ii) Authorizing the Payment of Directors Fees. *See* ECF No. 10. On December 5, 2024, the Court entered an Order which, summarizing, ratifies the appointment of the Independent Directors to the Board of the Debtors, establishes that the Sole Stockholder of the Debtors cannot remove the Independent Directors nor appoint new directors or managers without the Independent Directors consent, authorizes the payment of Directors Fees, and establishes procedures for initiating a claim or cause of action against an Independent Directors.

17. In turn, the CRO was employed to manage the Debtor's operations and reorganization efforts, including carrying out the Debtors' duties as debtor-in-possession. See ECF No. 10, ¶10; and ECF No. 305. On March 4, 2025, the Court entered an order authorizing the

employment of Development Specialists, Inc. ("DSI") as Financial Advisor and the designation of Bradley D. Sharo as CRO (the "Employment Order"). *See* ECF No. 641.

   18.     Unlike *Highland Capital*, neither the Ratification nor Employment Orders entered in the case authorize the Independent Directors and the CRO to act as bankruptcy trustees for the Debtors. The Debtors —as debtors-in-possession— have been the fiduciaries in this jointly administered bankruptcy case. Thus, to be consistent with *Pacific Lumber* and *Highland Capital*, the definition of "Exculpated Parties" in the Plan must exclude the Independent Director and the CRO.[2] (*See In re Kalera, Inc.*, 23-90290 (Bankr. S.D. Tex.), ECF No. 453, p. 19) (sustaining the U.S. Trustee's objection to the inclusion of the CRO, Standon Capital, and the professionals and advisors of such parties in the definition of "Exculpated Parties").

   B. **The Plan includes a post-confirmation indemnity provision for the Liquidating Trustee and its respective advisors or professionals that requires clarification.**

   19.     Section XVI(D) of the Amended Plan provides post-confirmation indemnification to the Liquidating Trustee and its respective consultants, agents, advisors, attorneys, accountants, financial advisors, other representatives, and professionals engaged by the foregoing (the "Indemnified Parties"). The Debtors should modify Section XVI(D) to clarify the provision strictly provides for indemnification —not a post-confirmation exculpation for something the parties have not done yet— and the circumstances under which the Indemnified Parties will not be

---

[2] The CRO was employed by the estate as a professional under sections 327(a) and 328(a) of the Bankruptcy Code. *See* ECF No. 641. *Highland Capital* is unequivocal that the professionals employed by the debtor are not entitled to an exculpation under the plan. *See Highland Capital* at 438 ("As it stands, the Plan's exculpation provision extends to Highland Capital and its employees and CEO; Strand; the Reorganized Debtor and HCMLP GP LLC; the Independent Directors; the Committee and its members; the Claimant Trust, its trustee, and the members of its Oversight Board; the Litigation Sub-Trust and its trustee; professionals retained by the Highland Capital and the Committee in this case; and all "Related Persons." Consistent with § 524(e), we strike all exculpated parties from the Plan except Highland Capital, the Committee and its members, and the Independent Directors.").

6

entitled to indemnification. The U.S. Trustee requests that the Debtors be required to modify Section XVI(D) of the Amended Plan as follows:[3]

> The Liquidating Trustee, together with its respective consultants, agents, advisors, attorneys, accountants, financial advisors, other representatives and the professionals engaged by the foregoing (collectively, the "Indemnified Parties") shall ~~not be liable~~ be indemnified and hold harmless from ~~for~~ any and all liabilities, losses, damages, claims, Causes of Action, costs and expenses, including but not limited to attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, to the Holders of Claims or Interests for any action or inaction taken in good faith in connection with the performance or discharge of their duties under the Plan, except the Indemnified Parties will be liable for actions or inactions that are grossly negligent, fraudulent, bad faith, breach of fiduciary duty, self-dealing, or which constitute willful misconduct (in each case, liability shall be subject to determination by final order of a court of competent jurisdiction). However, any act or omission taken with the approval of the Court, and not inconsistent therewith, will be conclusively deemed not to constitute gross negligence, fraud, bad faith, breach of fiduciary duty, self-dealing, or willful misconduct. In addition, the Liquidating Trust, and the Estates shall, as applicable and to the fullest extent permitted by the laws of the State of Delaware, indemnify and hold harmless the Indemnified Parties from and against and with respect to any and all liabilities, losses, damages, claims, costs and expenses, including but not limited to attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Liquidating Trust, and the Estates or the implementation or administration of the Plan if the Indemnified Party acted in good faith and in a manner reasonably believed to be in or not opposed to the best interest of the Liquidating Trust and the Estates. To the extent the Liquidating Trust indemnifies and holds harmless the Indemnified Parties as provided above, the legal fees and related costs incurred by counsel to the Liquidating Trustee in monitoring and participating in the defense of such claims giving rise to the right of indemnification shall be paid as Liquidating Trust Expenses. All rights of the ~~Persons exculpated and~~ Indemnified Parties indemnified pursuant hereto shall survive confirmation of the Plan.

### C. The Debtors are not entitled to a Discharge in a liquidating plan.

20.     The treatment to Class 5—Intercompany Claims is defined in the Amended Plan as follows: "There shall be no Distribution on account of Class 5 Intercompany Claims. Upon the

---

[3] The U.S. Trustee has engaged in dialogue with Debtor's Counsel regarding the issues raised in this Objection. The U.S. Trustee understands the Debtors will voluntarily make some of the requested substantive modifications to Section XVI(D) in this Objection. This issue is included in the Objection to properly preserve the right for the confirmation hearing in the event the issue is not entirely resolved by the parties.

Effective Date, all Intercompany Claims will be deemed, at the option of the Debtors, converted to equity, otherwise set off, settled, canceled, released, or discharged without any distribution on account of such Claims." Amended Plan, Sec. X(E). Under section 1141(d)(3) of the Bankruptcy Code, the Debtors are not entitled to a discharge because the Amended Plan provides for the liquidation of substantially all property of the estate. For the avoidance of doubt, considering the use of the word "discharge" in treatment to Class 5—Intercompany Claims, the confirmation order should clarify the Debtors are not receiving a discharge.

### D. The Injunction Provision Should be Limited to the Period the Liquidating Trust is Performing Under the Amended Plan.

21.     Section XVI(C) of the Amended Plan includes an injunction provision. This section, as drafted, would impose a permanent injunction on creditors. However, because the Debtors are proposing a liquidating plan and are not entitled to a discharge, the injunction should be no more than a temporary injunction while the Liquidating Trust performs under the Amended Plan. The U.S. Trustee requests that the Debtors be required to modify Section XVI(C) of the Amended Plan as follows:

> **In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are ~~permanently~~ enjoined, while the Liquidating Trust is performing under the Plan, from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or**

**encumbrance of any kind against the Debtors, the Estates, or the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors, or the Liquidating Trust under the Plan.**

**E.   Objection to Waiver of Stay Pursuant to Fed. R. Bankr. P 3020(4) and 6004(g).**

22.    Finally, in the event the Court overrules the objections of the U.S. Trustee to the Amended Plan, the U.S. Trustee objects to any waiver of the fourteen-day stay period pursuant to Fed. R. Bankr. P. 3020(e), which provides that "[a]n order confirming a plan is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 3020(e).  The Committee Notes explain that subsection (e) was "added to provide sufficient time for a party to request a stay pending appeal of an order confirming a plan under chapter 9 or chapter 11 of the Code before the plan is implemented and an appeal becomes moot." *Id*.  The Debtors have presented no exigencies that would justify departing from the Rule's imposition of an automatic 14-day stay and impeding the ability to obtain appellate review. Similarly, Fed. R. Bankr. P. 6004(g) does not apply to plan confirmation and does not provide a legal basis to waive the fourteen-day stay period after entry of an order confirming a plan.

### V.    Conclusion

23.    For the reasons above, the Court should deny confirmation of the Amended Plan and grant such other and further relief as it may deem just and proper.

**WHEREFORE**, the U.S. Trustee respectfully requests this Court to deny confirmation of the Amended Plan and grant such other and further relief as it may deem just and proper.

Dated: April 4, 2025                    Respectfully Submitted,

                                                  KEVIN M. EPSTEIN
                                                  UNITED STATES TRUSTEE

                                                  By: /s/ Andrew Jiménez
                                                  Andrew Jiménez
                                                  U.S. Department of Justice
                                                  United States Trustee Program
                                                  District of Columbia Bar 991907
                                                  Email: Andrew.Jimenez@usdoj.gov
                                                  515 Rusk Street, Suite 3516
                                                  Houston, TX 77002
                                                  (713) 718-4668
                                                  (713) 718-4670 Fax

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 3, 2023, a conference was held pursuant to BLR 9013- 1(g) with Gregory V. Demo, Esq. of Pachulski Stang Ziehl & Jones LLP, counsel for the Debtor, but the parties were unable to resolve all the matters. The parties will continue to work to resolve the Objection prior to confirmation.

## CERTIFICATE OF SERVICE

I certify that, on April 4, 2025, a true and correct copy of foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

                                                  /s/ Andrew Jiménez
                                                  Andrew Jiménez