IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>KAL FREIGHT INC., *et al.*<br><br>Debtors. | Chapter 11<br>Case No. 24-90614<br>(Jointly Administered) |

**U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE'S LIMITED OBJECTION TO DEBTORS' THIRD AMENDED AND RESTATED COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION OF KAL FREIGHT INC. AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**TO THE HONORABLE JUDGE OF THE UNITED STATES BANKRUPTCY COURT,** COMES NOW, U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE ("U.S. Bank") who objects, in part, to the Debtors' Third Amended Plan ("Plan") as set forth above, as follows:

<u>The Nature and Proposed Treatment of U.S. Bank's Claim</u>

U.S. Bank filed Proof of Claim No. 34 in the amount of $4,561,781.91 ("Claim") indicating that the claim is "secured" by 113 trailers, but is also unsecured in an unknown amount because at the time of filing its Claim, U.S. Bank had no way of knowing what its deficiency balance will be. U.S. Bank, like all of the similarly situated vehicle finance companies, expects to suffer extraordinary losses due to the partial recovery of its collateral.  Based on the status list

1

provided to U.S. Bank by Debtors, the status of U.S. Bank's trailers falls into the following categories:

*First Category*: In Debtors' control, to be surrendered and recovery expected: 33

*Second Category*: Do not exist or whereabouts unknown and no recovery expected: 22

*Third Category*: Leased to third parties and recovery questionable: 60

With regard to the First Category, U.S. Bank hopes to recover those thirty-three trailers via the weekly notices provided by the Debtors. However, only a portion of those have actually been recovered, despite U.S. Bank's valiant efforts. Roadblocks preventing the full recovery of those trailers is described below.

With regard to the Second Category, U.S. Bank expects zero recovery.

With regard to the Third Category, Debtors' notified U.S. Bank that those leases to third parties have been rejected and that U.S. Bank is basically on its own to figure out how to get the trailers back. Therefore, recovery of those trailers is unknown at this time.

Debtors provided U.S. Bank with a ballot as a Class 2 Other Secured Claim, though U.S. Bank expects to hold a deficiency claim under Class 3 for approximately $4 million based on the categories described above.

### The Plan Should Provide a Mechanism for Filing Deficiency Claims

U.S. Bank does not want to be estopped from having a deficiency claim because it cast a ballot that was labeled by Debtors as Class 2. While creditors are generally allowed to amend claims after a bar date, for the avoidance of doubt, the Plan should be modified to state that creditors secured by vehicles are entitled to file amended, general unsecured deficiency claims so that they can share in any distribution under Class 3.

<u>The Debtors Should Be Required to Cooperate with the Surrender of Collateral</u>

<u>Beyond the Effective Date</u>

The Debtors' proposal to surrender collateral by publishing weekly lists is a practical approach to returning hundreds of units to secured creditors prior to the Effective Date, which U.S. Bank supports.  However, this process should be extended beyond the Effective Date.  U.S Bank's agents report that the current seven-day recovery window set by Debtors is logistically unfeasible. The task requires twenty different lenders to locate and remove trailers that are densely stacked and packed into various yards. This process is particularly challenging in the Moreno Valley, California yard, which is situated in a flood-prone valley.  Recently, the California Highway Patrol closed the access road to the yard due to trucks frequently becoming stuck.

While Debtors' intent to maintain a clear paper trail by tracking who retrieves each unit is understandable, the current approval process is significantly delayed, often taking several hours to days. This delay is compounded by the convergence of multiple banks attempting recovery simultaneously. Upon arrival, each repossession team must present documentation, including VINs, for trailer removal. After gaining approval—which typically takes at least an hour—teams are then required to wait outside the yard.

Inside the yard, truck operators jockey trailers around to access the targeted units, frequently needing to move multiple trailers to reach a specific one. Once retrieved, displaced trailers must be reset, and this process is repeated continuously.

The Modesto yard presents similar challenges, though without the risk of vehicles becoming stuck in mud.  During one recent attempt at the Modesto location, U.S. Bank's target

3

trailers were buried among twenty others, necessitating a return the following day to complete the task.

Given these circumstances, it would be highly challenging to complete the removal project within the proposed 30-day period allocated by the Debtors. A seven-day limit is unrealistic, and additional time is essential to complete the task efficiently and safely.  U.S. Bank fears that if Debtors' are relieved of their duty to preserve and protect the collateral on the Effective Date, that secured creditors will be left in an even worse position than they are now.

### Conclusion

Based on the foregoing, U.S. Bank proposes that the Plan be modified to set forth a process for filing amended deficiency claims and extend the time for Debtors' to cooperate with the surrender of collateral.

Respectfully submitted this 4th day of April, 2025.

BY: /s/ *Jennifer Witherell Crastz*
_____
Jennifer Witherell Crastz
California Bar No. 185487
Email: jcrastz@hrhlaw.com
*Admitted Pro Hac Vice*

**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Blvd., 12th Floor
Encino, California 91436
Tel.: (818) 501-3800
Email:  jcrastz@hrhlaw.com

Attorneys for Secured Creditor,
U.S. BANK NATIONAL ASSOCIATION
d/b/a U.S. BANK EQUIPMENT FINANCE

**Certificate of Service**

   I certify that on April 4, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, as well as by email transmission to the attached Email Service List.

*By Electronic Mail*

Kal Freight Inc.
c/o Pachulski Stang Ziehl & Jones, LLP
Attn:  Teddy Kapur
700 Louisiana Street, Suite 4500
Houston, TX 77002
Email:  tkapur@pzjlaw.com

United States Trustee
Office of the U.S. Trustee
Attn:  Andrew Jiminez
515 Rusk Avenue, Suite 3516
Houston, TX 77002
Email:  andrew.jiminez@usdoj.gov

Official Committee of Unsecured Creditors
c/o Kane Russell Coleman Logan PC
Attn:  William James Hotze
5151 San Felipe, Suite 800
Houston, TX 77056
Email:  whotze@krcl.com

Official Committee of Unsecured Creditors
c/o Kane Russell Coleman Logan PC
Attn:  Kyle Woodard
901 Main Street
Suite 5200
Dallas, TX  75202
Email:  kwoodard@krcl.com

                /s/ *Jennifer Witherell Crastz*
                _____
                Jennifer Witherell Crastz