IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-90614 (CML) |
| | § | |
| KAL FREIGHT INC., et al., | § | Chapter 11 |
| | § | |
| Debtors.¹ | § | (Jointly Administered) |
| | § | |

**TBK BANK, SSB'S LIMITED OBJECTION TO DEBTORS' THIRD AMENDED AND RESTATED COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION**

TBK Bank, SSB ("TBK") files this limited objection (the "Limited Objection") in response to the Plan and would show the following in support thereof:[2]

**LIMITED OBJECTION**

1. On March 12, 2025, this Court entered an order approving that certain *Binding Settlement Term Sheet* (hereafter, the "Term Sheet"). *See* Docket No. 770. The Term Sheet became the basis for the Plan and provides that TBK, as a Participating Lender, is deemed to accept the Plan. TBK has fully paid its $1.25 million funding obligation and intends to comply with the Term Sheet in all respects. Nevertheless, TBK files this Limited Objection on three bases:

2. **First**, as currently drafted, the Plan potentially contemplates having an Effective Date before the conclusion of the wind-down. This cannot happen. Initially, the Plan provides that the Debtors will "cease to exist" on the Effective Date. *See* Plan, Section XIV.B. If the Plan goes effective before the wind-down is complete, then no one will then own or otherwise oversee the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 Cases is 10156 Live Oak Ave., Fontana, CA 92335.

[2] *Third Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 845] (as amended, modified or supplemented, the "Plan"). Capitalized and undefined terms herein shall have the meanings ascribed to them in the Plan.

surrender of the rolling stock collateral of TBK and other Participating Lenders that is yet to be returned, because the Debtors will no longer exist. This is improper and inequitable. TBK and the other Participating Lenders have provided actual cash to fund the Debtors' wind-down operations. As such, the Debtors have a contractual and good faith obligation to substantially complete the wind-down before "ceasing to exist" and allowing the Liquidating Trust Assets to be transferred to the Liquidating Trust. Otherwise, there is a real possibility that TBK's and other Participating Lenders' rolling stock collateral (tractors, trailers, and tractors hauling trailers loaded with customer goods) will be abandoned wherever it might happen to be on the Effective Date in violation of the Debtors' obligations under to the Term Sheet.

3.  To make matters worse, there will not be anyone remaining affiliated with the Debtors (or their Professionals) to assist TBK and the other Participating Lenders in locating their rolling stock and other collateral. It would also be irresponsible, and contrary to their fiduciary duty, for the Debtors to strand drivers and customer loads throughout the country. The Debtors cannot leave TBK and other Participating Lenders with no one to contact to help them try to locate their missing trucks and trailer collateral after the Effective Date. The Plan cannot condone or authorize an express breach of the very Term Sheet upon which the Plan is based and for which TBK and the other Participating Lenders paid millions of dollars.

4.  To address this issue, TBK proposes adding a new subsection (c) to the definition for the Effective Date in the Plan (in bold below), as follows:

> "Effective Date" means the date selected by the Debtors **(in consultation with the Participating Lenders)**, which is a Business Day after the Confirmation Date on which: (a) no stay of the Confirmation Order is in effect, (b) all conditions specified in Section XVII hereof have been satisfied, unless waived by the Debtors, **and (c) the Debtors have provided the Participating Lenders with 2 business days prior written notice that the Debtors have in good faith determined that the Debtors have substantially complied with their obligations to return collateral to the Participating Lenders under the Term Sheet;** *provided, however*, **if a**

**Participating Lender files an objection to the Debtors' determination within the 2 business days-notice period, the Effective Date shall not occur without an order from the Court, after an emergency hearing, finding that the Debtors substantially complied with the Term Sheet.** Notice of the proposed Effective Date shall be filed with the Court by the Debtors.

5. *Second*, the Debtors' failure to comply with the requirements of the Term Sheet to cause an orderly return of TBK's rolling stock collateral would result in TBK's administrative claim of up to the full $1.25 million TBK paid to the Debtors to fund wind-down operations. TBK paid its $1.25 million funding obligation in exchange for the Debtors' substantial compliance with the Debtors' obligation to orderly return TBK rolling stock collateral in accordance with the Term Sheet.[3] Specifically, TBK's right to a refund (as an allowed administrative expense) is proper because the Debtors have not yet substantially complied (and may never substantially comply) with the Term Sheet and substantially complete the return of TBK's rolling stock collateral.[4] The Plan cannot be confirmed unless and until it accounts for this administrative claim and immediate payment thereof. *See* 11 U.S.C. §1129(a)(9)(A).

6. *Third*, TBK and the other Participating Lenders continue to work with the Debtors by exchanging redlines of the Plan to work out other differences. TBK reserves all rights to seek changes to the Plan to and to supplement this Objection if the parties cannot resolve their other differences. Among other things, the Plan must be consistent throughout that (a) the Term Sheet must control any inconsistencies in the Plan, as to which TBK and Triumph reserve all rights, (b) all of the liens and security interests of TBK and Triumph are retained and survive confirmation, (c) Triumph owns all purchased accounts and will continue to do so post-

---

[3] *See* Term Sheet at p. 2 ("TBK shall fund $1.25 million to the Debtors in five equal weekly installments of $250,000 beginning on no later than the third business day after entry of the Approval Order and continuing on each Friday thereafter upon the expectation of weekly progress in the return of Triumph and TBK Rolling Collateral…").
[4] TBK reserves all rights to withdraw any application for administrative expense claim in the event the Debtors ultimately comply with their wind-down obligations and timely return TBK's rolling stock collateral in the final weeks of the wind-down.

confirmation, (d) the Plan preserves the rights of secured creditors such as TBK to access and retrieve their respective collateral at leased premises, and (e) the Plan preserves the rights of secured creditors such as TBK to access automated tracking systems for their rolling stock collateral, including but not limited to the Samsara system, for purposed of locating and retrieving such collateral units.

## **CONCLUSION**

In conclusion, TBK requests that this Court (a) condition confirmation of the Plan, as outlined herein and (b) grant such other and further relief as is just and proper under the circumstances.

Dated: April 5, 2025

/s/ Michael S. Held
Michael S. Held
State Bar No. 09388150
J. Machir Stull
State Bar No. 24070697

**JACKSON WALKER L.L.P**.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone:  (214) 953-6000
Facsimile:  (214) 661-6859
Email:   mheld@jw.com
         mstull@jw.com

-and-

Howard M. Levine (admitted *pro hac vice)*
Josh G. Flood (admitted *pro hac vice)*
**SUSSMAN SHANK LLP**
100 Southwest Broadway, Suite 1400
Portland, Oregon 97205
Telephone:  (503) 227-1111
Facsimile:  (503) 248-0130
Email:   hlevine@sussmanshank.com
         jflood@sussmanshank.com

**ATTORNEYS FOR TRIUMPH COMMERCIAL FINANCE LLC AND TBK BANK, SSB**

44464604v.4

**Certificate of Service**

    I certify that, on 5th day of April 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                       /s/ *Michael S. Held*
                                                                       Michael S. Held

44464604v.4