IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-90614 (CML) |
| | § | |
| KAL FREIGHT INC., et al., | § | Chapter 11 |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**DAIMLER TRUCK FINANCIAL SERVICES USA LLC'S LIMITED OBJECTION
TO DEBTORS' THIRD AMENDED AND RESTATED COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION**

Daimler Truck Financial Services USA LLC ("Daimler"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the *Third Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 845] (as amended, modified or supplemented, the "Plan"),[2] and states as follows:[3]

**LIMITED OBJECTION**

1. On March 12, 2025, this Court entered an order approving that certain *Binding Settlement Term Sheet* (hereafter, the "Term Sheet"). *See* Docket No. 770. Daimler supports the treatment of its claims under the Plan, but files this Limited Objection on two grounds:

2. *First*, Daimler objects to the definition of "Effective Date" in the Plan, which allows the Debtors to subjectively determine the Effective Date (and to cease operations and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 Cases is 10156 Live Oak Ave., Fontana, CA 92335.

[2] Capitalized and undefined terms herein shall have the meanings ascribed to them in the Plan.

[3] This Limited Objection is timely filed pursuant to agreement between counsel for the Debtors and Daimler that has extended the Plan Objection Deadline for Daimler from April 4, 2025 at 4:00 p.m. (Central Time) to April 5, 2025 at 12:00 p.m. (Central Time).

terminate all of their employees) before the Debtors complete their wind-down obligations under the Term Sheet.  Completion of the Debtors' wind-down before the Effective Date is necessary, among other reasons, because as of the Effective Date, the Debtors will "cease to exist" (*see* Plan, Section XIV.B), and Daimler's Rolling Collateral may be abandoned somewhere throughout the country without any safeguarding, in violation of the Debtors' obligations pursuant to the Term Sheet.

3. Daimler and the other Participating Lenders have proposed to the Debtors that they revise the definition of "Effective Date."  To adequately address its concerns, Daimler proposes the following revised definition of "Effective Date":

> "Effective Date" means the date selected by the Debtors (in consultation with the Participating Lenders), which is a Business Day after the Confirmation Date on which: (a) no stay of the Confirmation Order is in effect, (b) all conditions specified in Section XVII hereof have been satisfied, unless waived by the Debtors, and (c) the Debtors have provided the Participating Lenders with 2 business days prior written notice that the Debtors have in good faith determined that the Debtors have substantially complied with their obligations to return collateral to the Participating Lenders under the Term Sheet; *provided, however*, if a Participating Lender files an objection to the Debtors' determination within the 2 business days-notice period, the Effective Date shall not occur without an order from the Court, after an emergency hearing, finding that the Debtors substantially complied with the Term Sheet. Notice of the proposed Effective Date shall be filed with the Court by the Debtors.

Daimler respectfully requests that the Court condition confirmation of the Plan on the Plan's adoption of the above definition of "Effective Date."

4. ***Second***, Daimler will assert its right to a refund of the full $1 million paid to the Debtors pursuant to the Term Sheet to fund the wind-down, in the event that the Debtors fail to substantially comply with their obligations to orderly return Daimler's Rolling Collateral (as defined in the Term Sheet) in accordance with the Term Sheet.  This potential administrative claim must be paid in full under the terms of the proposed Plan.  Daimler objects to confirmation if the

Debtors do not have sufficient funds to pay this conditional administrative claim and, in such a scenario, the Plan is not feasible.

## RESERVATION OF RIGHTS

5. Daimler reserves all rights to amend and/or supplement this Limited Objection and to present any legal authorities, arguments, and evidence at the Plan confirmation hearing. Nothing asserted herein shall be construed as a waiver of Daimler's rights under the Bankruptcy Code or any other applicable law.

## CONCLUSION

In conclusion, Daimler respectfully requests that this Court (a) condition confirmation of the Plan as outlined herein and (b) grant such other and further relief as is just and proper under the circumstances.

Dated: April 5, 2025

*/s/ Stephen A. McCartin*

Stephen A. McCartin (TX 13374700)
Thomas C. Scannell (TX 24070559)
FOLEY & LARDNER LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile:  (214) 999-4667
smccartin@foley.com
tscannell@foley.com

Kim P. Gage (*pro hac vice*)
COOKSEY TOOLEN GAGE DUFFY WOOG
535 Anton Boulevard, Suite 1000
Costa Mesa, CA 92626-1977
Telephone: 714.431.1090
Facsimile:  714.431.1119
E-mail: kgage@cookseylaw.com

*and*

Joseph S. Harper (*pro hac vice*)
FOLEY & LARDNER LLP

3

150 East Gilman Street
Madison, WI 53703
Telephone:  608.257.5035
Facsimile:   608.258.4258
Email: jharper@foley.com

*Counsel to Daimler Truck Financial Services USA LLC*

## Certificate of Service

  I certify that, on this 5th day of April 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                 /s/ *Joseph S. Harper*
                 Joseph S. Harper