**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>KAL FREIGHT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>(Jointly Administered)<br><br>**Re: Dkt. No. 845** |

**OBJECTION AND RESERVATION OF RIGHTS OF FRIND-AEROTROPOLIS, LLC, TO CONFIRMATION OF THIRD AMENDED AND RESTATED PLAN OF LIQUIDATION OF KAL FREIGHT INC. AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

FRIND-Aerotropolis, LLC (the "**Landlord**"), by and through its undersigned counsel, hereby files this objection and reservation of rights (the "**Objection**") with respect to the *Third Amended and Restated Combined Disclosure Statement and Plan of Liquidation of KAL Freight Inc. and its Affiliated Debtors under Chapter 11 of the Bankruptcy Code* [Docket No. 845] (as amended, modified, and/or supplemented, the "**Plan**"), and respectfully states as follows:

## I. PRELIMINARY STATEMENT[2]

1. The Landlord and the Debtors, through good faith efforts and extensive, arms' length negotiations, have reached a resolution of the Landlord's Administrative Expense Application (as defined below) and this Objection. As reflected in the proposed *Stipulation and Agreed Order Allowing Administrative Expense Claim of FRIND-Aerotropolis, LLC* (the "**Stipulation**") [Docket No. 851], the parties have agreed, among other things, (i) to an allowed

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Kal Freight Inc. (0249); Kal Aviation LLC (2600); Kal Partz Inc. (0139); Kal Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 Cases is 10156 Live Oak Ave., Fontana, CA 92335.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation (as defined herein).

102886421.2

administrative expense claim in favor of the Landlord, to be paid pursuant to the Plan, and (ii) that the Debtors may use the leased Premises and Building through April 30, 2025 in the winddown process in the manner specified in the Stipulation. Subject to the Court's approval of the Stipulation, the Landlord has agreed to waive certain claims, including, without limitation, amounts based on non-monetary defaults with respect to the Lease and attorneys' fees incurred by the Landlord in its efforts to enforce its rights under the Lease. Thus, this Objection is filed out of an abundance of caution to assert and preserve the Landlord's rights and claims should (i) the Court determine that the Stipulation should not be approved, (ii) the Debtors surrender the Premises and Building in violation of the Lease and Stipulation, including with structural damages, and/or (iii) Winddown Casualty Administrative Expense and Winddown Indemnification Administrative Expense claims arise during the winddown period, as such claims are preserved under the Stipulation.

2. If the Stipulation is not approved, the Landlord's Administrative Expense Application must be heard and decided before the Court can determine whether to confirm the Plan. If the Court is inclined to consider confirmation of the Plan prior to considering the Landlord's Administrative Expense Application, which has been pending since March 13, 2025, the Debtors should be required to deposit into escrow funds sufficient to satisfy the full amount of the Landlord's administrative expense claim, which includes, without limitation, significant attorneys' fees and amounts based on property condition deficiencies. Otherwise, the Debtors' Plan is not confirmable. Even if the Stipulation is approved, the Effective Date should not occur unless and until the Debtors have surrendered the Premises and the Building in accordance with the Lease and Stipulation and/or have satisfied any Winddown Casualty Administrative Expense and Winddown Indemnification Administrative Expense claims.

## II.     BACKGROUND

3. The Landlord, as successor landlord pursuant to a certain Assignment and Assumption Agreement (the "**Assignment and Assumption Agreement**"), and Debtor Kal Freight, Inc., as tenant ("**KAL Freight**"), are parties to that certain Triple-Net Industrial Lease, dated February 23, 2021 (as amended, the "**Lease**," and together with the Assignment and Assumption Agreement the "**Lease Documents**") with respect to real property commonly known as 3435 Jonesboro Road located in Atlanta, Georgia (the "**Premises**") and that certain building located on the Premises (the "**Building**").

4. On January 29, 2025, the Landlord filed a proof of claim asserting approximately $354,079.82 based on amounts due and owing under the Lease as of the Petition Date. The Landlord's prepetition claim has been reduced by application of the security deposit of approximately $108,105.22 pursuant to the *Stipulation and Agreed Order Authorizing FRIND-Aerotropolis, LLC to Apply Security Deposit* [Docket No. 813].

5. Since the Petition Date, the Debtors have continuously used and occupied the Premises and Building, and the Landlord has discovered numerous property condition deficiencies. On March 11, 2025, the Landlord provided the Debtors with notice of non-monetary defaults under the Lease with respect to property condition deficiencies (the "**Property Condition Deficiencies Notice**"), wherein the Landlord demanded that the deficiencies be repaired and cured or, alternatively, that the Debtors agree to compensate the Landlord in the amount necessary to cover the costs of curing the property condition deficiencies. A copy of the Property Condition Deficiencies Notice is attached hereto as Exhibit A.

6. On March 13, 2025, the Landlord filed the *Motion of FRIND-Aerotropolis, LLC for Allowance and Payment of Administrative Expense Claim* (the "**Administrative Expense**

3

102886421.2

**Application**") [Docket No. 778], asserting, among othering things, and administrative expense claim.[3]

7.      Since the Landlord provided the Debtors with the Property Condition Deficiencies Notice and filed the Administrative Expense Application, the Landlord and the Debtors, through their respective counsel, have worked cooperatively to reach a resolution of the Administrative Expense Application on the terms reflected in the Stipulation. Additionally, subject to approval of the terms set forth in the Stipulation, the Landlord has agreed to permit the Debtors to use the Premises and the Building until April 30, 2025 in the Debtors' winddown process.[4]

8.      The Landlord requested an extension of the deadline to file an objection to the Plan, which the Debtors agreed to extend to April 7, 2025 at 12:00 p.m. (CT). Thus, the Landlord timely files this objection and reserves all rights with respect to the Administrative Expense Application, including filing an amended and/or supplemental claim.

### III.   OBJECTION

9.      Bankruptcy Code sections 1129(a)(1) and (a)(2) require chapter 11 plans and plan proponents, respectively, to comply with applicable provisions of the Bankruptcy Code, including section 1129(a)(9). Unless the Stipulation is approved, the Plan, as proposed, cannot be confirmed. The Debtors have not budgeted for the full amount of the Landlord's administrative expense claim, which is currently an unknown amount, given that the property condition deficiencies will require estimates for the work necessary to address the extensive list of non-monetary defaults set forth in

---

[3] The Administrative Expense Application included negative notice language advising the Debtors that any objection must be filed within 21 days of March 13, 2025. Neither an objection or reservation of rights was filed on or before April 3, 2025.

[4] For the avoidance of doubt, the manner in which the Debtors are using the Premises is not a permitted use under the Lease. The Lease provides for the Permitted Use and requires the Debtor, KAL Freight, to request and obtain consent of the Landlord for the ability to use the Premises in a manner other than the Permitted Use, as set forth in the Lease. If the Stipulation is not approved, the Landlord's rights are fully preserved, including with respect to the Debtors' misuse of the Premises and the Building.

the Property Condition Deficiencies Notice. Additionally, the Landlord has incurred, and is continuing to incur, attorneys' fees during these Chapter 11 Cases in its efforts to enforce the Landlord's rights under the Lease and the Bankruptcy Code. Indeed, in addition to amounts related to property condition deficiencies and attorneys' fees, the Landlord is entitled to post-petition late fees, interest and penalties that have accrued and constitute post-petition rent due under the Lease.

10. In addition to violating section 1129(a)(9), and therefore, sections 1129(a)(1) and (a)(2), the Plan is not feasible in contravention of Bankruptcy Code section 1129(a)(11). A number of factors should be analyzed in determining whether a plan is feasible. Among these are the capital structure, earning power, management ability, economic conditions, availability of credit, adequacy of funds for equipment replacement, provisions for adequate working capital, and "any other related matter which determines the prospects of a sufficiently successful operation to enable performance of the provisions of the plan." *In re M & S Assoc., Ltd.*, 138 B.R. 845, 849 (Bankr. W.D. Tex. 1992). "Where the financial realities do not accord with the proponent's projections or where the proposed assumptions are unreasonable, the plan should not be confirmed." *In re Lakeside Global II, Ltd.*, 116 B.R. 499, 507 (Bankr. S.D. Tex. 1989). "Generally, without proper funding in place or a firm commitment of such funding, the Court cannot find the plan feasible." *In re Stratford Associates Ltd. Partnership*, 145 B.R. 689, 699 (Bankr. D. Kan. 1992).

11. The Debtors lack sufficient funds to satisfy all allowed administrative expenses because the Landlord's administrative expense claim, when allowed, will be a significant burden that the Debtors must satisfy but have not budgeted for under the proposed Plan. The Plan cannot be confirmed unless the Debtors demonstrate the ability to immediately pay all allowed administrative expenses, which would include the Landlord's administrative expense claim in an amount to be determined.

5

102886421.2

12. If the Court is not inclined to approve the Stipulation, the Court should delay consideration of the Plan and schedule an evidentiary hearing with respect to the Landlord's Administrative Expense Application, which may need to be amended to include additional amounts on account of any claims that arise during the Debtors' winddown process. At a minimum, the Debtors should be ordered to escrow sufficient funds to satisfy the Landlord's administrative expense claim, until the Court determines the amount to be allowed and paid and the Plan should not go effective until the Premises and Building have been returned to the Landlord in accordance with the Lease and Stipulation and/or any Winddown Casualty Administrative Expense and Winddown Indemnification Administrative Expense claims have been satisfied or provided for by the Debtors.

### IV.     CONCLUSION

13. The Landlord requests that (i) the Court approve the Stipulation, which will resolve this Objection and the Administrative Expense Application; *provided that* the Premises and the Building are surrendered in accordance with the Lease and Stipulation, including, without any structural damage; (ii) if the Court will not approve the Stipulation, (a) the Court reschedule the confirmation hearing and set an evidentiary hearing to permit the Landlord to have its administrative expense claim determined and/or (b) require the Debtors to escrow funds sufficient to satisfy the Landlord's administrative expense claim before the Plan may be confirmed; and (iii) grant further relief as the Court deems just and appropriate.

102886421.2

Dated: April 7, 2025

**POLSINELLI PC**

<u>/s/ *Trinitee G. Green*</u>
Trinitee G. Green (SBN 24081320)
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
<u>tggreen@polsinelli.com</u>

-and-

Michael J. Riedl (Admitted *pro hac vice*)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone: (816)-753-1000
Facsimile: (816)-753-1536
<u>mriedl@polsinelli.com</u>

*Counsel for FRIND-Aerotropolis, LLC*

102886421.2

**CERTIFICATE OF SERVICE**

   The undersigned certifies that on April 7, 2025, she caused a copy of the foregoing Objection to be served on all parties registered to receive electronic service via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

               */s/ Trinitee G. Green*
               Trinitee G. Green