**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>Kal Freight Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>(Jointly Administered) |

**EMERGENCY MOTION OF DEBTORS**
**FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF**
**2022 ROLLS ROYCE PHANTOM AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than April 10, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on April 10, 2025 at 1:00 p.m. (prevailing Central Time) in Courtroom 401, 4th Floor, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors-in-possession (the "Debtors") file this emergency motion (the "Motion") for entry of an order, substantially in the form attached hereto (the "Proposed Order"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

"Bankruptcy Rules"), authorizing Debtor Kal Freight Inc. ("Seller") to sell one 2022 Rolls Royce

Phantom (VIN: SCATT6C0XNU213273) (the "Rolls Royce") in a private sale. In support of this

Motion, the Debtors represent as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this District is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a) and 363 of

the Bankruptcy Code and Rule 6004 of the Bankruptcy Rules.

## INTRODUCTION

3.      The Debtors request authority from this Court, pursuant to section 363(b) of the

Bankruptcy Code, to sell the Rolls Royce. The Rolls Royce is wholly owned by Seller and is

unencumbered.  By this Motion, the Debtors seek approval to sell the Rolls Royce to a third party,

not affiliated with the Debtors or any insider of the Debtors, Rajpal Bhattal (the "Purchaser") for

a purchase price of $500,000 (the "Purchase Price").[2]

4.      Although the Debtors have not marketed the Rolls Royce, they did obtain a Dealer

Offer for the purchase of the Rolls Royce from Rusnack Bentley Rolls Royce on April 3, 2025 for

$325,000 (the "Dealer Offer").[3]   Moreover, as of April 4, 2025, only six 2022 Rolls Royce

Phantoms were listed for sale on AutoTrader.com (with varying mileage and features), with listing

---

[2] Mr. Bhattal is the principal of Noor Transport Leasing LLC ("Noor").  More particularly and in addition to being
the purchaser under the *Debtors' Emergency Motion for Entry of an Order (i) Authorizing (a) the Sale of Certain
Assets Free and Clear of Liens, Claims, Rights, Interests, Charges, and Encumbrances, (b) the Debtors to Enter Into
and Perform Under the Purchase Agreement, and (c) the Assumption and Assignment of Certain Contracts and
Unexpired Leases and (ii) Granting Related Relief* [Docket No. 692] (the "Sale Motion") as well as a lessor of one of
the Debtors' locations, Noor is an affiliate of a friend of certain principals of the Debtors.  Additionally, and as
discussed at the hearing on the Sale Motion, certain of the Debtors' principals have, or are expected to have, continuing
relationships with Noor in connection with, *inter alia*, its acquisition of certain assets under the Sale Motion.

[3] A copy of the Dealer Offer is attached hereto as **Exhibit A**.

prices ranging from $369,900 to $449,989. Accordingly, the Purchase Price exceeds the Rolls Royce's market value.

5.       For the reasons set forth below, the Debtors believe that accepting Purchaser's offer is in the best interests of their estates and their creditors and that Seller should sell the Rolls Royce to the Purchaser in a private sale outside of the ordinary course of business.

## BACKGROUND

### A.       Procedural Background

6.       On December 5, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.[4]

7.       On December 18, 2024, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee. *See* Docket No. 184.

### B.       The Sale of the Rolls Royce

8.       Kal Freight owns unencumbered legal title to the Rolls Royce. Although the Debtors have not marketed the Rolls Royce, the $500,000 Purchase Price exceeds the Dealer Offer of $325,000 and the listing price of every currently-listed vehicle of the same year, make, and model on AutoTrader.com. The Debtors, after consultation with their professionals, believe Purchaser's offer is the highest and best offer for the Rolls Royce and that spending the time and expense marketing the Rolls Royce would not result in a higher return to the Debtors' estates and

---

[4] Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Bradley D. Sharp in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 5].

likely would, after accounting for professional fees, actually result in a lower net purchase price. Consequently, the Debtors, after consultation with their professionals, believe Purchaser's bid represents the "highest and best" offer, and the Debtors have determined to seek Court approval of a "private sale" of the Rolls Royce—"as is/where is" and with no representations or warranties—in lieu of any further marketing or auction process.

9.      Because the sale of the Rolls Royce is an "unencumbered asset sale[ ] not currently listed"[5] in the Budget, the "Principal Contribution" set forth in the Budget will be reduced by the amount of the Purchase Price. Ultimately, and as discussed further below, authorizing the Debtors to sell the Rolls Royce in a private sale is in the best interests of the Debtors, their estates, and their stakeholders and represents the fair value of the Rolls Royce.

## BASIS FOR RELIEF REQUESTED

### A.      The Sale of the Rolls Royce Is Within Seller's Sound Business Judgment

10.      Section 363(b) of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). As set forth in Rule 6004(f)(1), sales under 11 U.S.C. § 363(b) can be conducted by "private sale or by public auction."

11.      The Bankruptcy Code does not include a statutory standard for determining when the use or sale of property of the estate should be authorized. However, it is well-established in this jurisdiction that a debtor may use or sell property of the estate outside the ordinary course of business under section 363(b) if there is a good business reason for doing so. *See, e.g.*, *Black v. Shor (In re BNP Petroleum Corp.)*, 642 F. App'x 429, 435 (5th Cir. 2016) (sale of debtors' assets under section 363(b) of the Bankruptcy Code must "'be supported by an articulated business

---

[5] *See* Exhibit 2 (the "Budget") to the *Final Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and (C) Modifying the Automatic Stay* [Docket No. 760] (the "Final Cash Collateral Order"), at fn. 7.

justification, good business judgment, or sound business reasons'" (quoting *Cadle Co. v. Mims (In re Moore),* 608 F.3d 253, 263 (5th Cir. 2010)); *Petfinders LLC v. Sherman (In re Ondova Ltd)*, 620 F. App'x 290, 291 (5th Cir. 2015) (sale of debtors' assets under section 363(b) of the Bankruptcy Code is exercise of the trustee's sound business judgment"); *In re ASARCO, LLC,* 441 B.R. 813, 830 (Bankr. S.D. Tex. 2010) (outside of the ordinary course of business, "for the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property") (quoting *In re Continental Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986)), *aff'd,* 650 F.3d 593 (5th Cir. 2011)).

12.    To determine whether the business judgment test is satisfied, courts require "a showing that the proposed course of action will be advantageous to the estate." *In re Pisces Energy*, *LLC*, 2009 Bankr. LEXIS 4709, at *18 (Bankr. S.D. Tex. Dec. 21, 2009). In the absence of a showing of bad faith or an abuse of business discretion, a debtor's business judgment will not be altered. *See, e.g.*, *NLRB v. Bildisco & Bildisco (In re Bildisco),* 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 (1984); *Lubrizol Enter. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985). "Great judicial deference is given" to the "exercise of business judgment." *GBL Holding Co. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp.)*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005).

13.    Here, selling the Rolls Royce on an "as is/where is" basis and without any representations or warranties is an exercise of the Debtors' sound business judgment and for a legitimate business purpose. The Debtors, in consultation with their professionals, (i) assessed Purchaser's offer for the Rolls Royce and (ii) do not believe that publicly marketing the Rolls Royce would return a higher net purchase price.

14.     The Debtors also determined that proceeding with the sale of the Rolls Royce via private sale—as opposed to a public auction—would generate the highest and best value for the Rolls Royce in light of the costs of marketing the Rolls Royce. *See, e.g.*, *In re 160 Royal Palm*, 600 B.R. 119, 127-30 (S.D. Fla. 2019) (finding that a private sale was appropriate under Section 363 when the debtor was "pursuing a 'bird in the hand' approach and [seeking] finality and certainty of the LR offer.... The use of a private sale, to take advantage of the offer made by LR, was within the Debtor's business judgment....")

15.     The sale of the Rolls Royce is a material benefit for the Debtors' estates and creditors and is in the best interests of the estates, appropriate in the Debtors' business judgment, and should be approved.

## EMERGENCY CONSIDERATION

16.     The Debtors request emergency consideration of this Motion at the existing hearing scheduled for April 10, 2025, at 1:00 p.m. (prevailing Central Time). The Debtors are at a pivotal stage in these Chapter 11 Cases and, as discussed at multiple hearings before this Court, face a constrained liquidity situation.

17.     The Debtors have worked with the Committee regarding the relief requested herein, and believe that the relief requested will aid in maximizing value for the Debtors' estate and stakeholders.  Accordingly, the Debtors believe that emergency consideration of this Motion is appropriate under the circumstances and respectfully request emergency consideration of the Motion no later than April 10, 2025.

## WAIVER OF RULES 6004(h)

18.     The Debtors request that the Court waive the fourteen-day stay requirement of Bankruptcy Rule 6004(h). The waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h)

will allow the sale of the Rolls Royce to occur as soon as possible and prevent further delay in the administration of this Case. The Debtors submit that no further delay should prevent the consummation of the sale of the Rolls Royce. Thus, the Debtors respectfully submit that a waiver of the 14-day stay requirement contained in Bankruptcy Rule 6004(h) is appropriate under the circumstances.

## NO PRIOR REQUEST

19.     No previous request for the relief sought herein has been made to this, or any other, Court.

## NOTICE

20.     Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Purchasers; (b) the Office of the United States Trustee; (c) the Office of the United States Attorney for the Southern District of Texas; (d) the Debtors' principal secured parties; (e) counsel to the Committee; (f) all creditors of the Debtors with filed or scheduled claims; and (g) parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached hereto, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: April 9, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Teddy M. Kapur*

Teddy M. Kapur (SBT 24046186)
Maxim B. Litvak (SBT 24002482)
Benjamin L. Wallen (SBT 24102623)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
tkapur@pszjlaw.com
sgolden@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulski (admitted *pro hac vice*)
Jeffrey W. Dulberg (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
rpachulski@pszjlaw.com
jdulberg@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on April 8, 2025, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Teddy M. Kapur*

Teddy M. Kapur

# EXHIBIT A

1

VIN# SCATT6C0XNU213273
Offer Date: Apr 03 2025

# Dealer Offer

Rusnak Bentley Rolls Royce is interested in your

## 2022 Rolls-Royce Phantom

| Mileage: | Engine: | Transmission: | Drivetrain: |
|---|---|---|---|
| 2,274 | V12, Twin Turbo, 6.8 Liter | Automatic, 8-Spd | RWD |

Dealer Offer

# $325,000

Expires on 04/10/2025 or in 200 miles

## Vehicle History Report

Provided by  **CARFAX**

**1** One Owner

**0** Accidents Found

✓ Clean Title

✓ No Odometer Issues

View more details on the full report

## Diagnostic Report

Provided by

**No data available**

View all item(s) on the full report

## Condition Summary

 **Kelley Blue Book® Vehicle Insights**
Kelley Blue Book provides valuable market data by tracking changes in the market.

**Mileage**
Your vehicle's mileage is very low, only 2% of vehicles like yours have lower mileage.

MILEAGE
EXCELLENT

**Color**
Insufficient Data for this insight.

COLOR
NOT AVAILABLE

**Equipment**
Your vehicle is equally equipped to similar vehicles in the market..

EQUIPMENT
GOOD

**Supply and Demand**
Insufficient Data for this insight and insufficient Data for this insight.

| SUPPLY | DEMAND |
|---|---|
| - | - |

Kelley Blue Book Valuable Insights data provides updated market conditions as determined by vehicle transactions and market activity

## Price Guide

**KBB**

NaN

Comments