IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Kal Freight Inc., *et al.*,<br><br>　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 24-90614 (CML)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING THE SALE OF
2022 ROLLS ROYCE PHANTOM AND (II) GRANTING RELATED RELIEF**

(Related Docket No. 939)

Upon the *Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of 2022 Rolls Royce Phantom and (II) Granting Related Relief* (the "Motion")[2] pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and the Court finding that: (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334; (ii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iv) due and sufficient notice of the Motion has been given; (v) Seller exercised sound business judgment in negotiating and consummating the sale of the Rolls Royce to Purchaser; and (vi) it appearing that the relief requested in the Motion is necessary and in the best interests of the Debtors' estates and creditors; and good and sufficient cause appearing therefor,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion.

**THE COURT FINDS THAT:**

A. The sale of the Rolls Royce to the Purchaser an on "as is/where is" basis and with no representations or warranties was negotiated and entered into by Seller and Purchaser without collusion or fraud, in good faith, and from arm's length bargaining positions.

B. Purchaser is not an "insider" or "affiliate" of the Debtors or any other Debtor as those terms are defined in Bankruptcy Code §§ 101(31) and 101(2). None of Seller, any other Debtor, or Purchaser entered into an agreement to control the sale price for the Rolls Royce.

C. Purchaser is purchasing the Rolls Royce in good faith and proceeded in good faith in connection with all aspects of the sale of the Rolls Royce.

D. The Debtors have demonstrated a sufficient basis and compelling circumstances for Seller to sell the Rolls Royce to Purchaser on an "as is/where is" basis and with no representations or warranties. Such actions are, and will be, an appropriate exercise of the Debtors' business judgment and in the best interest of the Debtors, their estates, and creditors.

E. The consideration provided by Purchaser in exchange for the Rolls Royce of $500,000 (i) is fair and adequate, (ii) is the highest or otherwise best offer for the Rolls Royce, (iii) will provide a greater, ultimate recovery for the estate than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the United States, any state, territory, possession, or the District of Columbia.

F. The sale of the Rolls Royce is not for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither Seller nor Purchaser is fraudulently entering into the purchase and sale of the Rolls Royce nor any transaction contemplated thereby.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Seller is authorized to take such actions as Seller reasonably believes necessary to consummate the sale of the Rolls Royce to Purchaser on an "as is/where is" basis and with no representations or warranties (the "Sale").

3. Upon the payment of the Purchase Price to the Debtors and the closing of the Sale, the "Principal Contribution" set forth in the Budget shall be reduced by the amount of the Purchase Price.

4. Pursuant to section 363(b) of the Bankruptcy Code, Seller is authorized to perform any actions it believes reasonably necessary to consummate the Sale and to sell the Rolls Royce to Purchaser.

5. Notwithstanding anything to the contrary herein, any state sales taxes applicable to the Sale shall be paid out of the proceeds of the Sale or by the Purchaser, as applicable.

6. The terms and provisions of this Order shall be binding in all respects upon all parties in this Case and all successors and assigns thereof.

7. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. Nothing in this Order releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner, lessee, or operator of property after the date of entry of this Order. Nothing in this Order authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c)

registration, (d) authorization, (e) certification, or (f) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2025

                                                              CHRISTOPHER M. LOPEZ
                                                              UNITED STATES BANKRUPTCY JUDGE