## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| Kal Freight Inc., *et al.*, | Case No. 24-90614 (CML) |
| Debtors.[1] | (Jointly Administered) |

## ORDER GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMING PLAN OF LIQUIDATION OF KAL FREIGHT INC. AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

(Related Docket Nos. 515, 517, 938, 941 and 955)

The above-captioned debtors and debtors in possession (the "Debtors") having:

a)     commenced on December 5, 2024 (the "Petition Date") their respective chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code;

b)     operated their businesses and managed their properties during the Chapter 11 Cases as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

c)     filed, on February 11, 2025, the *Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 515];

d)     filed, on February 26, 2025, the *Debtors' Emergency Motion for Entry of an Order (I) Granting Interim Approval of the Adequacy of Disclosures in the Combined Disclosure Statement and Plan; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* [Docket No. 584];

e)     filed, on March 7, 2025, the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 693];

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are:  KAL Freight Inc. (0249); KAL Aviation LLC (2600); KAL Partz Inc. (0139); KAL Trailers & Leasing Inc. (0840); and KVL Tires Inc. (0320). The location of the Debtors' service address in these Chapter 11 cases is 10156 Live Oak Ave., Fontana, CA 92335.

f)  filed, on March 10, 2025, the *Debtors' Notice of Filing Plan Exhibits* [Docket No. 732]

g)  filed, on March 13, 2025, the *Second Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 777];

h)  filed, on March 13, 2025, the *Notice of (I) Interim Approval of Disclosures; (II) Hearing To Consider Confirmation of the Plan; (III) Deadline for Filing Objections to Confirmation of the Plan and Final Approval of the Disclosures; (IV) Deadline for Voting on the Plan; and (V) Bar Date for Filing Administrative Claims Established by the Plan* [Docket No. 785] (the "Combined Hearing Notice"), which contained notice of the date and time set for the hearing to consider Confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing") and the deadline for filing objections to Confirmation or final approval of Disclosure Statement;

i)  filed, on March 20, 2025, the *Affidavit of Publication of the Notice of Deadlines for the Filing of (I) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code in the New York Times* [Docket No. 815]

j)  filed, on March 26, 2025, the *Third Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 845];

k)  filed, on March 26, 2025, the *Notice of Filing Plan Supplement for the Third Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No 846] (the "First Plan Supplement");

l)  filed, on March 27, 2025, the *Certificate of Service re: re: [Customized] Proof of Claim Form and Official Form 410 Instructions for Proof of Claim (Substantively in the Form of Exhibit 1 of Docket No. 533), Notice of Deadlines for the Filing of (I) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code (Docket No. 772), Second Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. And Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (Docket No. 777), Order (I) Granting Interim Approval of the Adequacy of Disclosures in the Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief (Docket No. 783, Pages 1-11), Class 2 (Other Secured Claims) Ballot for Voting to Accept or Reject the Second Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code*

4920-9585-1313.5 47520.00002
4920-9585-1313.6 47520.00002

*(Substantively in the Form of Exhibit B-1 of Docket No. 783), Class 3 (General Unsecured Claims) Ballot for Voting to Accept or Reject the Second Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (Substantively in the Form of Exhibit B-2 of Docket No. 783), Notice of (I) Non-Voting Status Due to Non-Impairment, (II) Interim Approval of Disclosures, (III) Hearing to Consider Confirmation of the Plan, (IV) Deadline for Filing Objections to Confirmation of the Plan, and (V) Bar Date for Filing Administrative Claims Established by the Plan (Substantively in the Form of Exhibit C of Docket No. 783), Notice of (I) Non-Voting Status Due to No Recovery, (II) Interim Approval of Disclosures, (III) Hearing to Consider Confirmation of the Plan, (III) Deadline for Filing Objections to Confirmation of the Plan, and (IV) Bar Date for Filing Administrative Claims Established by the Plan (Substantively in the Form of Exhibit D of Docket No. 783), Notice of (I) Interim Approval of Disclosures; (II) Hearing to Consider Confirmation of the Plan; (III) Deadline for Filing Objections to Confirmation of the Plan and Final Approval of the Disclosures; (IV) Deadline for Voting on the Plan; and (V) Bar Date for Filing Administrative Claims Established by the Plan (Docket No. 785), Pre-addressed, postage prepaid reply envelope* [Docket No. 847] (the "<u>Certificate of Service</u>");

m) filed, on April 2, 2025, the *Certificate of Service Supplemental re: [Customized] Proof of Claim Form and Official Form 410 Instructions for Proof of Claim (Substantively in the Form of Exhibit 1 of Docket No. 533), Notice of Deadlines for the Filing of (I) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code (Docket No. 772), Notice of (I) Interim Approval of Disclosures; (II) Hearing to Consider Confirmation of the Plan; (III) Deadline for Filing Objections to Confirmation of the Plan and Final Approval of the Disclosures; (IV) Deadline for Voting on the Plan; and (V) Bar Date for Filing Administrative Claims Established by the Plan (Docket No. 785) (Filed By Stretto ).(Related document(s):[533] Order on Emergency Motion, [772] Notice, [785] Notice)* [Docket No. 880] (the "<u>April 2, 2025 Supplemental Certificate of Service</u>");

n) filed, on April 4, 2025, the *Certificate of Service Supplemental re: [Customized] Proof of Claim Form and Official Form 410 Instructions for Proof of Claim (Substantively in the Form of Exhibit 1 of Docket No. 533), Notice of Deadlines for the Filing of (I) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code (Docket No. 772), Second Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. And Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (Docket No. 777), Order (I) Granting Interim Approval of the Adequacy of Disclosures in the Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief (Docket No. 783, Pages 1-11), Class 2 (Other*

3

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

*Secured Claims) Ballot for Voting to Accept or Reject the Second Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (Substantively in the Form of Exhibit B-1 of Docket No. 783), Class 3 (General Unsecured Claims) Ballot for Voting to Accept or Reject the Second Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (Substantively in the Form of Exhibit B-2 of Docket No. 783), Notice of (I) Interim Approval of Disclosures; (II) Hearing to Consider Confirmation of the Plan; (III) Deadline for Filing Objections to Confirmation of the Plan and Final Approval of the Disclosures; (IV) Deadline for Voting on the Plan; and (V) Bar Date for Filing Administrative Claims Established by the Plan (Docket No. 785), Pre-addressed, postage prepaid reply envelope (Filed By Stretto ).(Related document(s):[533] Order on Emergency Motion, [772] Notice, [777] Amended Chapter 11 Plan, [783] Order on Emergency Motion* [Docket No. 910] (the "April 4, 2025 Supplemental Certificate of Service");

o)   filed on April 7, 2025 the *Supplemental Certificate of Service* [Docket No. 935] (the "April 7, 2025 Supplemental Certificate of Service" and together with the April 4, 2025 Supplemental Certificate of Service, the April 2, 2025 Supplemental Certificate of Service and the Certificate of Service, the "Certificates of Service");

p)   filed, on April 7, 2025, the *Declaration of Angela Tsai of Stretto, Inc. Regarding the Solicitation and Tabulation of Ballots Cast on the Third Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 938] (the "Voting Declaration");

q)   filed, on April 8, 2025, the *Fourth Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 855] (the "Combined Disclosure Statement and Plan" or separately in relevant part, the "Disclosure Statement" or the "Plan"), as such may be amended, supplemented, or otherwise modified);[2]

r)   filed on April 8, 2025, the *Notice of Filing of Plan Supplement for the Fourth Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors under Chapter 11 of the Bankruptcy Code* [Docket No. 956] (the "Second Plan Supplement," and together with the First Plan Supplement, the "Plan Supplement");

---

[2]   Capitalized terms used but not defined herein have the meanings given to them in the Combined Disclosure Statement and Plan.

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

s)    filed, on April 8, 2025, the *Declaration of Bradley D. Sharp in Support of Final Approval and Confirmation of Plan of Liquidation of Kal Freight and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 941] (the "Sharp Declaration") and collectively with the Voting Declaration, the "Declarations"); and

t)    filed, on April 8, 2025, the *Memorandum of Law in Support of Final Approval of Disclosure Statement and Confirmation of Plan of Liquidation of Kal Freight Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 957] (the "Confirmation Brief");

The Court having:

a)    entered, on March 13, 2025, the *Order (I) Granting Interim Approval of the Adequacy of Disclosures in the Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Relief* [Docket No. 783] (the "Solicitation Procedures Order");

b)    reviewed the Plan, the Disclosure Statement, the Plan Supplement, the Confirmation Brief, the Voting Declaration, and the Sharp Declaration, the Combined Hearing Notice, the Certificates of Service, and all filed pleadings filed with respect to final approval of the Disclosure Statement and Confirmation of the Plan, including all objections, statements, and reservations of rights with respect thereto, if any, filed on the docket in these Chapter 11 Cases or voiced at the Combined Hearing;

c)    held the Combined Hearing on April 10, 2025, at 1:00 p.m. Central Time;

d)    considered the statements and arguments made by counsel in respect of Confirmation of the Plan and the objections thereto; and

e)    considered all oral representations, Certificates of Services, testimony, documents, filing, and other evidence regarding Confirmation of the Plan and the objections thereto.

NOW, THEREFORE, it appearing to the Court that notice of the Combined Hearing and the opportunity for any party in interest to object to the final approval of the Disclosure Statement and Confirmation of the Plan have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

and factual bases set forth in the documents filed in support of Confirmation of the Plan and other evidence presented at the Combined Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, it hereby is DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    <u>Findings and Conclusions</u>. The determinations, findings, judgments, decrees, and orders set forth and incorporated in this order (this "~~Order" or "~~<u>Confirmation Order</u>") constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law. Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

B.    <u>Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a))</u>. The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Final approval of the Disclosure Statement and Confirmation of the Plan are core proceedings within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with section III of the United States Constitution.

C.    <u>Chapter 11 Petitions</u>.  On the Petition Date, each Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have operated their businesses and managed their properties as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases. On December 18, 2024, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") [Docket No. 184]. In accordance with the *Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 28], the Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

D.      Judicial Notice. The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed and orders entered thereon. The Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of the Chapter 11 Cases.

E.      Eligibility for Relief. The Debtors are proper debtors under section 109 of the Bankruptcy Code and the Debtors are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.

F.      Solicitation and Notice. On March 13, 2025, the Court entered the Solicitation Procedures Order, which, among other things, established April 4, 2025, at 4:00 p.m. (prevailing Central Time), as the deadline for voting to accept or reject the Plan (the "Voting Deadline"), as well as the deadline for objecting to the Plan and final approval of the Disclosure Statement (the "Objection Deadline"). The solicitation of votes on the Plan complied with the solicitation procedures in the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and was in compliance with all applicable provisions of

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

the Bankruptcy Code and the Bankruptcy Rules. As evidenced by the Certificates of Service, all parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to final approval of the Disclosure Statement and Confirmation) have been provided due, proper, timely, and adequate notice and have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

G.      <u>Disclosure Statement</u>. The Disclosure Statement provides Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125 of the Bankruptcy Code. The Disclosure Statement also provides Holders of Claims and other entities with sufficient notice of the injunction, exculpation, and Debtor/Estate Release provisions contained in Section XVI of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

H.      <u>Voting</u>. On April 7, 2025, the Debtors filed the Voting Declaration with the Court, certifying the method and results of the Ballots tabulated for Class 2 (Other Secured Claims) and Class 3 (Unsecured Claims) (together, the "<u>Voting Classes</u>"). The procedures used to tabulate Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Complex Case Procedures, and all other applicable rules, laws, and regulations. As set forth in the Plan and the Disclosure Statement, only Holders of Claims in the Voting Classes were eligible to vote on the Plan. Under section 1126(f) of the Bankruptcy Code, Holders of Claims in Class 1 (Priority Non-Tax Claims) are unimpaired and are conclusively presumed to have accepted the Plan.  Holders of Class 4 (Participating Lender Claims) are Impaired, but are deemed to have accepted the Plan.[3] Under

---

[3]    *See Order (I) Approving Binding Settlement Term Sheet with Participating Lenders and Committee, (II) Authorizing Relief from Automatic Stay and/or Abandonment of Collateral , and (III) Granting Related Relief* [Docket No. 770] entered on March 12, 2025 (the "<u>Settlement Order</u>") pursuant to which Class 4 is deemed to have accepted the Plan.

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

section 1126(g) of the Bankruptcy Code, Holders of Claims and Interests in Class 5 (Intercompany Claims), and Class 6 (Interests) are Impaired and deemed to have not accepted the Plan. As evidenced by the Voting Declaration, Class 3 (Unsecured Claims) voted to accept the Plan. Each Class 2 (Other Secured Claim) is treated as a separate subclass for voting purposes, and, of the ten (10) Class 2 (Other Secured Claims) that voted on the Plan, three (3) voted to accept the Plan.

I.       <u>Plan Supplement Documents</u>. The Plan Supplement (including as subsequently modified, supplemented, or otherwise amended pursuant to a filing with the Court), complies with the terms of the Plan, and the Debtors provided good and proper notice of its filing in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Complex Case Procedures, the Solicitation Procedures Order, and all other applicable laws, rules, and regulations. All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. Subject to the terms of the Plan, the Debtors are authorized to alter, amend, update, modify, or supplement the Plan Supplement on or before the Effective Date. The transmittal and notice of the Plan Supplement (and all documents identified therein) were appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and were conducted in good faith. No other or further notice with respect to the Plan Supplement (and all documents identified therein) is necessary or shall be required.

J.       <u>Modifications to Plan</u>. Pursuant to, and in compliance with, section 1127 of the Bankruptcy Code, the Debtors have proposed certain modifications to the Plan as reflected therein (the "<u>Plan Modifications</u>"). In accordance with Bankruptcy Rule 3019, the Plan Modifications do not (a) constitute material modifications of the Plan under section 1127 of the

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

Bankruptcy Code, (b) cause the Plan to fail to meet the requirements of sections 1122 or 1123 of the Bankruptcy Code, (c) materially or adversely affect or change the treatment of any Claims or Interests, (d) require re-solicitation of any Holders of Claims, or (e) require that any such Holders be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Under the circumstances, the form and manner of notice of the Plan Modifications were adequate, and no other or further notice of the Plan Modifications is necessary or required. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims that voted to accept the Plan or that are conclusively presumed to have accepted the Plan, as applicable, are deemed to have accepted the Plan as modified by the Plan Modifications. No Holder of a Claim that has voted to accept the Plan shall be permitted to change its acceptance to a rejection as a consequence of the Plan Modifications.

K.      _Objections_. To the extent that any objections (whether formal or informal), reservations of rights, statements, or joinders with respect to approval of the Disclosure Statement and the Disclosure Statement Supplement and Confirmation have not been adjourned, resolved, withdrawn, waived, or settled prior to entry of this Confirmation Order or otherwise resolved herein, they are hereby overruled on the merits based on the record before the Court.

L.      _Burden of Proof_. The Debtors, as proponents of the Plan, have met their burden of proving the applicable elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation of the Plan. In addition, and to the extent applicable, the Plan is confirmable under the clear and convincing evidentiary standard. Each witness who testified or submitted a declaration on behalf of the Debtors or any other party, in support of the Plan and Confirmation, in connection with the

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

Combined Hearing was credible, reliable, and qualified to testify as to the topics addressed in their testimony.

M.      <u>Bankruptcy Rule 3016</u>. The Plan is dated and identifies its proponents (*i.e.*, the Debtors) in accordance with Bankruptcy Rule 3016(a). The filing of the Disclosure Statement on the docket of the Chapter 11 Cases satisfied Bankruptcy Rule 3016(b).

**<u>Compliance with Section 1129 of the Bankruptcy Code</u>**

N.      <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The evidentiary record at the Combined Hearing, the Declarations, the contents of the Plan and the Disclosure Statement, the Certificates of Service, the Confirmation Brief, and the Court's judicial notice of the complete record of the Chapter 11 Cases support the findings of fact and conclusions of law set forth herein.

O.      <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>. Section IX of the Plan designates Classes of Claims and Interests, other than Administrative Claims (including Professional Fee Claims) and Priority Tax Claims, which, pursuant to section 1123(a)(1) of the Bankruptcy Code, need not be designated. The Plan designates six Classes (including sub-Classes) of Claims and Interests. As required by section 1122(a) of the Bankruptcy Code, each Class of Claims contains only Claims and Interests that are substantially similar to the other Claims and Interests within the applicable Class. Valid reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan. Such classifications were not implemented for improper purposes, and such Classes do not unfairly discriminate between or among Holders of Claims or Interests. The Plan, therefore, satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

P.      Specified Unimpaired and Impaired Classes (11 U.S.C. §§ 1123(a)(2) and 1123(a)(3)). Section IX of the Plan specifies that Claims in Class 1 are unimpaired. Section IX of the Plan also specifies the treatment of each Impaired Class under the Plan, which are Classes 2, 3, 4, 5, and 6.[4] The Plan, therefore, satisfies sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code.

Q.      No Discrimination (11 U.S.C. § 1123(a)(4)). Section IX of the Plan provides the same treatment for each Claim or Interest within a particular Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim or Interest. The Plan, therefore, satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

R.      Implementation of the Plan (11 U.S.C. § 1123(a)(5)). The Plan and the Liquidating Trust Agreement set forth in the Plan Supplement provide adequate and proper means for the Plan's implementation, including, without limitation: (a) the good faith compromise and settlement of all Claims and Interests and controversies resolved pursuant to the Plan; (b) establishment of the Liquidating Trust and vesting of the Liquidating Trust Assets in the Liquidating Trust in a manner as more fully set forth in the Plan; (c) collecting, holding, administering, distributing, and liquidating the Liquidating Trust Assets for the Beneficiaries; and (d) appointment of the Liquidating Trustee.  Section XIII (Treatment of Executory Contracts and Unexpired Leases), Section XIV (Means for Implementation of the Plan), Section XV (Effects of Confirmation), and Section XVII (Conditions Precedent to Confirmation and Consummation of the Plan), among other provisions of the Plan, set forth the means for its

---

[4]   As noted above, Class 4 (Participating Lender Claims) is Impaired, but is deemed to have accepted the Plan pursuant to the Settlement Order.

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

implementation. The Plan, therefore, satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

S.       Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)). Section 6.6 of the Liquidating Trust Agreement provides that each GUC Trust Interest shall not possess any voting rights and complies with section 1123(a)(6) of the Bankruptcy Code.

T.       Directors and Officers (11 U.S.C. § 1123(a)(7)). The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code. Section XIV.E of the Plan describes the powers of the Liquidating Trustee, who shall initially be Alan Halperin as set forth and disclosed in the Plan Supplement, and the Liquidating Trust Oversight Committee, whose members shall initially be Scott Woitas, Todd Currier, and Jon Gergen, as disclosed in the Plan. Sections XIV.D, E, F, G and H of the Plan describe the Liquidating Trust, the appointment, rights and powers of the Liquidating Trustee, the fees and expenses of the Liquidating Trustee and the transfer of Beneficial Interests in the Liquidating Trust, and establishment of the Liquidating Trust Assets Account. The Liquidating Trust Agreement included with the Plan Supplement also discloses the compensation of the Liquidating Trustee and the Liquidating Trust Oversight Committee. The foregoing appointments of the Liquidating Trustee are consistent with the interests of Holders of Claims and with public policy.  Section XIV.J of the Plan describes the appointment, rights, powers and obligations of the Residual Real Property Agent, who shall initially be Alan Halperin, who shall be entitled to no compensation for his services as Residual Real Property Agent in addition to his compensation as Liquidating Trustee. The foregoing appointment of Residual Real Property Agent is consistent with the interests of Holders of

4920-9585-1313.5 47520.00002
4920-9585-1313.6 47520.00002

Claims and with public policy.  The foregoing provisions regarding the Liquidating Trustee and the Residual Real Property Agent satisfy section 1123(a)(7) of the Bankruptcy Code.

U.    <u>Impairment/Unimpairment of Any Class of Claims or Interest</u>. The Plan is consistent with section 1123(b)(1) of the Bankruptcy Code. Article IX of the Plan impairs or leaves unimpaired each Class of Claims and Interests.

V.    <u>Assumption and Rejection (11 U.S.C. § 1123(b)(2))</u>. Consistent with section 1123(b)(2) of the Bankruptcy Code, Section XIII of the Plan provides for the assumption or rejection, as applicable, of all of the executory contracts or unexpired leases of the Debtors that have not already been assumed or rejected in the Chapter 11 Cases, provided however, that nothing in the Plan shall cause the rejection, breach, or termination of any contract of insurance benefiting the Debtors and the Estates, the Debtors' officers, managers and directors, and/or the Liquidating Trust. Nothing in the Plan shall be construed as an acknowledgement that a particular contract or agreement is executory or is properly characterized as a lease.

W.    <u>The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtors have complied with the applicable provisions of the Bankruptcy Code. Specifically: (a) the Debtors are proper debtors under section 109 of the Bankruptcy Code; (b) the Debtors have complied with all applicable provisions of the Bankruptcy Code, including section 1125, except as otherwise provided or permitted by order of the Bankruptcy Court; and (c) the Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order in transmitting the Solicitation Materials and in tabulating the votes with respect to the Plan. In compliance with the Solicitation Procedures Order, the Debtors caused copies of the following materials to be transmitted to the known Holders of

Claims in Classes that were entitled to vote to accept or reject the Plan (*i.e.*, Claims in Classes 2 and 3): (1) the Combined Disclosure Statement and Plan; (2) the Combined Hearing Notice; (3) the Solicitation Procedures Order; (4) an appropriate form of ballot and a pre-addressed postage prepaid return envelope; and (5) letter by the Creditors' Committee in support of the Plan that was sent to only to the Holders of Class 3 (Unsecured Claims); (collectively, the "Solicitation Materials"). In further compliance with the Solicitation Procedures Order and as evidenced by the Certificates of Service, the Debtors caused copies of the Combined Hearing Notice to be served on all parties in interest. In addition, copies of the Solicitation Procedures Order, the Plan, the Disclosure Statement, and the Combined Hearing Notice have been available free of charge, at https://cases.stretto.com/KalFreight, and the foregoing was set forth in the Combined Hearing Notice. The Combined Hearing Notice provided due and proper notice of the Hearing and all relevant dates, deadlines, procedures, and other information relating to the Plan and/or the solicitation of votes thereon, including, without limitation, the Voting Deadline and the Objection Deadline (as such terms are defined in the Combined Hearing Notice), the time, date, and place of the Combined Hearing and the provisions in the Plan concerning the Plan's exculpation, the Debtor/Estate Releases, and the Plan injunction provided for in the Plan. The Debtors also provided the Court-approved notices of non-voting status (the "Notices of Non-Voting Status") to the holders of Claims and Interests not entitled to vote on the Plan, consistent with terms of the Solicitation Procedures Order. Based on the foregoing, all persons entitled to receive notice of the Disclosure Statement, the Plan, the Combined Hearing Notice, and Notices of Non-Voting Status have received proper, timely, and adequate notice in accordance with the Solicitation Procedures Order, the applicable provisions of the Bankruptcy

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

Code and the Bankruptcy Rules and have had an opportunity to appear and be heard with respect thereto. As such, the Debtors are in compliance with section 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b) and 3017(d)-(f). No other or further notice is required.

X.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Plan has been proposed by the Debtors in good faith and in the belief that the proposed liquidation contemplated under the Plan and establishment of the Liquidating Trust will maximize value for the Debtors' creditors. The Plan accomplishes the goals promoted by section 1129(a)(3) of the Bankruptcy Code by enabling the Liquidating Trustee to make distributions to creditors on a fair and equitable basis, in accordance with the priorities established by the Bankruptcy Code, subject to the terms of the Plan. The Plan has been proposed with the legitimate purpose of maximizing the value of the Estates to achieve the best interests of the Debtors' creditors and not by any means forbidden by applicable law. The Debtors, the Released Parties, and the Exculpated Parties have acted diligently and in good faith. ~~The Debtors' good faith~~ <u>in connection with the filing and prosecution of these Chapter 11 Cases as</u> is evident from the facts and record of the Chapter 11 Cases, the Disclosure Statement, the Plan, the Solicitation Materials, the hearing to conditionally approve the Disclosure Statement, and the record of the Combined Hearing, the declarations and testimony submitted to the Court, and other proceedings held in the Chapter 11 Cases. In so finding, the Court has considered the totality of the circumstances in the Chapter 11 Cases, including the support of the Creditors' Committee for the Plan. The support for the Plan by Holders of Claims in Class 3 who voted to accept the Plan further demonstrates that the Plan was proposed in good faith. Finally, as described in greater detail below, the Plan's indemnification, exculpation, Debtor/Estate Release, and injunction provisions are warranted,

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

necessary, and appropriate, and are supported by sufficient consent and consideration under the circumstances of the Chapter 11 Cases as a whole and are consistent with sections 105, 1123(b)(6), and 1129 of the Bankruptcy Code and applicable law in this Circuit, and the Debtors, the Released Parties, and the Exculpated Parties will be acting in good faith if they proceed to consummate the Plan and the agreements, settlements, transactions, distributions, and other transfers contemplated therein and in this Confirmation Order and take any actions authorized by the Plan and this Confirmation Order.

Y.      Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). No payment for services or costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been or will be made by the Debtors other than payments that have been authorized by an order of the Court, including without limitation by the Confirmation of the Plan by this Confirmation Order. Pursuant to Section VIII.C of the Plan, such Professionals' applications (other than OCPs) for allowance of final compensation and reimbursement of expenses must be filed and served **no later than forty-five (45) days after the Effective Date.** Such applications will be subject to review and approval by the Court.

Z.      Proper Disclosure of Officers (11 U.S.C. § 1129(a)(5)). The Debtors have complied with section 1129(a)(5) by providing such disclosures in the Plan Supplement and the Plan. The Plan, in conjunction with the Plan Supplement, satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

AA.      No Rate Changes (11 U.S.C. § 1129(a)(6)). The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not

require governmental regulatory approval. Therefore, section 1129(a)(6) of the Bankruptcy Code does not apply to the Plan.

BB.     "Best Interest Test" 11 U.S.C. § 1129(a)(7). Each holder of an Impaired Claim or Impaired Interest has either accepted the Plan or will receive or retain on account of such Claim or Interest, property of a value on the Effective Date of the Plan that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis attached as Exhibit C to the Plan and the other evidence related thereto in support of Confirmation that was presented, proffered, or adduced at or prior to the Combined Hearing: (a) are reasonable, persuasive, credible, and accurate as of the dates such analyses and evidence were prepared, presented, or proffered; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that each Holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. The Plan, therefore, satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

CC.     Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests must either accept a plan or be unimpaired under a plan. Class 1 is an unimpaired Class of Claims, which is conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. Classes 2 and 3 are the Impaired Classes entitled to vote on the Plan. Of the ten (10) Class 2

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

(Other Secured Claims) that voted on the Plan, three (3) voted to accept the Plan. Class 3 voted to accept the Plan. Class 4 is Impaired, but is deemed to have accepted the Plan pursuant to the Settlement Order. Classes 5 and 6 are each conclusively presumed to reject the Plan because no distribution is anticipated to the Holders of such Claims or Interests, in accordance with section 1126(g) of the Bankruptcy Code. The Plan, therefore, does not satisfy the requirements of section 1129(a)(8) of the Bankruptcy Code because at least one Impaired Class has voted against the Plan. Notwithstanding the foregoing, the Plan is confirmable because it satisfies sections 1129(a)(10) and 1129(b) of the Bankruptcy Code.

DD. <u>Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code (11 U.S.C. § 1129(a)(9))</u>. The treatment of Administrative Claims and Priority Tax Claims as set forth in Section VIII of the Plan is in accordance with the requirements of section 1129(a)(9) of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

EE. <u>Acceptance by at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))</u>. As set forth in the Voting Declaration, Classes 2 and 3 are Impaired Classes of Claims entitled to vote under the Plan, and Class 3 voted to accept the Plan. Of the ten (10) Class 2 (Other Secured Claims) that voted on the Plan, three (3) voted to accept the Plan. Class 4 was deemed to accept under the Settlement Order. The Plan, therefore, satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

FF. <u>Confirmation is not likely to be followed by need for further reorganization (11 U.S.C. § 1129(a)(11))</u>. The Plan provides for, among other things, the liquidation of the Debtors' remaining assets and, accordingly, no further reorganization of the Debtors is contemplated.

4920-9585-1313.5 47520.00002
4920-9585-1313.6 47520.00002

Based on the evidence proffered or adduced at or prior to the Combined Hearing and in the Confirmation Brief and the Plan, the Debtors will have sufficient funds available as of the Effective Date to pay all claims and expenses that are required to be paid on the Effective Date pursuant to the terms of the Plan (including Administrative Claims, Priority Tax Claims and Priority Non-Tax Claims), and to fund the Liquidating Trust to fulfill its obligations pursuant to the Liquidating Trust Agreement. Accordingly, the Plan is the feasible. The Plan, therefore, satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

GG.    <u>Payment of Bankruptcy Fees (11 U.S.C. § 1129(a)(12))</u>. Section XIX.A of the Plan provides for the payment of all fees payable by the Debtors under 28 U.S.C. § 1930(a). The Plan, therefore, satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

HH.    <u>Non-applicability of Certain Sections (11 U.S.C. §§ 1129(a)(13), (14), (15), and (16))</u>. The Debtors do not owe any retiree benefits, domestic support obligations, are not individuals, and are not nonprofit corporations. Therefore, sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to the Chapter 11 Cases.

II.    <u>"Cram Down" Requirements – Section 1129(b)</u>. The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code. Notwithstanding the fact that Classes 5 and 6 are deemed to reject the Plan and that three (3) out of ten (10) subclasses in Class 2 (Other Secured Claims)[5] voted reject the Plan (the "<u>Rejecting Classes</u>"), the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code given that Class 3 voted to accept the Plan and that Class 4 was deemed to accept the Plan under the Settlement Order. *First*, all of the

---

[5] In addition to the three accepting subclasses in Class 2 identified in Exhibit A to the Voting Declaration, JPMorgan Chase Bank, N.A. also voted to accept the Plan with respect to its Class 2 Claim as set forth in the *Stipulation and Agreed Order for Plan Treatment of JPMorgan Chase Bank, N.A.* approved by the Court on April 8, 2025 [Docket No. 950].

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8) have been met. *Second*, the Plan is fair and equitable with respect to the Rejecting Classes. The Plan has been proposed in good faith, is reasonable and meets the requirements that no Holder of a Claim or Interest that is junior to each of the Rejecting Classes will receive or retain any property under the Plan on account of such junior claim or interest. Accordingly, the Plan is fair and equitable towards all Holders of Claims and Interests in the Rejecting Classes. *Third*, the Plan is consistent with the absolute priority rule and does not discriminate unfairly with respect to the Rejecting Classes. The Plan may therefore be confirmed despite the fact that not all Impaired Classes have voted to accept the Plan because the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Classes.

JJ.     Only One Plan (11 U.S.C. § 1129(c)). The Plan (including previous versions thereof), supersedes any other plan filed in the Chapter 11 Cases. The Debtors seek Confirmation of the Plan. No party other than the Debtors has proposed a plan. The Plan, therefore, satisfies the requirements of section 1129(c) of the Bankruptcy Code.

KK.     Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act, 15 U.S.C. § 77e. The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

LL.     Good Faith Solicitation (11 U.S.C. § 1125(e)). The Debtors' good faith is evident from the facts and record of the Chapter 11 Cases, the Disclosure Statement, the Plan, the Solicitation Materials, the hearing to conditionally approve the Disclosure Statement, and the record of the Combined Hearing, the declarations and testimony submitted to the Court, and

other proceedings held in the Chapter 11 Cases. The Debtors have proposed the Plan with the legitimate and honest purpose of maximizing the value of each of the Debtors' Estates for the benefit of their stakeholders. Accordingly, the Debtors have been, are, and will continue to act in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed or contemplated by this Confirmation Order. Therefore, the Plan has been proposed in good faith to achieve a result consistent with the objectives and purposes of the Bankruptcy Code and the aforementioned parties have acted in good faith within the meaning of sections 1125(e) and 1126(e) of the Bankruptcy Code.

MM.    _Implementation_. The various means for implementation of the Plan, as set forth in Section XIV and other provisions of the Plan (collectively, the "_Implementation Activities_"), have been designed and proposed in good faith. The Implementation Activities are adequate and will promote the maximization of the value of the ultimate recoveries under the Plan in a fair and equitable manner in accordance with the priorities established by the Bankruptcy Code. The Implementation Activities are not intended to hinder, delay, or defraud any entity to which the Debtors is indebted on the Effective Date.

NN.    _Exculpation_. The exculpation described in Section XVI.A of the Plan is essential to the Plan, proposed in good faith, were formulated following extensive, good faith, arm's-length negotiations with key constituents, are appropriately limited in scope to achieve the overall purpose of the Plan, and consistent with applicable law. Each Exculpated Party made significant contributions to the Chapter 11 Cases, including with respect to the negotiation and implementation of the transactions embodied in the Plan. The Exculpated Parties have, and upon

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. The Plan's exculpation provisions do not relieve any party of liability for an act or omission to the extent such act or omission is determined by a final order of a court of competent jurisdiction to have constituted gross negligence, fraud or willful misconduct, is consistent with established practice in this jurisdiction and others. The record in the Chapter 11 Cases fully supports the exculpation provisions, which are appropriately tailored to protect the Exculpated Parties from inappropriate litigation arising from their participation in the Chapter 11 Cases and the Debtors' liquidation and are consistent with the Bankruptcy Code and applicable law.

OO.     <u>Injunction</u>. The injunction provision provided in Section XVI.C of the Plan is necessary to implement, preserve, and enforce the Plan.

PP.     <u>Plan Releases</u>. Entry of this Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Estate Release set forth in Section XVI.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties who played an extensive and integral role in the Debtors' Chapter 11 Cases; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; (e) a necessary element to the Plan; (f)

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

negotiated in good faith and critical to reaching consensus to support the Plan; and (g) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release. The Released Parties: (a) made substantial and valuable contributions to the Debtors' Chapter 11 Cases and the Estates, including through extensive negotiations with various stakeholders, and ensured the operation of the Debtors' business during the Chapter 11 Cases and (b) invested significant time and effort in the preparation of the Plan, all supporting analyses, and the numerous other pleadings filed in the Chapter 11 Cases, thereby ensuring the smooth administration of the Chapter 11 Cases. Each of the Released Parties made significant concessions in and contributions to these Chapter 11 Cases. The Released Parties share an identity of interest with the Debtors, supported the Plan and these Chapter 11 Cases, actively participated in meetings, hearings, and negotiations during these Chapter 11 Cases, and have provided other valuable consideration to the Debtors to facilitate the Debtors' liquidation pursuant to the Plan. The scope of the Debtor/Estate Release is appropriately tailored to the facts and circumstances of the Chapter 11 Cases. The Debtor/Estate Release is appropriate in light of, among other things, the value provided by the Released Parties to the Debtors' Estates and the critical importance of the Debtor/Estate Release to the Plan.

QQ.     Preservation of Rights of Action. Section XVI.G of the Plan appropriately provides that the Debtors or Liquidating Trustee will retain, and may enforce, all rights to commence and pursue, as appropriate, any and all Causes of Action except for the TBK/Triumph Retained Causes of Action and Causes of Action that have been expressly waived, settled, or otherwise released as provided under the Plan and the Settlement Order (including, without limitation, the Debtor/Estate Release), whether arising before or after the Petition Date, including

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

any actions specifically enumerated in the Plan Supplement, in accordance with section 1123(b)(3)(B) of the Bankruptcy Code. The provisions regarding the preservation of Causes of Action in the Plan are appropriate, fair, equitable, and reasonable, and are in the best interests of the Debtors, the Estates, and Holders of Claims and Interests.

RR.      Satisfaction of Confirmation Requirements. Based upon the foregoing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.      Confirmation. The Plan, attached hereto as **Exhibit A**, is **APPROVED** in its entirety and confirmed under section 1129 of the Bankruptcy Code. The Plan is **CONFIRMED** in its entirety pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan, the Plan Supplement and each of the documents comprising the Plan Supplement, any amendments, modifications, or supplements thereto, and all documents and agreements thereto are incorporated by reference into and are an integral part of the Plan, and such terms and their implementation are hereby approved and authorized. The Debtors and/or the Liquidating Trust (as applicable) are authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, and other agreements or documents created in connection with the Plan.

2.      Final Approval of Disclosure Statement. The Disclosure Statement is hereby **APPROVED**, on a final basis, pursuant to section 1125 of the Bankruptcy Code.

3.      Objections. To the extent that any objections have not been withdrawn or resolved prior to the entry of this Confirmation Order, all objections are overruled in all respects for the

25

reasons set forth in the record of the Combined Hearing, which record is incorporated herein, and all withdrawn informal comments, if any, are deemed withdrawn with prejudice.

4.      <u>Omission of Reference to Particular Plan Provisions</u>. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

5.      <u>Implementation</u>. The Debtors, the Liquidating Trustee, and the Residual Real Property Agent are authorized to take all actions necessary, appropriate, or desirable to enter into, implement, and consummate the contracts, instruments, releases, leases, agreements, or other documents created or executed in connection with the Plan. Without further order or authorization of this Court, the Debtors, the Liquidating Trustee, and their successors are authorized and empowered to make all modifications to all Plan documents that are consistent with the Plan. Execution versions of the Plan and all related documents, where applicable, shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.  By this Confirmation Order, the Liquidating Trust shall be designated by the insurer as the 'First Named Insured.'

6.      <u>Classifications</u>. The classification of Claims for purposes of distributions made under the Plan shall be governed solely by the terms of the Plan and the Solicitation Procedures Order.

7.      <u>Effective Date</u>. The Effective Date of the Plan shall occur on the date determined by the Debtors when the conditions set forth in Section XVII.B of the Plan have been satisfied or, if applicable, waived in accordance with the Plan.

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

8.      No Discharge. Notwithstanding any other provision of the Plan or this Confirmation Order, the Debtors shall not receive a discharge pursuant to 11 U.S.C. § 1141(d)(3) of the Bankruptcy Code.

9.      Resolution of Claims. As discussed in detail in the Disclosure Statement and Plan, and as otherwise provided herein, in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise of all Claims and controversies resolved pursuant to the Plan. Subject to Section XI of the Plan, all distributions made to Holders of Allowed Claims in any Class are intended to be and shall be final.

10.      Post-Confirmation Governance. On and after the Effective Date, the Liquidating Trustee shall serve in such capacity through the earlier of the date the Liquidating Trust is dissolved in accordance with the Plan or the Liquidating Trust Agreement and the date the Liquidating Trustee resigns, is terminated or otherwise unable to serve; *provided, however*, that, any successor Liquidating Trustee shall serve in such capacity after the effective date of such person's appointment as the successor Liquidating Trustee.  On or after the Effective Date, the Residual Real Property Agent shall serve in such capacity through the earlier of  (i)  the date on which all parcels of Residual Real Property are sold, transferred or otherwise disposed of in accordance with the Plan; (ii) the date on which the Liquidating Trust is dissolved in accordance with the Plan or the Liquidating Trust Agreement and (iii) the date on which the Residual Real Property Agent resigns or is unable to serve; provided, however, that any successor Residual Real Property Agent shall serve in such capacity after the effective date of such person's appointment as the successor Residual Real Property Agent.

11.    <u>Causes of Action</u>. Unless any Causes of Action are expressly waived, relinquished, released, compromised, or settled in the Plan or any final order entered by this Court including, without limitation, the Settlement Order and this Confirmation Order (collectively, a "<u>Final Order</u>"), the Debtors and the Liquidating Trust expressly reserve all such Causes of Action (other than the TBK/Triumph Retained Causes of Action) for later adjudication. The reservation shall include, without limitation, a reservation by the Debtors and the Liquidating Trust of any Causes of Action not specifically identified in the Plan, Disclosure Statement, or Plan Supplement or of which the Debtors may presently be unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise), or laches will apply to such Causes of Action upon or after the Confirmation of the Plan based on the Disclosure Statement, the Plan or this Confirmation Order, except where such claims and/or defenses have been expressly waived, relinquished, released, compromised, or settled in the Plan or by Final Order. Following the Effective Date, the Liquidating Trustee may assert, compromise or dispose of the Causes of Action without further notice to Creditors or Interest Holders or authorization of the Bankruptcy Court, except as otherwise expressly provided herein or in the Liquidating Trust Agreement in relation to the Liquidating Trust.

12.    <u>Liquidating Trust and Liquidating Trustee</u>.   The Court hereby authorizes and approves (i) the establishment of the Liquidating Trust in accordance with the Plan and the

Liquidating Trust Agreement and (ii) the appointment of Alan Halperin as the initial Liquidating Trustee, in each as of the Effective Date. The Court further authorizes and approves the Liquidating Trust Agreement and all transactions contemplated thereby or the Plan to be undertaken by the Liquidating Trust or Liquidating Trustee. Without limitation of the generality of the foregoing, the Liquidating Trustee is hereby authorized, without further approval of this Court or any other party and in accordance with the Plan, to execute the Liquidating Trust Agreement and deliver, file, and/or record any contracts, agreements, instruments, or other documents, including relating to the Liquidating Trust Agreement, contemplated by the Plan or the Liquidating Trust Agreement (or necessary or desirable to effectuate the transactions contemplated thereby) and to take all other steps necessary to establish the Liquidating Trust and to perform his obligations pursuant to the Liquidating Trust Agreement and consistent with the Plan. Once executed, the Liquidating Trust Agreement shall constitute legal, valid, and binding obligations of the parties thereto and shall be enforceable according to its terms.

13.     <u>Liquidating Trust Assets</u>.  On the Effective Date, other than as set forth in the Plan or this <u>Confirmation</u> Order and subject to applicable law, the Debtors are authorized and directed to, and shall be deemed to have irrevocably transferred, granted, assigned, conveyed, and delivered to the Liquidating Trust, all of the Debtors' and their Estates' right, title, and interest in and to all of the Liquidating Trust Assets free and clear of any and all Liens, Claims, encumbrances, and interests (legal, beneficial, or otherwise) of all other Persons and entities. The Debtors and the Liquidating Trustee, and any party under the control of such parties are hereby authorized to execute any documents or other instruments and to take all other steps as necessary to cause title to the Liquidating Trust Assets to be transferred to the Liquidating Trust.

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

The Liquidating Trust shall be permitted to use the Liquidating Trust Assets for the operation of the Liquidating Trust and the monetization of the Liquidating Trust Assets for the payment of or distribution on account of all Allowed Claims in accordance with the terms of the Plan, the Liquidating Trust Agreement and/or or this Confirmation Order. To enable the Liquidating Trustee to fulfill his responsibilities under the Liquidating Trust, the Liquidating Trustee shall timely pay all Liquidating Trust Expenses, including property insurance, professionals and the Liquidating Trustee's own compensation, from the Liquidating Trust Assets and proceeds therefrom regardless of whether any or all administrative, priority or other claims have been paid or are otherwise outstanding.   On and after the Effective Date, the Liquidating Trustee shall carry out the Liquidating Trust functions on behalf of the Liquidating Trust as required by the Liquidating Trust Agreement and the Plan.  For the avoidance of doubt, the Liquidating Trust Assets do not include Triumph/TBK Collateral[6].

14.    Liquidating Trust. On the Effective Date, the Liquidating Trust shall become effective, in order to carry out the functions set forth in the Liquidating Trust Agreement. The Liquidating Trust shall be administered and controlled by the Liquidating Trustee as set forth in the Plan and the Liquidating Trust Agreement and as also enumerated in Section XIV.E. of the Plan. After the Effective Date, the Liquidating Trust Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court provided that any such amendment, modification or supplement does not contravene the provisions of the Plan or

---

[6]    Capitalized terms not otherwise defined herein, shall have the meanings ascribed to them in the Plan.

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

Liquidating Trust Agreement or alter the status of the Liquidating Trust as a liquidating trust under the Internal Revenue Code.

15.     <u>Liquidating Trust Advisory Committee</u>. On or after the Effective Date, the Liquidating Trust Advisory Committee shall be formed and shall have the powers set forth in the Liquidating Trust Agreement and the Plan.

16.     <u>Residual Real Property Agent</u>.  The appointment of Alan Halperin as Residual Real Property Agent pursuant to Section XIV.J of the Plan is hereby approved.  The powers, authority, responsibilities and duties of the Residual Real Property Agent are set forth in and shall be governed by the Plan.   Pursuant to Section XIV.J, of the Plan, the Residual Real Property Agent is hereby authorized to (i) take all other steps necessary or desirable to perform his obligations as the Residual Real Property Agent in accordance with the Plan; and (ii) effect all actions and execute all agreements, instruments and other documents (including, but not limited to, deeds and other instruments of conveyance) in respect to the Residual Real Properties on behalf of the Debtors or their Estates, which he, in his sole discretion, deems necessary or desirable in conjunction with marketing, selling or otherwise disposing of any and all of the Residual Real Properties in accordance with the Plan, in each case, without further order of this Court, the approval of any other person or entity, or the requirement that he deliver a legal opinion as to his power and authority to execute such instruments and documents or take such steps.  Pursuant to the Plan, the corporate legal existence of the Debtors shall continue, and the Debtors shall not be dissolved under applicable state law prior to the earlier to occur of (i) the Residual Real Property Agent's sale or other disposition of all of the Residual Real Property or

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

(ii) the Residual Real Property Agent's or Liquidating Trustee's written consent to such dissolution.

17.     <u>Sources of Consideration for Plan Distributions</u>. The distributions to be made under the Plan and the money to pay Liquidating Trust Expenses shall be funded, as applicable, by Available Cash, other Liquidating Trust Assets and the proceeds thereof.

18.     <u>Effectuating Documents; Further Transactions</u>. On and after the Effective Date, the Liquidating Trustee and the Residual Real Property Agent are each authorized to and may issue, execute, deliver, file, or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan in the name of and on behalf of the Debtors and Liquidating Trust, as applicable, without the need for any approvals, authorization, or consents except for those expressly required pursuant to the Plan and the Liquidating Trust Agreement.

19.     <u>Rejection of Executory Contracts and Unexpired Leases</u>. Except with respect to: (i) executory contracts or unexpired leases that were previously assumed or rejected by order of the Bankruptcy Court, <u>(ii) unexpired leases that were previously the subject of a stipulation filed with the Court;</u> and (~~ii~~iii) executory contracts or unexpired leases that are the subject of a pending motion to assume or reject pursuant to Section 365 of the Bankruptcy Code, on the Effective Date, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to Section 365 of the Bankruptcy Code; *provided however,* that nothing herein or in the Plan shall cause the rejection, breach, or termination of any contract of

insurance benefiting the Debtors and the Estates, the Debtors' officers, managers and directors, and/or the Liquidating Trust.  Notwithstanding anything in the Plan, including section XIII.A thereof, that certain *Standard Industrial Single Tenant Lease – Net*, dated as of December 14, 2020, with respect to that certain real property located at 10156 Live Oak Avenue, Fontana, California 92335, shall be rejected as of April 30, 2025, and the Debtors and their secured lenders may access such premises and any property located thereat through and including April 30, 2025.

20.    <u>Claims Based on Rejection of Executory Contracts or Unexpired Leases</u>. All proofs of claim with respect to Claims arising from the rejection of executory contracts or unexpired leases pursuant to Confirmation of the Plan, if any, must be filed with the Claims Agent **within thirty (30) days after the earlier of the Effective Date or an order of the Bankruptcy Court approving such rejection**. Any Claim arising from the rejection of an executory contract or unexpired lease pursuant to Confirmation of the Plan that is not filed within such times will be subject to objection. All such Claims for which Proofs of Claim are timely and properly filed and ultimately Allowed will be treated as Unsecured Claims.

21.    <u>Insurance Policies</u>. Confirmation of the Plan shall not discharge, impair or otherwise modify any obligations of the Insurance Policies. To the extent one or more of the Insurance Policies provide potential coverage related to one or more Causes of Action (other than the TBK/Triumph Retained Causes of Action) the Debtors hold or may hold against any Entity, the Debtors shall, to the extent permissible under each Insurance Policy, assign all rights to collect insurance proceeds thereunder with respect to such Causes of Action to the Liquidating Trustee as covered by any Insurance Policy. All net proceeds of Insurance Policies received by

4920-9585-1313.5 47520.00002
4920-9585-1313.6 47520.00002

the Liquidating Trustee shall be treated as proceeds of such Causes of Action for all purposes under the Plan.

22.     <u>Reservation of Rights</u>. Nothing contained in the Plan shall constitute an admission by the Debtors that any executory contract or unexpired lease is in fact an executory contract or unexpired lease or that the Debtors or Liquidating Trust has any liability thereunder.

23.     <u>Distributions Under the Plan</u>. On and after the Effective Date, the Distributions on account of Allowed Claims pursuant to Section XI of the Plan and the resolution and treatment of Disputed Claims pursuant to Section XII of the Plan are authorized to occur and, without limitation on the other provisions of the Plan and this <u>Confirmation</u> Order concerning the powers, duties, and authority of the Debtors and Liquidating Trustee, and the Debtors and Liquidating Trustee shall be authorized to effectuate such Distributions, resolution, and treatment required by the Plan and Liquidating Trust Agreement.

24.     <u>Exculpation</u>. The exculpation provision contained in Section XVI.A of the Plan is approved and incorporated herein in all respects.

25.     <u>Plan Releases</u>. The releases contained in section XVI.B of the Plan are approved and incorporated herein in all respects.

26.     <u>Injunction.</u> The injunction contained in Section XVI.C of the Plan is approved and incorporated herein in all respects.

27.     <u>Section 1146(a) Exemption</u>. Pursuant to Section 1146 of the Bankruptcy Code, the issuance, transfer, or exchange of any security under the Plan, or the execution, delivery, or recording of an  instrument of transfer pursuant to, in implementation of, or as contemplated by the Plan, including, without limitation, any transfers to or by the Debtors, if on the Effective

Date, and the Liquidating Trustee or the Residual Real Property Agent, if after the Effective Date, of the Debtors' property in implementation of or as contemplated by the Plan (including, without limitation, any subsequent transfer of property by the Liquidating Trust or the Residual Real Property Agent) shall not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee. Consistent with the foregoing, each taxing authority, recorder of deeds or similar official for any county, city or Governmental Unit or parish in which any instrument hereunder or related to the Plan or any transactions contemplated thereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument, without requiring the payment of any documentary stamp tax, deed stamps, stamp tax, transfer tax, intangible tax, or similar tax.  For the avoidance of doubt, pursuant to Section 1146(a) of the Bankruptcy Code, no stamp or other similar tax may be imposed on any transfer of a Residual Real Property in accordance with the Plan, whether occurring on or after the Effective Date.

28.     <u>Release of Liens</u>. Except as otherwise provided herein or in the Plan<u>, the Settlement Order</u>, the Liquidating Trust Agreement, and/or relevant documents, agreements, and instruments contained in the Plan Supplement, <u>except as to TBK and Triumph,</u> on the Effective Date and concurrently with the applicable Distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges or other security interests against any property of the Estates shall be fully released, without any further action of any party, including, but not limited to, further order of the Bankruptcy Court or filing updated schedules or statements typically filed pursuant to the Uniform Commercial Code, and all of the right, title

and interest of any holder of such mortgages, deeds of trust, Liens, pledges or other security interests shall revert to the Debtors and their successors and assigns. Following the Effective Date, the Liquidating Trustee may transfer and dispose of any such property, free of any restrictions imposed by the Bankruptcy Code or the Bankruptcy Rules and without further approval of the Bankruptcy Court or notice to Creditors, except as may otherwise be required under the Plan or herein.

29.    <u>Administrative Expense Bar Date Provisions</u>. Unless otherwise provided in the Bankruptcy Code or previously filed or as otherwise governed by a bar date order or in another order of the Court, requests for payment of Administrative Claims arising on or after the Petition Date, through and including the Effective Date, must be filed with the Court and served on counsel for the Debtors, the Liquidating Trustee, and U.S. Trustee **on or before thirty (30) days after the Effective Date** (the "<u>Administrative Expense Bar Date</u>"). Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Administrative Expense Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, the Estates, the Liquidating Trust, or their respective property.

30.    <u>Cancellation of Notes, Instruments, Certificates, and Other Documents</u>. On the Effective Date, except <u>to TBK and Triumph and</u> as otherwise provided herein or in the Plan <u>or the Settlement Order</u>, all notes, instruments, certificates, and other instruments or documents, directly or indirectly, evidencing any Claim or Interest shall be deemed cancelled and the obligations of the Debtors, or the Liquidating Trust shall be limited to those distributions proposed under the Plan, if any, with respect to such Claim or Interest.

36

31.     <u>Professional Fee Claims</u>. Any Professional or other Entity asserting a Professional Fee Claim (other than OCPs) must file and serve on respective counsel for the Post-Effective-Date Debtors and the Liquidating Trustee, and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court an application for final allowance of such Claim **no later than forty-five (45) days after the Effective Date.** All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.

32.     <u>Notices of Confirmation and Effective Date</u>. The Debtors shall serve a combined notice of entry of this Confirmation Order and notice of the Effective Date in accordance with Bankruptcy Rules 2002 and 3020(c) on all creditors, equity holders, and parties having requested notice in the Chapter 11 Cases. Notwithstanding the above, no notice of Confirmation or Effective Date or service of any kind shall be required to be mailed or made upon any party to whom the Debtors mailed notice of the Combined Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. The above-referenced notices are adequate under the particular circumstances of the Chapter 11 Cases and no other or further notice is necessary.

33.     <u>Payment of Statutory Fees</u>. On the Effective Date, and thereafter as may be and if and to the extent required, Liquidating Trust, shall pay all fees payable pursuant to section 1930 of chapter 123 of title 28 of the United States Code. On the Effective Date, consistent with

Section XIX.A of the Plan, all of the Debtors' cases other than Debtor Kal Aviation LLC (24-90615 (CML)) shall be automatically deemed closed.

34.      Successors and Assigns. The rights, duties and obligations of any Person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Person.

35.      Plan Supplement. The documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, and all documents and agreements introduced into evidence by the Debtors at the Combined Hearing (including all exhibits and attachments thereto and documents referred to therein), and the execution, delivery, and performance thereof by the Liquidating Trust, are authorized and approved when they are finalized, executed, and delivered. Without further order or authorization of this Court, the Debtors, the Liquidating Trustee, and their respective successors are authorized and empowered to make all modifications to all documents included as part of the Plan Supplement that are consistent with the Plan.

36.      Binding Effect of the Plan. The Plan shall bind the Debtors, the Liquidating Trust, the Liquidating Trustee, any Entity acquiring property under the Plan, any Beneficiaries, and any Creditor or Interest Holder, whether or not such Creditor or Interest Holder has filed a Proof of Claim or Interest in the Chapter 11 Cases, whether or not the Claim of such Creditor or the Interest of such Interest Holder is Impaired under the Plan, and whether or not such Creditor or Interest Holder has accepted or rejected the Plan. All Claims and Debts shall be fixed and adjusted pursuant to the Plan. The Plan shall also bind any taxing authority, recorder of deeds, or similar official for any county, state, or Governmental Unit or parish in which any instrument

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

related to under the Plan or related to any transaction contemplated under the Plan is to be recorded with respect to any taxes of the kind specified in Bankruptcy Code Section 1146(a).

37.    <u>Binding Effect of Prior Orders and Agreements</u>. Pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by the Debtors as authorized and directed thereunder, and all motions or requests for relief by the Debtors pending before the Court as of the Effective Date shall be binding upon and shall inure to the benefit of the Debtors, the affected creditors, the Liquidating Trust, and the Liquidating Trustee.  The failure to specifically reference any particular provision set forth in the Plan or Liquidating Trust Agreement in this Confirmation Order shall not diminish or impair the efficacy of such provision, it being the intent of the Court that the Liquidating Trust Agreement, and the Plan and each and every provision, term and condition thereof be authorized and approved in their entirety.

38.    <u>Governmental Approvals Not Required</u>. Except as otherwise specifically provided herein, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

39.    <u>Effectiveness of All Actions</u>. All actions authorized to be taken pursuant to the Plan shall be effective on, prior to or after the Effective Date pursuant to this Confirmation

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

Order, without further application to, or order of the Bankruptcy Court, or further action by the respective officers, directors, members, managers, or the Liquidating Trust and with the effect that such actions had been taken by unanimous action of such officers, directors, members, managers, or employees.

40.     <u>Plan and Confirmation Order Mutually Dependent</u>. This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the Debtors' consent; and (c) nonseverable and mutually dependent.

41.     <u>Reversal</u>. If any of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by a subsequent order of the Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to receipt of written notice of such order by the Debtors. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligations incurred undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan, all documents relating to the Plan, and any amendments or modifications to any of the foregoing.

42.     <u>No Stay</u>. Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall not be stayed and shall be immediately effective and enforceable and deemed binding upon the Debtors, the Liquidating Trust, and any and all Holders of Claims and Interests, all entities that are parties to or subject to the settlements, compromises, releases, and injunctions described in the Plan or in

this Confirmation Order, all state or local governments and governmental officials subject to the provisions of section 1146(a) of the Bankruptcy Code, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors.

43.    Confirmation Order Supersedes. This Confirmation Order shall supersede any Bankruptcy Court orders issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order, except with regard to the Settlement Order.

44.    Substantial Consummation. On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

45.    Recording. The Debtors, the Residual Real Property Agent, and the Liquidating Trustee hereby are authorized to deliver a notice or short form of this Confirmation Order, with the Plan attached, to any state or local recording officer, and such officer must accept for filing such documents or instruments without charging any stamp tax, recording tax, personal property transfer tax, mortgage, or other similar tax. Such notice (a) shall have the effect of an order of this Court, (b) shall constitute sufficient notice of the entry of this Confirmation Order to such filing and recording officers, and (c) shall be a reasonable instrument notwithstanding any contrary provision of non-bankruptcy law. This Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise.

46.    Amendment of Proof of Claims. Notwithstanding anything herein, in the Plan, or the Bar Date Order to the contrary, Holders of Allowed Class 2 Other Secured Claims may amend any properly filed proofs of claim as may be necessary to assert a deficiency claim in Class 3 Unsecured Claims.

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

47.     <u>Plan and Confirmation Order Govern</u>. Without intending to modify any prior order of this Court (or any agreement, instrument, or document addressed by any prior order), in the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (except for the Settlement Order or unless otherwise expressly provided for in such agreement, instrument, or document); *provided, further,* that, for the avoidance of doubt, in the event of any inconsistency between the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall govern.

48.     <u>Stipulation Resolving Claims of JPMorgan Chase Bank</u>.   Notwithstanding anything set forth in the Plan to the contrary, the treatment of the Claims of JPMorgan Chase Bank, N.A. ("JPMC") shall be controlled in all respects by the *Stipulation and Agreed Order for Plan Treatment of JPMorgan Chase Bank, N.A.* [Dkt. No. 937] filed on April 7, 2025, as approved by the Court on April 8, 2025 [Dkt. No. 950] (the "JPMC Stipulation"), by and among JPMC, the Debtors, and the Committee, and the terms of which are incorporated herein by reference as if fully set forth in this Confirmation Order.  For the avoidance of doubt, to the extent of any inconsistency between the Plan, this Confirmation Order, and the JPMC Stipulation, the JPMC Stipulation shall control. Notwithstanding anything in this Confirmation Order to the contrary, the Loan Documents (as defined in the JPMC Stipulation) shall remain in full force and effect following the Effective Date.

49.     <u>Resolution of Objection of Theresa Grote (as Administrator to the Estate of Karen E. Bucklew, Kelley Jo Speicher (as Administrator to the Estate of Tommy Yaqub) and Jarvis Reynard Edwards</u>.   Nothing in the Plan or, this Confirmation Order (including, without

limitation, the injunction set forth in Section XVI.C of the Plan (the "Plan Injunction")), or section 362 of the Bankruptcy Code shall enjoin the ability of Theresa Grote (as Administrator of the Estate of Karen E. Bucklew), Kelley Jo Speicher (as Administrator of the Estate of Tommy Yaqub), or Jarvis Reynard Edwards, whose Objections to the Plan are filed at Docket Nos. 899-901, respectively, inupon the pursuit ofEffective Date, to pursue his or her personal injury claims, wrongful death claims, and/or workers' compensation claims, claims against the Debtors *in name only* and/or any non-Debtors (unless otherwise provided for in the Plan or this Confirmation Order), or direct or indirect action claims against any insurance carrier (inclusive of its agents or administrators, an "Insurer"), to final judgment or settlement, including any appeal, solely for the purpose of collecting any final judgment or settlement awarded therein from non-Debtor third parties or from Debtors' applicable insurance coverage, if any, and allowing said Insurer to administer any applicable insurance policy, including any defense or settlement thereunder; provided, however, that: (1) no Distributions shall be made from the Liquidating Trust on account of any Claim except in accordance with the terms of the Plan and any Claims sought to be enforced against (or for which payment is sought from) the Debtors or the Liquidating Trust remain subject to the Plan's terms for the administration and reconciliation of Claims; (2) the Debtors, the Liquidating Trustee, and each of their respective employees, officers, directors, representatives, professionals, and agents, are not required and shall have no obligation to participate in obtaining such judgment or settlement or to cooperate with such claimants in the pursuit of any such judgment or settlement, except as otherwise required by applicable law or court order; (32) to the extent any final judgment or settlement awarded against the Debtors is not satisfied by an Insurer or other non-Debtor, or to the extent the Liquidating

43

Trustee approves a settlement against the Debtors that is not satisfied by an Insurer or other non-Debtor, such claimant may pursue collection against Debtors as a Class 3 Unsecured Claim (subject to prior compliance with any Bar Date or Court order deeming the claims timely filed and all applicable provisions of the Bankruptcy Code and Bankruptcy Rules); and (43) the Liquidating Trust shall not be liable for any insurance deductibles, premiums, or other costs resulting from or in connection with such claimants' pursuit of recoveries from the Insurers or other non-Debtors under this paragraph, except that, for the avoidance of doubt, any Allowed Claims for such amounts shall be treated as Class 3 Unsecured Claims in accordance with the terms of the Plan. The Debtors and the Liquidating Trustee reserve all rights and defenses with respect to their counterclaims as available under applicable law.

50. **The Chubb Companies.** Notwithstanding anything to the contrary in the Plan Documents (including, without limitation, Section XIII.C of the Plan and any corresponding section of the Confirmation Order), the Plan Supplement, the Confirmation Order, the Bar Date Order, any bar date notice, any claim objection, Sale Order, Settlement Order, and any other document related to any of the foregoing or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening, grants an injunction, discharge or release, confers Bankruptcy Court jurisdiction, or requires a party to opt out of any releases):

- 50. Resolution of ACE American Insurance Company. For the avoidance of doubt, on and after the Effective Date, all insurance policies issued by ACE American Insurance Company, Illinois Union Insurance Company, Federal Insurance Company, and/or any of their respective U.S.-based affiliates and the predecessors of each of the foregoing (collectively, and together with ESIS, Inc., and solely in their capacities as insurers and/or third-party administrators, as applicable, the "Chubb Companies"), shall be permitted to or that provide coverage to any of the Debtors (or any of their predecessors) at any time and for all lines of coverage, all extensions and/or renewals thereof, and all agreements, documents or instruments related thereto (each as amended, modified or supplemented

44

and including any exhibit or addenda thereto, collectively, the "Chubb Insurance Program") shall vest, unaltered and in their entireties, in the Liquidating Trust, and shall continue in full force and effect thereafter in accordance with their respective terms, except that the Liquidating Trust shall become and remain liable in full for all of its and the Debtors' obligations under the Chubb Insurance Program, regardless of whether such obligations arise before, on, or after the Effective Date, without the need or requirement for the Chubb Companies to file or serve any objection to a notice of proposed Cure amount (or lack of such notice) or file or serve a request, motion, or application for payment of such obligations, or Proof of Claim, Cure amount, or Administrative Claim; *provided, however,* that all monetary obligations under the Chubb Insurance Program shall be satisfied solely pursuant to the provisions of subsection (c) hereof and the non-monetary obligations, if any, under the Chubb Insurance Program transferred to the Liquidating Trust shall be satisfied by the Liquidating Trust using commercially reasonable efforts to comply with such obligations; *provided* that such compliance shall not cause the Liquidating Trust to incur more than minimal expenses, unless a further agreement is reached with the Chubb Companies regarding the payment of such expenses;

- except as provided in this paragraph 50, nothing shall alter, amend or otherwise modify the Chubb Insurance Program, including, but not limited to the Chubb Companies' interest in the collateral or security held by Chubb under the Chubb Insurance Program (the "Chubb Collateral") pursuant to the terms of the Chubb Insurance Program, *provided, further, however,* that the Chubb Companies shall not be subject to an Avoidance Action;

- nothing alters or modifies the duty, if any, that the Chubb Companies have to pay claims covered by the Chubb Insurance Program or the Chubb Companies' right to seek payment or reimbursement from the Debtors (or after the Effective Date, the Liquidating Trust) therefor, *provided that* such payment or reimbursement shall first be through setting off, using or otherwise applying (in full dollars) the Chubb Collateral to such amounts in accordance with the terms and conditions of the Chubb Insurance Program and applicable non-bankruptcy law, *provided, further,* that to the extent that the Chubb Companies believe they have a Claim against the Debtors that becomes liquidated, due and owing (regardless of whether such Claim arises before or after the Effective Date and notwithstanding any release provisions in the Plan or Confirmation Order) under the Chubb Insurance Program that is not satisfied by the Chubb Collateral, the Chubb Companies may tender such claim to the Liquidating Trust to be treated and paid solely as a Class 3 Unsecured Claim, subject to the terms of the Plan and Confirmation Order, *provided, further,* the Liquidating Trust shall provide the Chubb Companies' counsel of record in the Chapter 11 Cases 21-calendar-days' notice of its intention to make final distributions to the Beneficiaries of the Liquidating Trust and/or close the Chapter 11 Cases and the Chubb Companies shall advise counsel to the Liquidating Trust within fourteen (14) days of receiving such notice of any amounts the Chubb Companies assert are liquidated and due and owing by the Debtors pursuant to the Chubb Insurance Program and the Liquidating Trust and the Chubb Companies shall work in good faith to

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

resolve such Claim; *provided, further, however*, nothing herein shall require the Liquidating Trust to establish any reserve on account of any Claims that may be asserted by the Chubb Companies pursuant to the Chubb Insurance Program and the Chubb Companies understand, acknowledge and agree that (i) the Liquidation Trust Assets may be insufficient to satisfy, in accordance with the Plan, any Class 3 Unsecured Claims asserted by the Chubb Companies and (ii) the Chubb Companies are not entitled to distributions from the Liquidating Trust on account of any Claims that remain contingent or unliquidated as of the date the Liquidating Trustee determines, in his or her sole discretion, that final distributions will be from the Liquidating Trust; *provided, further*, for the avoidance of doubt, the Bankruptcy Court retains jurisdiction to hear and determine any dispute regarding the amount of any proposed distribution to the Chubb Companies by the Liquidating Trust;

- nothing shall permit or otherwise effectuate a sale, assignment or other transfer of the Chubb Insurance Program, any portion thereof, and/or any rights, benefits, claims, proceeds, rights to payment, or recoveries under and/or relating to the Chubb Insurance Program without the prior express written consent of the Chubb Companies or approval by an order of the Bankruptcy Court after notice and a hearing, provided further, the Chubb Companies' rights with regard to any such request are specifically preserved and reserved;

- the automatic stay of section 362(a) of the Bankruptcy Code and the injunctions set forth in Section XVI of the Plan, if and to the extent applicable, shall be deemed lifted without further order of this Bankruptcy Court, solely to permit: (1) claimants with valid workers' compensation claims, claims against non-Debtors who may be entitled to coverage under the Chubb Insurance Program with respect to such claims, or direct action claims against the Chubb Companies under applicable non-bankruptcy law to proceed with their claims; (2) the Chubb Companies to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Bankruptcy Court, (A) workers' compensation claims, (B) claims where a claimant asserts a direct claim against any of the Chubb Companies under applicable non-bankruptcy law, or an order has been entered by this Bankruptcy Court granting a claimant relief from the automatic stay and/or the injunctions set forth in Article XVI of the Plan to proceed with its claim, (C) claims against non-Debtors who may be entitled to coverage under the Chubb Insurance Program with respect to such claims, and (D) all costs in relation to each of the foregoing; (3) the Chubb Companies to draw on or against, use or apply any or all of the collateral or security provided by or on behalf of the insureds including the Debtors (and the Liquidating Trust, as applicable) at any time and to hold the proceeds thereof as security for the obligations of the insureds including the Debtors ~~or their Estates, solely to the extent permitted by~~(and the Liquidating Trust, as applicable ~~law,~~) and/or apply such proceeds to the obligations of the Debtors ~~or their Estates under~~(and the Liquidating Trust, as applicable ~~insurance policies; *provided that*, (i) nothing herein expands any rights of the Chubb Companies, (ii) the Chubb Companies' ability to assert the rights in this paragraph are solely to the extent of their Allowed Claims against the Debtors or the Estates and their valid and enforceable~~) under the Chubb Insurance Program only as and

to the extent permitted under the Chubb Insurance Program; (4) the Chubb Companies to cancel,  any insurance policies under the terms of the Chubb Insurance Program, except as such terms and conditions have been modified by this paragraph 50, and take other actions relating to the Chubb Insurance Program (including effectuating a setoff and/or asserting any recoupment or subrogation rights ~~as of the Petition Date,~~or claims); and (~~iii~~5) to allow the Chubb Companies~~' ability~~ to ~~assert the rights in this paragraph are subject to~~return any unearned premiums, if any, that may be due to a premium finance company under the terms and conditions of the relevant premium financing agreement(s), the Chubb Insurance Program, and applicable non-bankruptcy law~~, and (iv) any collateral or security of the Chubb Companies in excess of their Allowed Claims, if any, shall be a Liquidating Trust Asset and shall be immediately turned over to the Liquidating Trustee and/or regulation; and~~

- for the avoidance of doubt, nothing contained herein alters, modifies, or limits any of TBK Bank SSB's, rights, claims, defenses, offsets, or recoupments, if any, related to the Chubb Insurance Program.

51.    Resolution of Objection of Texas Taxing Authorities.  Notwithstanding anything to the contrary in the Plan, any Plan Supplement or this Order, at closing of the sale of personal property located in Tarrant County (the "Tarrant Property") (such sale receiving prior court approval at docket number 857), the Debtors ~~or Liquidating Trustee, whichever is applicable,~~ shall pay ~~all outstanding 2024 ad valorem taxes owed to the Texas Taxing Authorities[6] (the "Tax Claims") on or before the Effective Date or any liens with respect to such Tax Claims shall continue in effect in accordance with this paragraph, notwithstanding anything else~~the Tarrant County claim, in the ~~Plan and or this Confirmation Order to the contrary.  The Tax Claims shall accrue post-petition interest at the statutory rate pursuant to applicable nonbankruptcy law until such time as the Tax Claims are paid.  The Texas Taxing Authorities~~amount of $43,838.50, in full.  Tarrant County's 2024 ~~and 2025~~ tax liens shall remain attached to the ~~Debtors' property located within the Texas Taxing Authorities' jurisdictions~~Tarrant Property, including any sale

---

[6]   ~~The Texas Taxing Authorities: Harris County Emergency Services District #9, Tarrant County, Lone Star College System, Cypress Fairbanks Independent School District, Harris County Municipal Utility District #391, Galena Park Independent School District, and the City of Houston.~~

~~4920-9585-1313.5 47520.00002~~

4920-9585-1313.6 47520.00002

proceeds of such property, until the 2024 ~~and 2025~~ taxes are fully paid. ~~In the event the Liquidating Trustee sells, conveys, or transfers any property which is the collateral of the Texas Taxing Authorities, the Liquidating Trustee shall remit such sales proceeds first to the Texas Taxing Authorities to be applied to the Texas Taxing Authorities' tax debt incident to any such property sold, conveyed or transferred and such proceeds shall be disbursed by the closing agent at the time of closing prior to any disbursement of the sale proceeds to any other person or entity. The Liquidating Trustee shall pay all post-petition ad valorem tax liabilities (tax year 2025 and subsequent tax years) owing to Texas Taxing Authorities~~ in the ordinary course of business as ~~such tax debt comes due and prior to said ad valorem taxes becoming delinquent without the need of the Texas Taxing Authorities to file an administrative expense claim and/or request for payment. Property owned by Exeter 23606 WY LLC is not property of the estate, and all rights of the Texas Taxing Authorities are preserved to pursue their state law collection remedies against non-debtor Exeter 23606 WY LLC~~ in accordance with this paragraph.

52.   <u>Resolution of Objection of Department of Justice</u>. Neither the Liquidating Trustee nor the Debtors shall abandon any real property, whether owned or operated without providing the U.S. EPA and the relevant State regulatory agency or agencies  with at least ten (10) business days advance notification and a reasonable opportunity to object and be heard. In the event that the Debtors or the Liquidating Trustee seeks to abandon any real property, the rights of all such Governmental Units to object to such abandonment on any applicable grounds (including, but not limited to, asserting that such abandonment is not being done in compliance with all applicable state and federal laws and regulations, rules and permits governing any environmental concerns or operations at the property) are hereby expressly reserved and not waived as are any

48

claims and defenses which the Liquidating Trustee or the Debtors may have to any such challenge or assertion. All Government Units acknowledge that the Liquidating Trustee is acting solely in a limited administrative role as Liquidating Trustee or as an agent of the Debtors and their estates for the sole purpose of marketing, selling or otherwise disposing of certain of their real properties and not in a personal capacity and shall not have personal liability for any action or omission undertaken or not undertaken in his or her capacity as Liquidating Agent or as an agent of the Debtors for such purpose."

53.     <u>Resolution of Objection of Vanguard</u>.   For the avoidance of any doubt, notwithstanding anything to the contrary in this Confirmation Order or the Plan (including, in each case, any provision that purports to be preemptory) and except as provided in Option A to the Settlement Term Sheet [Docket No. 770], nothing herein or therein shall (a) impact, affect, modify or release the rights, interests, or claims of Vanguard National Trailer Corporation and its affiliates ("<u>Vanguard</u>") and CIMC Reefer Trailer, Inc. ("<u>CRTI</u>") in or to any trailers manufactured by Vanguard or CRTI purportedly purchased by the Debtors (the "<u>Disputed Trailers</u>"), including the trailers identified by Vanguard and CRTI in Adversary Proceeding No. 25-03030 (pending in the Court), (b) impact, affect, modify or release the rights, interests, or claims of any other parties to the Disputed Trailers, and (c) impact, affect, modify or release any pre- or post-petition claims of any kind or nature whatsoever held by Vanguard or CRTI against the Debtors or any affiliates thereof (including the Singhs) arising from any pre- or post-petition transactions occurring between Vanguard and/or CRTI and the Debtors and/or the Singhs.

54.     The Objecting Lenders. Notwithstanding anything to the contrary on the Plan or Trust Agreement, the Liquidation Trustee's responsibilities are limited to the Liquidation Trust

4920-9585-1313.5 47520.00002

4920-9585-1313.6 47520.00002

Assets only.  For the avoidance of doubt, the liquidation trustee has no responsibility for trucks, trailers, or proceeds thereof.

55.    54. Final Order. This Confirmation Order is a final order, and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

56.    55. Retention of Jurisdiction. Notwithstanding the entry of this Confirmation Order of the occurrence of the Effective Date, this Court shall retain jurisdiction over the Chapter 11 Cases and any of the proceedings related to the Chapter 11 Cases pursuant to section 1142 of the Bankruptcy Code and 28 U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law, including, without limitation, such jurisdiction as is necessary to ensure that the purpose and intent of the Plan are carried out and as set forth in Section XVIII of the Plan.

Dated: April ___, 2025

_____
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

4920-9585-1313.5 47520.00002
4920-9585-1313.6 47520.00002